IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| PATRICK JAMES GRIDER, an individual Alabama resident; DANIEL JOSEPH GRIDER, an individual Alabama resident; THE FOURTH QUARTER, an Alabama corporation; THE GRID, INC., an Alabama corporation; and GRIDER, INC., an Alabama corporation,<br><br>Plaintiffs,<br><br>v.<br><br>CITY OF AUBURN, ALABAMA, an Alabama Municipal Corporation; WILLIAM HAM, JR., an individual Alabama resident; JAMES TREY NEAL, III, an individual Alabama resident; JASON CROOK; an individual Alabama resident; CHRISTOPHER CARVER, an individual Alabama resident; SLONE MADDOX, an individual Alabama resident; JASON SPARKS, an individual Alabama resident; ANDREW MEEKS, an individual Alabama resident; THOMAS MASSEY, an individual Alabama resident; WILLIAM JAMES, an individual Alabama resident; DOUGLAS WATSON, an individual Alabama resident and CHARLES M. DUGGAN, JR., an individual Alabama resident,<br><br>Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) CASE NO: 3:07-cv-1031-MHT ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) |

## **MOTION TO DISMISS**

COME NOW the Defendants City of Auburn, Alabama, William Ham, Jr., James Trey Neal, III, Jason Crook, Christopher Carver, Slone Maddox, Andrew Meeks, Thomas Massey, William James, Douglas Watson, Charles M. Duggan, Jr., and the Defendant sued as Jason Sparks and herewith move this Court to dismiss this Complaint and each Count

1

and in support, assign the following grounds, separately and severally:

1.	To dismiss this Complaint and each Count on the grounds that the Complaint and each Count fail to state a cause of action entitling Plaintiffs to relief.

2.	To dismiss Defendant Charles Duggan, Jr. on the grounds Plaintiffs fail to allege even a single act of wrongdoing against him.

3.	To dismiss as a Plaintiff The Grid, Inc. on the grounds it does not allege any wrongdoing.

4.	To dismiss all claims which allegedly occurred on or before November 20, 2005 on the grounds said claims are barred by the statute of limitations. See *Parrish v. City of Opp,* 898 F.Supp. 839 (M.D. Ala. 1995). This would include all claims encompased by paragraphs 22-70 and paragraphs 88 and 89 of the Complaint.

5.	To dismiss the following claims asserted against the City: malicious prosecution, abuse of process, false arrest/false imprisonment (to the extent same are based on alleged wanton and/or intentional conduct), conspiracy, wantonness, deceit, fraudulent suppression, and fraud on the grounds that no such claims can be asserted against a municipality. See §11-47-190, Code of Ala. (1975, as amended); *Altmeyer v. City of Daphne*, 613 So.2d 366 (Ala. 1993); *Franklin v. City of Huntsville,* 670 So.2d 848 (Ala. 1995); *Scott v. City of Mountainbrook*, 602 So.2d 893 (Ala. 1992); *Hilliard v. City of Huntsville*, 585 So.2d 889 (Ala. 1991).

6.	To dismiss Count I (42 U.S.C. §1983) on the grounds Plaintiffs' allegations do not support a claim under either the Fifth or Fourteenth Amendments. See *Graham v. Connor,* 490 U.S. 386 (1989), *Albright v. Oliver*, 510 U.S. 266 (1994); *Hill v. Mull*, 2006 WL 3022280.

7. To dismiss Count II (42 U.S.C. §1985) on the grounds that the Complaint fails to allege a cause of action against these Defendants pursuant to §1985(3) in that it does not allege racial or other class based discrimination. See, *Griffin v. Breckenridge*, 403 U.S. 88 (1971).

8. To dismiss Count V (False Arrest/False Imprisonment) on the grounds as earlier shown any such claims are barred by the statute of limitations. There are no allegations of any arrests/imprisonment against Plaintiff Pat Grider or Dan Grider within two years of the filing of this suit. Plaintiffs have no standing to assert any such claim on behalf of anyone else.

9. To dismiss Count VI (Conspiracy) on the grounds there is no such action against the City. See *Scott v. City of Mountain Brook*, 602 So.2d 893 (Ala. 1992). An employee cannot conspire with his employer. *Williams v. Marcum*, 519 So.2d 472 (Ala. 1987) citing *City of Tuskegee Inst. v. May Refrigerator Co.,* 328 So.2d 598 (Ala. 1976), aff'd in part and rev'd in part, 344 So.2d 156 (Ala. 1977). Employers of the same legal entity cannot conspire with one another. See *Godby v. Montg. Co. Bd. of Educ.,* 996 F.Supp. 1390 (M.D. Ala. 1998) citing *L.Q.A. by & through Arrington v Eberhart*, 920 F.Supp 1208 (M.D. Ala. 1996); See also Denney v. City of Albany, 247 F.3d 1172 (11th Cir. 2001).

           /s/ *Randall Morgan*
           RANDALL MORGAN [MOR8350]
           Attorney for Defendants

OF COUNSEL:
Hill, Hill, Carter, Franco,
    Cole & Black, P.C.
425 South Perry Street
P.O. Box 116
Montgomery, AL 36101-0116
334-834-7600

## CERTIFICATE OF SERVICE

    I hereby certify that on this the 21st day of January, 2008, I have electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification to the following via email:

Davis B. Whittelsey, Esq.
W. David Dawson, Esq.
P.O. Box 106
Opelika, Alabama 36803-0106


    /s/ *Randall Morgan*
    OF COUNSEL