IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| PATRICK JAMES GRIDER, an individual Alabama resident; DANIEL JOSEPH GRIDER, an individual Alabama resident; THE FOURTH QUARTER, an Alabama corporation; THE GRID, INC., an Alabama corporation; and GRIDER, INC., an Alabama corporation, <br><br>Plaintiffs, <br><br>v. <br><br>CITY OF AUBURN, ALABAMA, an Alabama Municipal Corporation; WILLIAM HAM, JR., an individual Alabama resident; JAMES TREY NEAL, III, an individual Alabama resident; JASON CROOK; an individual Alabama resident; CHRISTOPHER CARVER, an individual Alabama resident; SLONE MADDOX, an individual Alabama resident; JASON SPARKS, an individual Alabama resident; ANDREW MEEKS, an individual Alabama resident; THOMAS MASSEY, an individual Alabama resident; WILLIAM JAMES, an individual Alabama resident; DOUGLAS WATSON, an individual Alabama resident and CHARLES M. DUGGAN, JR., an individual Alabama resident, <br><br>Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) CASE NO: 3:07-cv-1031-MHT ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) |

## **DEFENDANTS ANDREW MEEKS', THOMAS MASSEY'S AND WILLIAM JAMES' ANSWER TO PLAINTIFFS' COMPLAINT**

COME NOW the Defendants **Andrew Meeks, Thomas Massey and William James** and herewith give answer as follows:

## I. Introduction

1. These Defendants deny the allegations of paragraph 1.

## II. Jurisdiction and Venue

2. These Defendants deny this Court has jurisdiction and deny the allegations of paragraph 2.

3. These Defendants deny this Court has and/or should exercise jurisdiction over any pendant claims and deny the allegations of paragraph 3.

4. These Defendants admit venue is proper and deny any wrongdoing but otherwise deny the allegations of paragraph 4.

## III. Parties

5. These Defendants have insufficient information upon which to properly respond and, therefore, deny the allegations of paragraph 5.

6. These Defendants have insufficient information upon which to properly respond and, therefore, deny the allegations of paragraph 6.

7. These Defendants have insufficient information upon which to properly respond and, therefore, deny the allegations of paragraph 7.

8. These Defendants have insufficient information upon which to properly respond and, therefore, deny the allegations of paragraph 8.

9. These Defendants admit the allegations of paragraph 9.

10. These Defendants admit that William Ham, Jr. is an adult individual resident over the age of nineteen (19) years and currently serves as Mayor of the City of Auburn, Alabama; otherwise, these Defendants deny the allegations of paragraph 10.

11. These Defendants admit that James Trey Neal, III is an adult individual, Alabama resident over the age of nineteen (19), who is employed by the City of Auburn as a police officer; otherwise, Defendant deny the remaining allegations of paragraph 11.

12. These Defendants admit that Jason Crook is an adult individual, Alabama resident over the age of nineteen (19), who is employed by the City of Auburn as a police officer; otherwise, Defendant deny the remaining allegations of paragraph 12.

13. These Defendants admit that Christopher Carver is an adult individual, Alabama resident over the age of nineteen (19), who is employed by the City of Auburn as a police officer; otherwise, Defendant deny the remaining allegations of paragraph 13.

14. These Defendants admit that Slone Maddox is an adult individual, Alabama resident over the age of nineteen (19), who is employed by the City of Auburn as a police officer; otherwise, Defendant deny the remaining allegations of paragraph 14.

15. These Defendants deny the allegations of paragraph 15.

16. These Defendants admit the allegations of paragraph 16.

17. These Defendants admit that Thomas Massey is an individual resident over the age of nineteen (19) and was employed as a Fire Inspector for the City of Auburn; otherwise, it deny the remaining allegations of paragraph 17.

