IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| PATRICK JAMES GRIDER, an individual Alabama resident; DANIEL JOSEPH GRIDER, an individual Alabama resident; THE FOURTH QUARTER, an Alabama corporation; THE GRID, INC., an Alabama corporation; and GRIDER, INC., an Alabama corporation, | ) ) ) ) ) ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) CASE NO: 3:07-cv-1031-MHT ) |
| CITY OF AUBURN, ALABAMA, an Alabama Municipal Corporation; WILLIAM HAM, JR., an individual Alabama resident; JAMES TREY NEAL, III, an individual Alabama resident; JASON CROOK; an individual Alabama resident; CHRISTOPHER CARVER, an individual Alabama resident; SLONE MADDOX, an individual Alabama resident; JASON SPARKS, an individual Alabama resident; ANDREW MEEKS, an individual Alabama resident; THOMAS MASSEY, an individual Alabama resident; WILLIAM JAMES, an individual Alabama resident; DOUGLAS WATSON, an individual Alabama resident and CHARLES M. DUGGAN, JR., an individual Alabama resident, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) |
| Defendants. | ) ) |

**DEFENDANTS' BRIEF IN SUPPORT
OF THEIR MOTION TO DISMISS**

Defendants, City of Auburn, Alabama ("Auburn"), William Ham, Jr. ("Ham"), James

Trey Neal, III ("Neal"), Jason Crook ("Crook"), Christopher Carver ("Carver"), Slone Maddox

("Maddox"), Jason Sparks ("Sparks"), Andrew Meeks ("Meeks"), Thomas Massey

("Massey"), William James ("James"), Douglas Watson ("Watson"), and Charles M.

Duggan, Jr. ("Duggan") (collectively referred to as the "Defendants") respectfully submit their Brief in Support of their Motion to Dismiss and allege the following:

## I.
## ALLEGATIONS

Patrick James Grider ("Patrick"), Daniel Joseph Grider ("Daniel"), The Fourth Quarter, The Grid, Inc. ("The Grid"), and Grider, Inc. ("Grider") (collectively referred to as the "Plaintiffs") assert various causes of action against the Defendants based on the operation of three lounges / taverns, "The Blue Room," "The Highlands" and "The Tavern." The Plaintiffs allege that the Defendants have specifically targeted their establishments and have arbitrarily restricted their business licenses. The Plaintiffs further allege that the Defendants' harassment and intimidation of their businesses and customers have caused interference. The Plaintiffs also claim that the Defendants' abused process, maliciously prosecuted, and falsely arrested Patrick and Daniel based on charges of bribery, overcrowding, and possessing alcohol after 2:00 a.m. on a Sunday.

## II.
## GROUNDS FOR MOTION TO DISMISS

As basis for dismissal, the Defendants submit a number of grounds, including the following: The Complaint fails to state a cause of action entitling Plaintiffs to relief; the Complaint fails to allege any wrongdoing against Duggan; numerous counts of the Complaint are barred by the statute of limitations; malicious prosecution, abuse of process, false arrest, false imprisonment, conspiracy, wantonness, deceit, fraudulent suppression, and fraud cannot be asserted against Auburn; and the Complaint fails to allege a cause of action under 42 U.S.C. § 1985 and 42 U.S.C. § 1983.

### III.
### MOTION TO DISMISS STANDARD

"The proper test of [a] motion to dismiss for failure to state a claim upon which relief can be granted is whether it appears that plaintiff can prove no set of facts in support of claims entitling him to relief." *Briggs v. Woodfin*, 395 So.2d 1024 (Ala. Civ. App. 1981).

### IV.
### ARGUMENT

**A.    DUGGAN IS ENTITLED TO BE DISMISSED FROM THIS ACTION FOR THE PLAINTIFFS' FAILURE TO STATE A CLAIM AGAINST HIM**

"A complaint may be dismissed for failure to state a claim on which relief may be granted when it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Scheur v. Rhodes,* 416 U.S. 232 (1974).

The Plaintiffs have alleged no wrongdoing in their Complaint on the part of Duggan. As such, Duggan should be dismissed from this action.