18. These Defendants admit the allegations of paragraph 18.

19. These Defendants admit the allegations of paragraph 19.

20. These Defendants deny the allegations of paragraph 20.

21. These Defendants deny the allegations of paragraph 21.

## IV.  Summary of Facts

22. These Defendants repeat, reallege, and incorporate by reference their

responses to paragraphs 1-21; otherwise, Defendants deny the allegations of paragraph 22.

23. These Defendants deny the allegations of paragraph 23.

24. These Defendants deny the allegations of paragraph 24.

25. These Defendants deny the allegations of paragraph 25.

26. These Defendants deny the allegations of paragraph 26.

27. These Defendants deny the allegations of paragraph 27.

28. These Defendants deny the allegations of paragraph 28.

29. These Defendants deny the allegations of paragraph 29.

30. These Defendants deny the allegations of paragraph 30.

31. These Defendants deny the allegations of paragraph 31.

32. These Defendants deny the allegations of paragraph 32.

33. These Defendants deny the allegations of paragraph 33.

34. These Defendants deny the allegations of paragraph 34.

35. These Defendants deny the allegations of paragraph 35.

36. Defendants Meeks and James admit the occupancy capacity of the Highlands in June, 2003 was 173; otherwise, these Defendants deny the allegations of paragraph 36.

37. These Defendants deny the allegations of paragraph 37.

38. These Defendants deny the allegations of paragraph 38.

39. These Defendants deny the allegations of paragraph 39.

40. These Defendants deny the allegations of paragraph 40.

41. These Defendants deny the allegations of paragraph 41.

42. These Defendants admit the occupancy capacity for The Blue Room in

September, 2001 was 603; otherwise, these Defendants deny the allegations of paragraph 42.

43. These Defendants deny the allegations of paragraph 43.

44. These Defendants deny the allegations of paragraph 44.

45. These Defendants deny the allegations of paragraph 45.

46. These Defendants deny the allegations of paragraph 46.

47. These Defendants deny the allegations of paragraph 47.

48. These Defendants deny the allegations of paragraph 48.

49. These Defendants deny the allegations of paragraph 49.

50. Defendants Meeks and James admit the occupancy capacity of the Highlands in April, 2003 was 477; otherwise, these Defendants deny the allegations of paragraph 50.

51. These Defendants deny the allegations of paragraph 51.

52. These Defendants deny the allegations of paragraph 52.

53. These Defendants deny the allegations of paragraph 53.

54. These Defendants deny the allegations of paragraph 54.

55. These Defendants deny the allegations of paragraph 55.

56. These Defendants deny the allegations of paragraph 56.

57. These Defendants deny the allegations of paragraph 57.

58. These Defendants deny the allegations of paragraph 58.

59. These Defendants deny the allegations of paragraph 59.

60. These Defendants deny the allegations of paragraph 60.

61. These Defendants deny the allegations of paragraph 61.

62. These Defendants deny the allegations of paragraph 62.

63. These Defendants admit the occupancy capacity for the Skybar in August, 2005 was 203 in the front and 400 in the rear; otherwise, these Defendants deny the allegations of paragraph 63.

64. These Defendants deny the allegations of paragraph 64.

65. These Defendants deny the allegations of paragraph 65.

66. These Defendants deny the allegations of paragraph 66.

67. These Defendants deny the allegations of paragraph 67.

68. These Defendants deny the allegations of paragraph 68.

69. These Defendants deny the allegations of paragraph 69.

70. These Defendants deny the allegations of paragraph 70.

71. These Defendants deny the allegations of paragraph 71.

72. These Defendants deny the allegations of paragraph 72.

73. These Defendants deny the allegations of paragraph 73.

74. These Defendants deny the allegations of paragraph 74.

75. These Defendants admit the occupancy for the Skybar on July 28, 2006 and October 16, 2006 was 297 in the front and 633 in the rear; otherwise, these Defendants deny the allegations of paragraph 75.