**B.    THE ALLEGATIONS OF MALICIOUS PROSECUTION, ABUSE OF PROCESS, CONSPIRACY, WANTONNESS, DECEIT, FRAUDULENT SUPPRESSION, AND FRAUD BY THE PLAINTIFFS AGAINST AUBURN ARE DUE TO BE DISMISSED BECAUSE THESE CLAIMS CANNOT BE ASSERTED AGAINST A MUNICIPALITY.**

Section 11-47-190, of the Alabama Code provides in pertinent part:

No city or town shall be liable for damages for injury done to or wrong suffered by any person or corporation, unless such injury or wrong was done or suffered through the neglect, carelessness or unskillfulness of some agent, officer or employee of the municipality engaged in work therefor and while acting in the line of his or her duty . . . .

Ala. Code § 11-47-190 (1975).  Section 11-47-190 has been interpreted by the Alabama Supreme Court to bar claims filed against a municipality based upon the intentional and/or wanton conduct of its employees.  *See Cremeens v. City of Montgomery*, 779 So. 2d 1190,

1201 (Ala. 2000); *Town of Loxley v. Coleman*, 720 So. 2d 907, 909 (Ala. 1998).

The Plaintiffs have alleged malicious prosecution, abuse of process, conspiracy, wantonness, deceit, fraudulent suppression, and fraud against Auburn. It is undisputed that an integral component of the aforementioned counts is intentional or wanton misconduct. Because the Plaintiffs are barred by application of Section 11-47-190 in alleging intentional and wanton torts against a municipality, the counts in question should be dismissed against Auburn.

C.    **PLAINTIFFS' ALLEGATION OF A VIOLATION OF 42 U.S.C. § 1985(3) BY THE DEFENDANTS SHOULD BE DISMISSED BECAUSE THEY HAVE FAILED TO ALLEGE RACIAL OR CLASS BASED DISCRIMINATION**

"The elements of a cause of action under Section 1985(3) are '(1) a conspiracy; (2) for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws; and (3) an act in furtherance of the conspiracy; (4) whereby a person is either injured in his person or property or deprived of any right or privilege of a citizen of the United States.'" *Burrell v. Bd. of Trustees of Ga. Military College*, 970 F.2d 785, 793-94 (11th Cir. 1992) (citing *United Brotherhood of Carpenters & Joiners of America, Local 610 v. Scott*, 463 U.S. 825, 828-29 (1983)). "More specifically, the second element requires a showing of 'some racial, or perhaps otherwise class-based, invidiously discriminatory animus behind the conspirators' action.'" *Id.* at 794.

The Complaint details alleged actions taken by the Defendants against the Plaintiffs in the context of business licensing, application of municipal ordinances, and the calculation of occupancy levels for nightclubs. However, throughout 156 paragraphs of the

Complaint, the Plaintiffs noticeably fail to allege any racial or class-based discrimination on the part of the Defendants.   As such, Plaintiffs' claim under Section 1985(3) is due to be dismissed.  *See McReynolds ex rel. D.M. v. Alabama Dept. of Youth Services*, 426 F. Supp. 2d 1247, 1260 (M.D. Ala. 2006) *aff'd in part, rev'd in part*  204 Fed. Appx. 819 (11th Cir. 2006) (holding that a complaint that alleges a violation of Section 1985(3) and is missing allegations of racial or class based discrimination fails to state a claim upon which relief may be granted.)

> **D.    ANY ALLEGED VIOLATION OF 42 U.S.C. § 1983 BY THE DEFENDANTS PRIOR TO NOVEMBER 20, 2005, IS BARRED BY THE TWO YEAR STATUTE OF LIMITATIONS**

"[T]he applicable statute of limitations under Section 1983 follows the statute of limitations applicable in the state in which the conduct occurred, which, in Alabama, is two years." *Stuart v. Jefferson County Dept. of Human Resources*, 152 Fed.Appx. 798, 803 (11th Cir. 2005). "The statute of limitations in a Section 1983 claim does not begin to run until the facts which would support a cause of action are apparent or should be apparent to a person with a reasonably prudent regard for his rights." *Mullinax v. McElhenney*, 817 F.2d 711, 716 (11th Cir. 1987). "Being a creature of legislative process, the court must strictly adhere to statutes of limitation." *McIntire v. U.S.*, 884 F. Supp. 1529, 1533 (M.D. Ala. 1995) (citation omitted).