76. Defendant Meeks admits he sent letters dated August 7, 2006 and August 31, 2006 to the attorney for Plaintiffs; otherwise, these Defendants deny the allegations of paragraph 76.

77. These Defendants admit that on October 14, 2006, Pat Grider was cited with and found guilty of overcrowding; otherwise, these Defendants deny the allegations of paragraph 77.

78. These Defendants admit the occupancy rating for the Skybar on October 16, 2006 was 400 in the front and 599 in the rear; otherwise, these Defendants deny the allegations of paragraph 78.

79. These Defendants deny the allegations of paragraph 79.

80. These Defendants deny the allegations of paragraph 80.

81. These Defendants admit the occupancy capacity for The Highlands on August 24, 2007 was 477; otherwise, Defendant deny the allegations of paragraph 81.

82. These Defendants admit the occupancy number for the Highlands on October 1, 2007 was 603; otherwise, Defendant deny the allegations of paragraph 82.

83. These Defendants deny the allegations of paragraph 83.

84. These Defendants admit that Thomas Stone was cited for overcrowding; otherwise, Defendants deny the allegations of paragraph 84.

85. These Defendants admits that Brett Shackelford was cited for overcrowding; otherwise, Defendants deny the allegations of paragraph 85.

86. These Defendants admits that Thomas Stone was cited for overcrowding; otherwise, Defendants deny the allegations of paragraph 86.

87. These Defendants deny the allegations of paragraph 87.

88. These Defendants deny the allegations of paragraph 88.

89. These Defendants deny the allegations of paragraph 89.

90. These Defendants deny the allegations of paragraph 90.

91. These Defendants deny the allegations of paragraph 91.

92. These Defendants deny the allegations of paragraph 92.

93. These Defendants deny the allegations of paragraph 93.

94. These Defendants deny the allegations of paragraph 94.

95. These Defendants deny the allegations of paragraph 95.

## COUNT I:
## VIOLATION OF 42 U.S.C. A. §1983

96. These Defendants repeat, reallege, and incorporate by reference their responses in paragraphs 1-95 as if set out in full herein.

97. These Defendants deny the allegations of paragraph 97.

98. These Defendants deny the allegations of paragraph 98.

99. These Defendants deny the allegations of paragraph 99.

These Defendants deny Plaintiffs are entitled to any relief.

## COUNT II:
## VIOLATION OF 42 U.S.C.A. §1985

100. These Defendants repeat, reallege, and incorporate by reference their responses in paragraphs 1-99 as if set out in full herein.

101. These Defendants deny the allegations of paragraph 101.

These Defendants deny Plaintiffs are entitled to any relief.

## COUNT III
## MALICIOUS PROSECUTION

102. These Defendants repeat, reallege, and incorporate by reference their responses in paragraphs 1-101 as if set out in full herein.

103. These Defendants deny the allegations of paragraph 103.

104. These Defendants deny the individual Defendants have engaged in any wrongdoing and deny Plaintiffs are entitled to any damages, including punitive damages

and otherwise deny the allegations of paragraph 104.

These Defendants deny Plaintiffs are entitled to any relief.

## COUNT IV:
## ABUSE OF PROCESS

105. These Defendants repeat, reallege, and incorporate by reference their responses in paragraphs 1-104 as if set out in full herein.

106. These Defendants deny the allegations of paragraph 106.

107. These Defendants deny the allegations of paragraph 107.

108. These Defendants deny the allegations of paragraph 108.

109. These Defendants deny the allegations of paragraph 109.

110. These Defendants deny the individual Defendants have engaged in any wrongdoing and deny Plaintiffs are entitled to any damages, including punitive damages and otherwise deny the allegations of paragraph 110.

These Defendants deny Plaintiffs are entitled to any relief.

## COUNT V:
## FALSE ARREST AND IMPRISONMENT

111. These Defendants repeat, reallege, and incorporate by reference their responses in paragraphs 1-110 as if set out in full herein.