Plaintiffs filed their Complaint on November 21, 2007.  The Plaintiffs allege, among other things, a violation of the Fifth and Fourteenth Amendments to the United States Constitution through the vehicle of Section 1983.  However, paragraphs twenty-two through seventy of the Plaintiffs' Complaint detail allegations that arose prior to November 20, 2005

- - the date that the statute of limitations would have run.  The Plaintiffs allege that the Defendants violated their civil rights by placing them in custody, making an unreasonable search and seizure of their property, and by instigating illegal criminal proceedings against them.  These allegations would have accrued at the time that the Plaintiffs were arrested and/or when the Defendants allegedly made an unreasonable search and seizure of their property, which would be prior to November 20, 2005.  As such, any alleged wrongdoing by the Defendants in the context of Section 1983 is barred by the two-year statute of limitations period and should be dismissed.

**E.    ALL CLAIMS OF MALICIOUS PROSECUTION, ABUSE OF PROCESS, WANTONNESS AND NEGLIGENCE BY THE PLAINTIFFS AGAINST ALL DEFENDANTS PRIOR TO NOVEMBER 20, 2005, ARE BARRED BY THE STATUTE OF LIMITATIONS**

Section 6-2-38 of the Alabama Code states that "[a]ll actions for malicious prosecution must be brought within two years."  Ala. Code § 6-2-38 (h) (1975).  Moreover, Section 6-2-38 provides that "[a]ll actions for any injury to the person or rights of another not arising from contract and not specifically enumerated in this section must be brought within two years."  Ala. Code § 6-2-38 (l) (1975).  Finally, "[n]egligence and wantonness are . . . subject to a two-year statute of limitations, but the limitations periods for those claims begins to run the date the injury occurred." *Nobles v. Rural Community Ins. Services*, 303 F. Supp. 2d 1279, 1285 (M.D. Ala. 2004).

In the context of abuse of process, and malicious prosecution, the Plaintiffs allege that the Defendants initiated judicial proceedings against them for violations of the Standard Building Code (1999), the International Building Code (2003), the International Fire Code (2003), and instituted criminal process against Patrick and Daniel for

overcapacity and bribery.   Plaintiffs averred that on November 9, 2003, Auburn police officers cited Daniel for allowing his employees to possess alcohol after 2:00 a.m.   On February 11, 2004, Auburn police officers arrested both Patrick and Daniel for overcrowding.   On April 1, 2004, the charges were brought in front of Judge Joe Bailey, and both Patrick and Daniel pled guilty.   The Plaintiffs further allege that Patrick was cited by the Alabama Alcoholic Beverage Control Board on December 2, 2001, for allowing patrons to consume alcoholic beverages in a public place after 2:00 a.m. on a Sunday.   Finally, the Plaintiffs allege that Daniel and Patrick were cited for violating an Auburn ordinance establishing a minimum percentage of food sales for a restaurant-lounge licensee.

Plaintiffs filed their Complaint on November 21, 2007.  It is clear that the statute of limitations has run on the aforementioned claims of abuse of process and malicious prosecution because it has been more than two years since the Plaintiffs have filed their Complaint.  As such, any and all claims of malicious prosecution and abuse of process that accrued prior to November 20, 2005, should be dismissed.  Also, to the extent that the Plaintiffs maintain claims of negligence and wantonness against the Defendants for any actions occurring prior to November 20, 2005, those counts should be dismissed  because they are barred by the two year statute of limitations.

**F.     ALL CLAIMS OF DECEIT, FRAUDULENT SUPPRESSION, AND FRAUDULENT MISREPRESENTATION BY THE PLAINTIFFS AGAINST ALL DEFENDANTS PRIOR TO NOVEMBER 20, 2005, ARE BARRED BY THE STATUTE OF LIMITATIONS**

Claims for fraud are subject to a two year statute of limitation period.  *See Ishler v. C.I.R.*, 442 F. Supp. 2d 1189 (N.D. Ala. 2006).  "It is sufficient to begin the running of the

statute of limitations that the claimant knew of facts which would put a reasonable mind on notice of the possible existence of fraud." *Seybold v. Magnolia Land Co.*, 376 So. 2d 1083, 1087 (Ala. 1979).