112. These Defendants deny the allegations of paragraph 112.

113. These Defendants deny the allegations of paragraph 113.

114. These Defendants deny the individual Defendants have engaged in any wrongdoing and deny Plaintiffs are entitled to any damages, including punitive damages and otherwise deny the allegations of paragraph 114.

These Defendants deny Plaintiffs are entitled to any relief.

## COUNT VI:
## CONSPIRACY

115. These Defendants repeat, reallege, and incorporate by reference their responses in paragraphs 1-114 as if set out in full herein.

116. These Defendants deny the allegations of paragraph 116.

117. These Defendants deny the allegations of paragraph 117.

118. These Defendants deny the allegations of paragraph 118.

These Defendants deny Plaintiffs are entitled to any relief.

## COUNT VII:
## WANTONNESS

119. These Defendants repeat, reallege, and incorporate by reference their responses in paragraphs 1-118 as if set out in full herein.

120. These Defendants deny the allegations of paragraph 120.

121. These Defendants deny the allegations of paragraph 121.

122. These Defendants deny the individual Defendants have engaged in any wrongdoing and deny Plaintiffs are entitled to any damages, including punitive damages and otherwise deny the allegations of paragraph 122.

These Defendants deny Plaintiffs are entitled to any relief.

## COUNT VIII:
## NEGLIGENCE

123. These Defendants repeat, reallege, and incorporate by reference their responses in paragraphs 1-122 as if set out in full herein.

124. These Defendants deny the allegations of paragraph 124.

125. These Defendants deny the allegations of paragraph 125.

These Defendants deny Plaintiffs are entitled any relief.

## COUNT IX:
## DECEIT

126. These Defendants repeat, reallege, and incorporate by reference their responses in paragraphs 1-125 as if set out in full herein.

127. These Defendants deny the allegations of paragraph 127.

128. These Defendants deny the allegations of paragraph 128.

129. These Defendants deny the allegations of paragraph 129.

130. These Defendants deny the allegations of paragraph 130.

131. These Defendants deny the allegations of paragraph 131.

These Defendants deny Plaintiffs are entitled any relief.

## COUNT X:
## FRAUDULENT SUPPRESSION

132. These Defendants repeat, reallege, and incorporate by reference their responses in paragraphs 1-131 as if set out in full herein.

133. These Defendants deny the allegations of paragraph 133.

134. These Defendants deny the allegations of paragraph 134.

135. These Defendants deny the allegations of paragraph 135.

136. These Defendants deny the allegations of paragraph 136.

These Defendants s deny Plaintiffs are entitled to any relief.

## COUNT XI
## FRAUDULENT MISREPRESENTATION

137.  These Defendants repeat, reallege, and incorporate by reference their responses in paragraphs 1-136 as if set out in full herein.

138.  These Defendants deny the allegations of paragraph 138.

139.  These Defendants deny the allegations of paragraph 139.

140.  These Defendants deny the allegations of paragraph 140.

141.  These Defendants deny the allegations of paragraph 141.

These Defendants deny Plaintiffs are entitled to any relief.

## COUNT VII:
## TORTUOUS INTERFERENCE WITH
## CONTRACTUAL AND BUSINESS RELATIONSHIPS

142.  These Defendants repeat, reallege, and incorporate by reference their responses in paragraphs 1-141 as if set out in full herein.

143.  These Defendants deny the allegations of paragraph 143.

144.  These Defendants deny the allegations of paragraph 144.

145.  These Defendants deny the allegations of paragraph 145.

146.  These Defendants deny the allegations of paragraph 146.

147.  These Defendants deny the allegations of paragraph 147.

148.  These Defendants deny the individual Defendants have engaged in any wrongdoing and deny Plaintiffs are entitled to any damages, including punitive damages and otherwise deny the allegations of paragraph 148.

These Defendants deny Plaintiffs are entitled to any relief.