The Plaintiffs' allegations of fraud are convoluted. However, to the extent that the Plaintiffs allege deceit, fraudulent suppression and/or fraudulent misrepresentation occurring prior to November 20, 2005, their claims are barred by the two-year statute of limitations. It is undisputed that at the time the Plaintiffs were arrested, cited, and assigned occupancy numbers that they would have been on notice of any alleged fraudulent conduct by the Defendants. For instance, the Plaintiffs claim that when they were assigned occupancy numbers, they allegedly knew that the numbers were wrong. At the time of the alleged fraud, the Plaintiffs knew of facts underlying the calculation of occupancy numbers. Moreover, the Plaintiffs have failed to allege any facts relating to their discovery of the alleged fraud that would toll the statute of limitations. As such, all claims for deceit, fraudulent suppression and/or fraudulent misrepresentation occurring prior to November 20, 2005, should be barred by the two year statute of limitations.

## G.    PLAINTIFFS ARE NOT ENTITLED TO PUNITIVE DAMAGES AGAINST AUBURN

Under Section 11-6-26 of the Alabama Code, the City is specifically immune from punitive damages. Ala. Code §11-6-26 (1975). To the extent that the Plaintiffs request punitive damages from Auburn, their request is due to be dismissed.

**H.    ANY ALLEGATION OF A CONSPIRACY BY THE PLAINTIFFS AGAINST THE DEFENDANTS IS TO BE DISMISSED BECAUSE OF THE INTRACORPORATE CONSPIRACY DOCTRINE**

"The intracorporate conspiracy doctrine holds that acts of corporate agents are attributed to the corporation itself, thereby negating the multiplicity of actors necessary for the formation of a conspiracy.  Simply put, under the doctrine, a corporation cannot conspire with its employees, and its employees, when acting in the scope of their employment, cannot conspire among themselves." *McAndrew v. Lockheed Martin Corp*., 206 F.3d 1031, 1036 (11th Cir. 2000) (en banc).  Moreover, "[t]he doctrine applies to public entities such as the City and its personnel." *Denney v. City of Albany*, 247 F.3d 1172, 1190 (11th Cir. 2001).

The Plaintiffs allege that the Defendants conspired to harm them by performing a litany of unlawful acts.  However, the intracorporate conspiracy doctrine limits the application of the Plaintiffs' allegation of conspiracy against the Defendants.  It is undisputed that all of the named Defendants are employees of the City of Auburn.  Further, there is no indication in the Complaint  that the Defendants acted outside of the scope of their employment.  The issues involved in this case are essentially the enforcement of municipal ordinances, which fall within the scope of the Defendants' employment with the City of Auburn.  As such, all allegations of conspiracy against the Defendants by the Plaintiffs are due to be dismissed.

**I.    THE PLAINTIFFS HAVE FAILED TO STATE A CLAIM UNDER THE FIFTH AMENDMENT TO THE UNITED STATES CONSTITUTION**

The protections of the Fifth Amendment are "applicable to the actions of federal, not

state government." *Johnson v. Cannon*, 947 F. Supp. 1567, 1572 (M.D. Fla. 1996); See also *Barron v. City of Baltimore*, 32 U.S. 243 (1833).

The Plaintiffs have failed to properly state a claim under the Fifth Amendment to the United States Constitution, as no named Defendant in this case is a federal entity.  To the extent that the Plaintiffs allege that the Defendants violated their Fifth Amendment rights, these allegations should be dismissed for failure to state a claim.

**V.**
**CONCLUSION**

For the above reasons, Defendants respectfully request that this Honorable Court grant its Motion to Dismiss.

/s/ *Randall Morgan*
_____
RANDALL MORGAN [MOR037]
Attorney for City of Auburn, William Ham, Jr., William Ham, Jr., James Trey Neal, III, Jason Crook, Christopher Carver, Slone Maddox, Jason Sparks, Andrew Meeks, Thomas Massey, William James, Douglas Watson, Charles M. Duggan, Jr.

OF COUNSEL:
**HILL, HILL, CARTER, FRANCO,**
  **COLE & BLACK, P.C.**
425 South Perry Street
Montgomery, Alabama 36104
(334) 834-7600
(334) 263-5969...FAX

<u>**CERTIFICATE OF SERVICE**</u>

       I hereby certify that on this the 4th day of February, 2008, I have electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification to the following via email:

Davis B. Whittelsey, Esq.
W. David Dawson, Esq.
P.O. Box 106
Opelika, Alabama 36803-0106

                       /s/ *Randall Morgan*
                       OF COUNSEL