## COUNT XIII:
## VIOLATION OF AMENDMENTS FIVE

**AND FOURTEEN TO THE UNITED STATES CONSTITUTION; COMPLAINT TO DECLARE MUNICIPAL ORDINANCES UNCONSTITUTIONAL AND FOR DAMAGES**

149.  These Defendants repeat, reallege, and incorporate by reference their responses in paragraphs 1-148 as if set out in full herein.

150.  These Defendants deny the allegations of paragraph 150.

151.  These Defendants deny the allegations of paragraph 151.

152.  These Defendants deny the allegations of paragraph 152.

153.  These Defendants deny the allegations of paragraph 153.

154.  These Defendants deny the allegations of paragraph 154.

155.  These Defendants deny the allegations of paragraph 155.

156.  These Defendants deny the allegations of paragraph 156.

These Defendants deny Plaintiffs are entitled to any relief.

**AFFIRMATIVE DEFENSES**

1.  These Defendants deny all allegations which are not specifically admitted.

2.  These Defendants deny any and all allegations of wrongdoing.

3.  These Defendants plead the general issue.

4.  These Defendants avers the Complaint and each count thereof fail to state a cause of action entitling Plaintiffs to relief.

5.  These Defendants plead contributory negligence.

6.  These Defendants plead assumption of the risk.

7.  These Defendants plead justification.

8.  These Defendants avers Plaintiffs' own acts or actions caused or contributed to any alleged loss or damage; therefore, Plaintiffs are not entitled to any relief.

9. These Defendants deny proximate cause.

10. These Defendants deny Plaintiffs are entitled to any damages.

11. These Defendants avers Plaintiffs have failed to mitigate any alleged damages.

12. These Defendants plead estoppel.

13. These Defendants plead waiver.

14. These Defendants plead laches.

15. These Defendants plead the statute of limitations.

16. These Defendants plead probable cause.

17. These Defendants plead arguable probable cause.

18. These Defendants plead legal justification.

19. These Defendants plead provocation.

20. These Defendants plead good faith.

21. These Defendants plead immunity.

22. These Defendants plead qualified immunity.

23. These Defendants plead absolute immunity.

24. These Defendants plead immunity pursuant to §6-5-338, Code of Alabama (1975 as amended)

25. These Defendants plead discretionary function immunity.

26. These Defendants plead substantive immunity.

27. These Defendants plead immunity pursuant to *Ex parte Cranman*, 792 So. 2d 392 (Ala. 2000).

28. These Defendants plead the statutory cap applicable to any state law claim

against These Defendants .

29. These Defendants plead release.

30. These Defendants plead satisfaction and accord.

31. These Defendants plead privilege.

32. These Defendants aver Plaintiffs lack standing to assert some or all the alleged claims.

33. These Defendants aver some or all of Plaintiffs' claims are moot.

34. These Defendants aver Plaintiffs have not exhausted their administrative remedies.

35. These Defendants aver any alleged reliance was neither reasonable nor justifiable.

36. These Defendants aver there exists a reasonable and/or rational reason for all actions.

37. These Defendants aver all actions were taken on a legitimate, non-discriminatory basis.

38. These Defendants aver The Grid, Inc. is due to be dismissed in that it alleges no wrongdoing against These Defendants .

/s/ *Randall Morgan*
RANDALL MORGAN [MOR8350]
Attorney for Named Defendants

OF COUNSEL:
Hill, Hill, Carter, Franco,
    Cole & Black, P.C.
425 South Perry Street

P.O. Box 116
Montgomery, AL 36101-0116
334-834-7600

## CERTIFICATE OF SERVICE

      I hereby certify that on this the 21st day of January, 2008, I have electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification to the following via email:

Davis B. Whittelsey, Esq.
W. David Dawson, Esq.
P.O. Box 106
Opelika, Alabama 36803-0106


    /s/ *Randall Morgan*
    OF COUNSEL