IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| PATRICK JAMES GRIDER, an individual Alabama resident; et al., | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | CIVIL ACTION NO. 3:07-cv-1031-MHT |
| CITY OF AUBURN, ALABAMA, an Alabama Municipal Corporation; et al., | ) ) ) ) | |
| Defendants. | ) | |

## BRIEF IN SUPPORT OF PLAINTIFFS' RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS

COME NOW the Plaintiffs, Patrick James Grider, Daniel Joseph Grider, The Fourth Quarter, Inc., The Grid, Inc. and Grider, Inc. (hereinafter sometimes collectively referred to as "Plaintiffs"), by and through their undersigned attorneys, and in response to Defendants' motion to dismiss, file this brief in opposition, and request this Honorable Court to deny said motion.

## INTRODUCTION

On the 21st day of November, 2007, Plaintiffs filed their complaint against Defendant, City of Auburn, Alabama (hereinafter referred to as "Auburn") and other named parties in the above styled case. (Doc. No. 1). Plaintiffs originally claimed damages of Defendants for: (1) violation of 42 U.S.C. § 1983; (2) violation of 42 U.S.C. § 1985; (3) malicious prosecution; (4) abuse of process; (5) false arrest and imprisonment; (6) conspiracy; (7) negligence; (8) wantonness; (9) deceit; (10) fraudulent suppression; (11) fraudulent misrepresentation; (12) tortious interference with contractual and business relationships; (13) violation of the Fifth and

Fourteenth Amendments to the United States Constitution; and (14) declaratory judgment action regarding Defendants' adoption and/or enforcement of unconstitutional municipal ordinances.

On the 21st day of January, 2008, Defendants filed a motion to dismiss Plaintiffs' claims for: (1) failure to state a claim; (2) failure to allege a single act of wrongdoing by Defendant Charles Duggan, Jr.; (3) failure to allege any wrongdoing to Plaintiff, The Grid, Inc.; (4) statute of limitations bar on all claims arising on or before November 20, 2005, (i.e., all claims to be based solely on the facts contained in paragraphs 22–70, 88 and 89 of the complaint); (5) municipal immunity from claims of malicious prosecution, abuse of process, false arrest/false imprisonment, conspiracy, wantonness, deceit, fraudulent suppression and fraud; (6) failure to state a Section 1983 claim under either Fifth or Fourteenth Amendments; (7) failure to allege a racial or class-based discrimination under Section 1985; (8) statute of limitations bar on false arrest/false imprisonment; and (9) intracorporate conspiracy doctrine. (Doc. No. 35). On the 4th day of February, 2008, Defendants filed a brief in support of said motion to dismiss. (Doc. No. 49). On the 21st day of January, 2008, this Honorable Court filed its order directing Plaintiffs to respond to Defendants' motion to dismiss by February 20, 2008. (Doc. No. 41).

On the 6th day of February, 2008, Plaintiffs moved for leave to file a first amended complaint. (Doc. No. 52). Said motion was filed due to the actions of Defendants subsequent to the filing of the initial complaint. (Doc. No. 52). Furthermore, Plaintiffs sought to amend and drop certain claims originally stated. (Doc. No. 52). On the 7th day of February 2008, this Honorable Court filed its order directing Defendants to respond to Plaintiffs' motion to amend by February 20, 2008. (Doc. No. 56).

On the 20th day of February, 2008, Defendants filed their response to the Court's directive. (Doc. No. 64). In their response, Defendants did not oppose Plaintiffs' motion to amend complaint. (Doc. No. 64).

### STATEMENT OF FACTS

Plaintiffs re-allege and incorporate by reference all allegations in their initial and proposed first amended complaints as if the same were set forth fully herein. Plaintiffs further reiterate that the initial complaint and proposed first amended complaint contain a summary of some, but not all, of the material facts in this cause of action. Therefore, Plaintiffs specifically reserve the right to amend the complaint as necessary following Plaintiffs' conducting of discovery in this action.

Plaintiffs have fairly placed Defendants on notice pursuant to the notice pleading requirements of state and federal court, and have plead with greater detail a summary of the facts when the laws and counts require pleading with greater specificity facts supporting certain actions (e.g., counts under 42 U.S.C. § 1983, fraud, etc.).

### STANDARD OF REVIEW

A motion to dismiss is granted only when the movant demonstrates "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45–46 (1957). As such, a Defendant bears the "very high burden of showing that the plaintiff cannot conceivably prove any set of facts that would entitle him to relief." Beck v. Deloitte & Touche, 144 F.3d 732, 735 (11th Cir. 1998). **"A motion to dismiss will be denied unless it appears beyond all doubt that the Plaintiff can prove no set of facts in support of his claims that would entitle him to relief."** Powell v. Lennon, 914 F.2d 1459, 1463 (11th Cir. 1990) (emphasis added), citations omitted.

**ARGUMENT**

**(1)    Plaintiffs Stated Numerous Claims Entitling Them to Relief**

Defendants argue that the complaint fails to state a cause of action entitling Plaintiffs to relief. (Doc. No. 35, ¶ 1). Defendants, however, offer no support for this assertion in their brief. Both the initial and proposed first amended complaints clearly state causes of action on which the Plaintiffs may prevail. As discussed, supra, under the motion to dismiss standard, Defendants bear the "very high burden of showing that the plaintiff cannot conceivably prove any set of facts that would entitle him to relief." Beck, 144 F.3d at 735. "The allegations in the complaint must be taken as true for purposes of the motion to dismiss." Powell, 914 F.2d at 1463, citations omitted. Therefore, assuming as true all of the facts and counts alleged, Plaintiffs have effectively stated claims that would entitled them to relief and are entitled to prove the same at trial.

**(2)    Acts of Defendant, Charles Duggan, Jr.**

Defendants next argue that Plaintiffs fail to allege a single act of wrongdoing against Defendant Duggan. (Doc. No. 35, ¶ 2). However, in both the initial and proposed first amended complaint, Plaintiffs alleged that "[P]laintiffs were harassed, annoyed, intimidated, and threatened by Auburn, the APD Defendants, and **other Defendants**, all with unlawful and improper purposes." (Doc. No. 1, ¶¶ 80 and 87; and Doc. No. 52, Exhibit A, ¶¶ 79 and 86) (emphasis added). As a named party to this cause of action, Defendant, Charles Duggan, Jr., falls within the purview of the "other Defendants" designation in the aforementioned paragraphs of both complaints.

Furthermore, as set forth above, Plaintiffs moved this Honorable Court for leave to amend their initial complaint. (Doc. No. 52). Plaintiffs' proposed first amended complaint

includes several acts committed by Defendants against Plaintiffs subsequent to the filing of their initial complaint. Plaintiffs' first amended complaint specifically identifies Defendant Duggan as participating in and/or orchestrating said wrongful acts. (Doc. No. 52, Exhibit A, ¶¶ 94–104). Plaintiffs correctly joined Defendant Duggan as a party Defendant.

**(3)     The Grid, Inc.**

Defendants next contend that the complaint does not allege any wrongdoing by Defendants against Plaintiff, The Grid, Inc. (Doc. No. 35, ¶ 3). Defendants offer no supporting authority for this contention. Both the initial and proposed first amended complaints state that "The Grid" is a corporation organized pursuant to the laws of the State of Alabama, and is doing business as "The Highlands." (Doc. No. 1, ¶ 6; and Doc. No. 52, Exhibit A, ¶ 6). Plaintiffs allege that the occupancy numbers given to "The Highlands" by Defendants were not calculated in compliance with the applicable rules and regulations, and were substantially lower than required by the applicable rules and regulations. (Doc. No. 1, ¶¶ 36, 37, 81 and 82; and Doc. No. 52, Exhibit A, ¶¶ 35, 36, 80 and 81). As a result of said wrongdoings, The Grid, Inc. suffered damages. (Doc. No. 1, ¶¶ 99, 103, 109, 113, 118, 121, 125, 131, 136, 141, 147 and 155; and Doc. No. 52, Exhibit A, ¶¶ 107, 108, 110, 116, 120, 125, 128, 131, 138, 143, 148, 154, 158, 164, 166 and 168). All counts concerning Plaintiff, The Grid, Inc. were correctly pled.

**(4)     Statute of Limitations for all claims encompassed by paragraphs 22–70 and paragraphs 88 and 89 of the initial complaint.**

Defendants next argue that the statute of limitations bars all claims encompassed by paragraphs 22–70 and paragraphs 88 and 89 of the initial complaint; however, no specific count is based only on the facts pled within said paragraphs. (Doc. No. 1; and Doc. No. 52, Exhibit A). While these facts do support Plaintiffs' claims and may provide a basis for individual action based solely on one more said paragraphs, they are not plead as the sole basis of any one claim.

A statute of limitations does not begin to run until the facts giving rise to the action were or should have reasonably been discovered.  <u>Mullinax v. McElhenney</u>, 817 F.2d 711, 716 (11th Cir. 1987).  In the present case, Plaintiffs could not have learned and did not learn that the Defendants were acting with the unlawful purpose of "shutting the Griders down" until Defendant Neal testified at the preliminary hearing of November 29, 2005.  (Doc. No. 1, ¶¶ 65 and 71; and Doc. No. 52, Exhibit A, ¶¶ 64 and 70).  Until Defendant Neal's admission therein, the nature and reason for the APD Defendants and other Defendants' actions were hidden from Plaintiffs while the Defendants were harassing, annoying, arresting, etc., Plaintiffs and Plaintiffs' patrons.

Defendants' unlawful purposes were not and could not have been known by Plaintiffs until, at the earliest, the preliminary hearing which was less than two years before filing of the initial complaint in the present case.

**(5)    Statutory Prohibition for Claims of Recklessness and Wantonness.**

Defendants cite ALA. CODE § 11–47–190 (1975) and several Alabama cases for the proposition that Plaintiffs' claims for malicious prosecution, abuse of process, false arrest/false imprisonment (to the extent that the same are based on wanton and/or intentional conduct), conspiracy, wantonness, deceit, fraudulent suppression and fraud against Auburn cannot be maintained.  (Doc. No. 35, ¶ 5).  Plaintiffs agree that the narrow claims for intentional and/or wanton acts as only against Defendant, Auburn, may not be maintained.  Plaintiffs, however, do not waive any non-intentional and/or non-wanton claims against Auburn, nor do Plaintiffs waive the above referenced claims against the individual Defendants in this cause of action.

**(6)     Plaintiffs' Section 1983 allegations support a cause of action under the Fourth and Fourteenth Amendments.**

Defendants next assert that Plaintiffs' allegations do not support a claim under either the Fifth or Fourteenth Amendments.  (Doc. No. 35, ¶ 6).  Defendants, while citing to several authorities in their motion to dismiss, do not expound on these propositions in their brief. Although Plaintiffs did not specifically use the words "Fourth Amendment" in their initial complaint, Plaintiffs did explicitly state that Defendants, "acting under the color of law … worked to deny Plaintiffs' rights, privileges or amenities secured by the United States Constitution … by making an unreasonable search and seizure of Plaintiffs' property without due process of law[.]" (Doc. No. 1., ¶ 99).  Nevertheless, Plaintiffs moved to amend their initial complaint to specifically include the "Fourth Amendment" language.  (Doc. No. 52, Exhibit A, ¶ 108).  Furthermore, Plaintiffs properly alleged a violation of Section 1983 under the Fourteenth Amendment to the United States Constitution.  (Doc. No. 52, Exhibit A).

Defendants cite Graham v. Connor, 490 U.S. 386 (1989); Albright v. Oliver, 510 U.S. 266 (1994) (plurality opinion) and Hill v. Mull, 2006 WL 3022280 (M.D. Ga. Oct. 23, 2006), presumably for the proposition that Plaintiffs' right to be free from prosecution and/or arrests without probable cause must be judged under the Fourth Amendment, rather than substantive due process, "with its 'scarce and open-ended guideposts for responsible decision making.'" Albright, 510 U.S. at 271–272, quoting Collins v. Harker Heights, Tex., 503 U.S. 115, 125 (1992).  Plaintiffs, however, did not solely allege that Defendants' deprived them of their substantive due process rights by prosecuting and/or arresting Plaintiffs without probable cause; rather, Plaintiffs alleged that by selectively, arbitrarily and/or intentionally enforcing various *de jure* and *de facto* discriminatory municipal ordinances, Defendants violated the Plaintiffs' equal protection and due process rights as guaranteed by the U.S. CONST. amend. XIV, § 1.

Furthermore, Defendants' malicious prosecution, arrests and abuse of process violated Plaintiffs' rights to be free from unreasonable searches and seizures as guaranteed by U.S. CONST. amend. IV. (Doc. No. 52, Exhibit A, ¶¶ 107 and 108; and Doc. No. 1, ¶¶ 98 and 99).

**(a)    Fourteenth Amendment Equal Protection Claim.**

The Fourteenth Amendment provides, in pertinent part: "[N]o State shall … deny to any person within its jurisdiction the equal protection of the laws." U.S. CONST. amend. XIV, § 1. Equal protection violations are actionable under 42 U.S.C. § 1983. See Campbell v. Rainbow City, Ala., 434 F.3d 1306, 1314 (11th Cir. 2006); Strickland v. Alderman, 74 F.3d 260 (11th Cir. 1996); E&T Realty v. Strickland, 830 F.2d 1107 (11th Cir. 1987).

The Supreme Court has held that "[t]he purpose of the equal protection clause of the Fourteenth Amendment is to secure every person within the State's jurisdiction against intentional and arbitrary discrimination, whether occasioned by express terms of a statute or by its improper execution through duly constituted agents." Village of Willowbrook v. Olech, 528 U.S. 562, 564 (2000), citations omitted. Furthermore, the Court has recognized successful equal protection claims brought by a "class of one" where a single plaintiff alleges that she has been intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment. Id. The 11th Circuit has also utilized the "class of one" approach. See Campbell, 434 F.3d at 1314. Defendants, by selectively, arbitrarily and/or intentionally enforcing various *de jure* and *de facto* discriminatory municipal ordinances, instituting groundless criminal proceedings and selectively targeting to put Plaintiffs out of business, denied Plaintiffs

equal protection under the laws in violation of the Fourteenth Amendment.  (Doc. No. 52, Exhibit A, ¶¶ 107 and 108).

Additionally, the city ordinance passed on the 18th day of December, 2007, and amended on or about the 8th day of January, 2008, provided "grandfather clauses," which exempted only current Tavern and Private Club Class I or Class II licensees from compliance with the hours of sale requirements.  Both types of licenses (i.e., Private Club Class I or Class II, Retail table wine–On or off premises, and Retail beer–On or off premises) were permitted to allow patrons to possess alcoholic beverages past the hour of 2:30 a.m.  These legislative ordinances prevented the fulfillment of the purpose of the ordinance, which was, presumably, to forbid possession of alcoholic beverages in serving establishments after the hour of 2:30 a.m.  In Harrison v. Buckhalt, 364 So.2d 283, 285–286 (Ala. 1978), the Supreme Court of Alabama held that a grandfather clause which prevented the ultimate purpose of an alcohol prohibition ordinance was discriminatory, arbitrary, unreasonable, and therefore a denial of equal protection of the laws.  Id. In the present case, because the Auburn ordinances (i.e., Section 3–51 of the Code of the City of Auburn, as amended), prevented fulfillment of the ultimate purpose of the legislation, said ordinances violated Plaintiffs' equal protection rights and are unconstitutional.

**(b)     Fourth Amendment Malicious Prosecution Claim.**

Plaintiffs allege that Defendants violated Plaintiffs' right to be free from unreasonable searches and seizures by maliciously targeting and prosecuting Plaintiffs, in violation of the Fourth Amendment.  (Doc. No. 1 ¶¶ 98 and 99; and Doc. No. 52, ¶¶ 107 and 108).  Malicious prosecution claims are actionable under the Fourth Amendment.

Marshall v. West, 507 F.Supp.2d 1285, 1301 (M.D. Ala. 2007); See Wood v. Kesler, 323 F.3d 872, 881 (11th Cir. 2003); Uboh v. Reno, 141 F.3d 1000, 1002–03 (11th Cir. 1998); see also Whiting v. Taylor, 85 F.3d 581, 584 & n.4 (11th Cir. 1996).  Furthermore, the Fourth Amendment right against illegal searches and seizures is applicable to the states via the due process clause of the Fourteenth Amendment.  See Mapp v. Ohio, 367 U.S.643 (1961).  Plaintiffs' Section 1983 claim was properly pled and under the motion to dismiss standard, is not due to be dismissed.

**(c)     Fourteenth Amendment Due Process Claims.**

The due process clause of the Fourteenth Amendment provides "nor shall any State deprive any person of life, liberty, or property, without due process of law." U.S. CONST. amend. XIV, § 1.  The due process clause is applicable to municipalities through 42 U.S.C. § 1983.  See Ellis v. City of Montgomery, 460 F.Supp.2d 1301 (M.D. Ala. 2006).  The Supreme Court's interpretation of this clause "explicates that the amendment provides two different kinds of constitutional protection:  procedural due process and substantive due process." McKinney v. Pate, 20 F.3d 1550, 1555 (11th Cir. 1994), cert. denied,  McKinney v. Osceola Cty Bd. of Cty Comm., 513 U.S. 1110, 1110 (1990) Cf. Zinerman v. Burch, 494 U.S. 113, 125 (1990).  A violation of either of these kinds of protection may form the basis for a suit under 42 U.S.C. § 1983.  Id; see also Carey v. Piphus, 435 U.S. 247 (1978).

Plaintiffs also alleged numerous violations of both substantive and procedural due process under the Fourteenth Amendment.  Plaintiffs allege that Defendants violated Plaintiffs' substantive and procedural due process rights by:  selectively enforcing facially neutral and *de jure* discriminatory municipal ordinances; arbitrarily, capriciously,

recklessly, wantonly, intentionally and/or recklessly applying and enforcing erroneous occupancy numbers of Plaintiffs' establishments; and by working to deny Plaintiffs' fundamental rights that are implicit in the concept of ordered liberty. As such, Plaintiffs' properly alleged a violation of the Fourteenth Amendment, and their claims therein are not due to be dismissed.

      **i.**     **Plaintiffs' Procedural Due Process Claims.**

Plaintiffs allege that Defendants' executive decisions to arbitrarily and capriciously issue incorrect occupancy numbers, which were not established pursuant to the appropriate rules and regulations and were much lower than required by the applicable rules and regulations, violated procedural due process. (Doc. No. 1, ¶¶ 36, 37, 42, 43, 50, 63, 75, 78 and 82; and Doc. No. 52, Exhibit A, ¶¶ 36, 41, 49, 62, 74, 77 and 81).

It is well-settled that procedural due process claims are actionable under Section 1983. See Carey, 435 U.S. 247 (1978) (holding that a deprivation of procedural due process is actionable under Section 1983 without regard to whether the same deprivation would have taken place even in the presence of proper procedural safeguards). The 11th Circuit in McKinney, *supra*, held that in "non-legislative cases," otherwise referred to as "executive-act cases," the plaintiff alleging a due process violation may assert a claim only for *procedural* due process. McKinney, 513 F.3d at 1153 (emphasis in the original); see Wohl v. City of Hollywood, 915 F.Supp. 339 (S.D. Fla. 1995). In order to prevail on a procedural due process claim, a Plaintiff must prove three elements: "(1) a deprivation of a constitutionally-protected liberty or property interest; (2)

state action; and (3) constitutionally-inadequate process." Harris v. Borg,  2007

WL 2893419, *6 (Sept. 28, 2007 M.D. Ala.), quoting Arrington v. Helms, 438

F.3d 1336, 1347 (11th Cir. 2006) (internal quotation marks and citation omitted).

In the present case, Plaintiffs were denied procedural due process via

Defendants' arbitrary, capricious and selectively targeted assignment of

occupancy numbers.  Moreover, not only were Plaintiffs disallowed the

proper occupancy number to which they were entitled, but they were also

cited and/or arrested and made to appear in the Municipal Court of

Auburn, Alabama to answer charges resulting from the same.  Defendants'

actions, through a state action, deprived Plaintiffs of a constitutionally-protected

liberty or interest, (i.e., freedom to lawfully operate their businesses).  Defendants

accomplished this through a constitutionally inadequate process (i.e., by

arbitrarily, knowingly and/or capriciously assigning incorrect occupancy numbers

and citing Plaintiffs for violations thereof).  Thus, these actions violated

Plaintiffs' procedural due process rights as guaranteed by the Fourteenth

Amendment to the United States Constitution.

**(ii)     Plaintiffs' Substantive Due Process Claims.**

Plaintiffs also contend that Defendants violated their substantive due

process rights.  The substantive component of the due process clause protects

those fundamental rights that are "implicit in the concept of ordered liberty[.]"

Palko v. Connecticut, 302 U.S. 319, 325 (1937).  The substantive component of

the due process clause bars certain arbitrary, wrongful government actions

"regardless of the fairness of the procedures used to implement them."  Daniels v.

Williams, 474 U.S. 327, 331 (1986). "To support a claim under the Fourteenth Amendment for deprivation of property without due process of law, the [Plaintiff] must first establish that [he] had a valid 'property interest' in some benefit that was protectible under the Fourteenth Amendment at the time [he was] deprived." Spence v. Zimmerman, 873 F.2d 256, 258 (11th Cir. 1989). Second, the plaintiff must demonstrate "that the City was acting with an improper motive or was acting arbitrarily or capriciously without rational basis for its actions." Id. at 260. The Supreme Court has held that substantive due process denotes "not merely freedom from bodily restraint, but also the right of the individual to contract, to engage in any of the common occupations of life ... and generally to enjoy those privileges long recognized as essential to the orderly pursuit of happiness by free men." Bd. of Regents v. Roth, 408 U.S. 564, 571 (1972), quoting Meyer v. Nebraska, 262 U.S. 390, 399 (1923). Plaintiffs' right to operate their businesses in a lawful manner fairly under the process of law is undoubtedly such a necessary property interest. In the present case, Plaintiffs were prohibited from conducting their businesses in a lawful manner, vis-à-vis other businesses similarly situation in the City of Auburn, Alabama. Each time Plaintiffs opened a business pursuant to a license issued by the City which contained no and/or limited restrictions, the City immediately proceeded to place restrictions on the licensees. Plaintiffs currently operate three establishments licensed for the sale of alcoholic beverages: a Restaurant-Lounge, a Lounge and a Tavern. The City has passed or sought the passage of ordinances to limit all of Plaintiffs' licenses and specifically targeting Plaintiffs' businesses. (Doc. No. 52, Exhibit A, ¶ 91).

Said ordinances, passed by and through Defendants Ham and Auburn, worked

to deprive Plaintiffs of their due process rights to conduct their businesses.

**(7)    Plaintiffs' Fifth Amendment Claim.**

Defendants allege that Plaintiffs have failed to state a claim under the Fifth Amendment to the United States Constitution, as the protections of the Fifth Amendment are inapplicable to state government actors. (Doc. No. 49, pp. 9–10, § I.). Plaintiffs agree that these claims for Fifth Amendment violations against any and all Defendants may not be maintained, as no named party Defendant in this cause of action is a Federal actor. As such, Plaintiffs struck any claims encompassing Fifth Amendment violations in their proposed first amended complaint. (Doc. No. 52, "Exhibit A").

**(8)    False Arrest/False Imprisonment.**

Defendants next allege that there are no allegations of any arrests/imprisonment against Plaintiffs Pat Grider or Dan Grider within two years of the filing of Plaintiffs' complaint. Defendants' assertion is patently incorrect. In both the initial and proposed first amended complaints, Plaintiffs alleged that Plaintiff Pat Grider was cited by Defendant Massey on or about October 14, 2006. Plaintiff Pat Grider was ordered to appear before the Auburn Municipal Court on a charge of violating Section 5–16 of the Code of the City of Auburn, AL[.]" (Doc. No. 1, ¶ 77; and Doc. No. 52, Exhibit A, ¶ 76). Said arrest occurred within two years of the filing of this cause of action. Plaintiff Pat Grider was convicted of violating said ordinance in the Municipal Court of Auburn, Alabama. Said Plaintiff appealed said conviction to the Circuit Court of Lee County, Alabama. Defendant, Auburn, moved the Circuit Court of Lee County, Alabama, to dismiss and *nolle prosequi* said case on the 11th day of February, 2008. Plaintiffs' allegations of false arrest/imprisonment are not due to be dismissed.

**(9)     Intracorporate Conspiracy Doctrine.**

Defendants next argue that Plaintiffs' conspiracy claims are due to be dismissed because of the Intracorporate Conspiracy doctrine.  (Doc. No. 35, ¶ 9; and Doc. No. 49, p. 9, § H.).  "A corporation cannot conspire with its employees, and its employees, when acting in the line and scope of their employment, cannot conspire among themselves."  <u>McAndrew v. Lockheed Martin Corp.</u>, 206  F.3d 1031, 1036 (2000) (en banc).

There is no doubt that conspiring to violate another individual's constitutional rights violates § 1983.  <u>Dennis v. Sparks</u>, 449 U.S. 24, 27 (1980); <u>Rowe v. City of Fort Lauderdale</u>, 279 F.3d 1271, 1283 (11th Cir. 2002).  "To prove a § 1983 conspiracy, a plaintiff must show that the parties 'reached an understanding' to deny the plaintiff his rights and prove that "[t]he conspiratorial acts [impinged] upon the federal rights."  <u>Bendiburg v. Dempsey</u>, 909 F.2d 463, 468 (11th Cir. 1990), <u>cert. denied</u>, 500 U.S. 932 (1991).

The key determinate of the intracorporate conspiracy doctrine is "when acting within the line and scope of employment."  The intracorporate conspiracy doctrine does not apply when an individual is not acting within the line and scope of their employment nor where personal motives are involved.  "[W]here an employee's behavior is 'the result of, or impelled by, wholly personal motives,' it cannot be said that the employee's actions are within the line and scope of his employment."  <u>Titan Indem. Co. v. Newton</u>, 39 F.Supp.2d 1336 (N.D. Ala. 1999), citing <u>Koonce v. Craft,</u> 234 Ala. 278, 174 So. 478 (Ala.1937).   Section  1983 "imposes liability on state officials for conduct taken within, as well as 'without[,] the scope of their authority.'"  <u>Shrader v. Employers Mut. Cas. Co.</u>, 907 So. 2d 1026, 1032 (Ala. 2005) citing <u>Westberry v. Fisher</u>, 309 F.Supp. 12, 15 (D. Me. 1970).

The discovery in this case has not begun.  The testimony at the above referenced preliminary hearing appears to refute the applicability of the intraconspiracy doctrine in the present case.  See Horne v. Russell County Comm'n., 295 F.Supp.2d 289, 296 (M.D. Ala. 2003). Conspiracy by its nature is secretive and can usually only be derived through thorough discovery.  See  Peters v. Amoco Oil Co., 57 F.Supp.2d 1268, 1281 (M.D. Ala. 1999).

**(10)    Plaintiffs' 42 U.S.C. § 1983 Claim.**

Defendants next argue that any alleged violation of 42 U.S.C. § 1983 in which the conduct occurred by November 20, 2005, is barred by the statute of limitations.  (Doc. No. 49, p. 5, § D.).  Plaintiffs do not dispute the fact that the statute of limitations in a Section 1983 action is two years; however, Plaintiffs could not and did not learn of many of the facts giving rise to a Section 1983 until after November 20, 2005.

The issue in the present case is when did Plaintiffs' Section 1983 cause of action accrue. The two-year period to file a suit does not begin to run until the facts which would support a cause of action are apparent or should be apparent to a person with a reasonably prudent regard for his rights.  Mullinax, 817 F.2d at 716.  Furthermore, a Section 1983 action will not accrue until the plaintiff is aware of the entity inflicting Plaintiffs' injury.  O'Ferrell v. U.S., 998 F.Supp. 1364, 1373 (M.D. Ala. 1998).

Dismissal of Plaintiffs' Section 1983 claim would not be inappropriate, as "[t]he [present] complaint does not demonstrate, on its face, that the plaintiff's cause of action accrued more than two years before the complaint was filed and, thus, does not affirmatively establish that defendants are entitled to prevail on their statute of limitations defense." Cliatt v. Phenix City, Alabama, 2007 WL 328069, *1 (M.D. Ala. Feb 02, 2007).  See Omar ex rel. Cannon v. Lindsey, 334 F.3d 1246 (11th Cir. 2003) (holding that dismissal of a complaint under the motion

to dismiss standard would be premature because such a resolution would depend either on facts

not yet in evidence or on construing factual ambiguities in the complaint in Defendants' favor,

which would be inappropriate).

Plaintiffs' complaints set forth the date of the injury; however, the complaints do not

indicate when Plaintiffs learned or should have learned that the Defendants in the present case

inflicted the injury, other than a reference to the November 29, 2005 preliminary hearing.  (Doc.

No. 1, ¶¶ 65, 69 and 71; and Doc. No. 52, Exhibit A, ¶¶ 66, 68, 70).  Plaintiffs did not or could

not have reasonably learned of the facts giving rise to a Section 1983 claim until November 29,

2005, during a preliminary hearing before the District Court of Lee County, Alabama.  At said

hearing, Defendant Neal, under oath and on the record, admitted that an operation was conducted

at the behest of City officials to "shut the Griders down."  Defendant Neal further admitted that

he had discussed doing so with other APD officers.  Until this time, Plaintiffs did not and could

not have reason to know of Defendants' ongoing conspiracy, plan and/or scheme.

**(11)    Statute of Limitations for Malicious Prosecution, Abuse of Process, Wantonness and
Negligence.**

Defendants next contend that Plaintiffs' claims for malicious prosecution are barred by

the two-year statute of limitations.  (Doc. No. 49, pp. 6–7, § E.).  As set forth above, the Fourth

Amendment protects individuals from malicious prosecutions.  Marshall, 507 F.Supp.2d 1285;

Wood, 323 F.3d 872, 881 (11th Cir. 2003); Uboh, 141 F.3d 1000 (11th Cir. 1998); see also

Whiting, 85 F.3d 581.  Under Alabama law, the common law tort of malicious prosecution

requires a plaintiff to show the following: "(1) a prior judicial proceeding was instituted by the

defendant [.]; (2) the defendant acted without probable cause in the prior proceeding; (3) the

defendant acted with malice in instituting the prior proceeding; (4) **the prior proceeding ended**

**in favor of the plaintiff**; and (5) the plaintiff was damaged."  U.S. Steel, LLC v. Tieco, Inc., 261

F.3d 1275, 1289–90 (11th Cir. 2001) (emphasis added).  "[A] cause of action for malicious prosecution does not accrue until the criminal proceedings have terminated in the plaintiff's favor…"  Heck v. Humphrey, 512 U.S. 477, 490 (1994).  Where a Section 1983 Plaintiff is seized following the institution of a prosecution (e.g., after a warrant has been issued for arrest or after an information has been filed) and he seeks to recover damages for all the elements of the prosecution, he can properly wait until the prosecution terminates in his favor to bring his Section 1983 action.  Whiting, 85 F.3d at 585–586.  See, e.g., Calero-Colon v. Betancourt-Lebron, 68 F.3d 1, 4 (1st Cir. 1995) Cf. Heck, 512 U.S. at 484.  "The statute of limitations will not bar the action as long as the action is promptly brought when the prosecution has terminated."  Whiting, 85 F.3d at 586.

As referenced in paragraphs 64–70 of Plaintiffs' initial and proposed first amended complaints, on or about the 30th day of September, 2005, Plaintiff, Pat Grider, was charged in the District Court of Lee County, Alabama, in case number DC–05–2694 for allegedly bribing a public servant. (Doc. No. 1, ¶ 70; and Doc. No. 52, ¶ 69).  Pat Grider was arrested, made to post bond and appear before the District Court of Lee County, Alabama.  (Doc. No.1, ¶ 70; and Doc. No. 52, ¶ 69).  On November 25, 2005, Pat Grider's attempted bribery case was terminated in his favor, as the case was dismissed following an *ore tenus* hearing, for lack of probable cause. (Doc. No.1, ¶ 71; and Doc. No. 52, ¶ 70).  Because a cause of action could not accrue until the proceeding had been terminated in Plaintiff's favor (i.e., on November 29, 2005), the statue of limitations for malicious prosecution did not begin to run until then, and Plaintiffs' initial complaint, filed on or about November 21, 2007, is within the two-year statute of limitations as proscribed by ALA. CODE § 6–2–38 (1975).

Furthermore, in both the initial and first amended complaints, Plaintiffs alleged that Plaintiff, Pat Grider, was cited by Defendant Massey on or about October 14, 2006.  (Doc. No. 52, Exhibit A, ¶ 76).  Plaintiff Pat Grider was ordered to appear before the Auburn Municipal Court on the concerning a charge of violating Section 5–16 of the Code of the City of Auburn, AL[.]"  (Doc. No. 52, Exhibit A, ¶ 76).  Said arrest within the two years of the filing of this cause of action.  Defendants moved the Circuit Court of Lee County, Alabama to dismiss and *nolle prosequi* said case on the 11th day of February, 2008.  Plaintiffs' allegations of malicious prosecution are not due to be dismissed.

**(12)   Plaintiffs' claims for deceit, fraudulent suppression and fraudulent misrepresentation.**

The Defendants' claim the complaint is "convoluted".  This assertion is without merit. The claim conforms with FED. R. CIV. P. 9(b).  The complaint states with particularity the circumstances constituting fraud.  However, perhaps the Defendants are in need of more specificity, which can and will be available in an amended complaint.

The Defendants claim that "to the extent that the Plaintiffs' allege deceit, fraudulent suppression and /or fraudulent misrepresentation occurring prior to November 20, 2005, their claims are barred by the two-year statute of limitations."  However, the elements of fraud are: "(1) a false representation (2) of a material existing fact (3) reasonably relied upon by the plaintiff (4) who suffered damage as a proximate consequence of the misrepresentation." Exxon Mobil Corp. v. Ala. Dept. of Conservation and Natural Res., 2007 WL 3224585 *17 (Ala. Nov. 01, 2007), citations omitted.

The Plaintiffs could not have legitimately filed a claim for deceit, fraudulent suppression or fraudulent misrepresentation until they were damaged as a proximate cause of the false representation of a material fact.  Therefore, to use the example offered by the Defendants,

although the Plaintiffs may have known the assigned occupancy numbers were wrong at some time prior to November 20, 2005, simply knowing these numbers are wrong do not give rise to a claim of fraud without the Plaintiffs being damaged by the deceit, fraudulent misrepresentation or fraudulent concealment.

The Plaintiffs are not barred by the two-year statute of limitation for any claims that did not accrue until after November 20, 2005.  See ALA. CODE §6–2–3 (1975).

**(13)    Plaintiffs' 42 U.S.C. § 1985 claim**

Defendants allege that Plaintiffs have failed to state a claim under the Fifth Amendment to the United States Constitution, as the protections of the Fifth Amendment are inapplicable to state government actors.  (Doc. No. 49, pp. 4–5, § C.).  Plaintiffs agree that these claims for Section 1985 claims against any and all Defendants may not be maintained.  As such, Plaintiffs did not state any claims for Section 1985 violations in their first amended complaint.  (Doc. No. 52, Exhibit A).

**(14)    Statutory Immunity from Punitive Damages.**

Defendants next cite ALA. CODE § 6–11–26 (1975) for the proposition that Auburn enjoys immunity from punitive damages.  (Doc. No. 49, p. 8, § G).  Plaintiffs agree that Defendants make a correct statement of law in their citation of § 6–11–26, regarding a claim for punitive damages against that Defendant; however, Plaintiffs did not seek punitive damages from Auburn in either their initial complaint or proposed first amended complaint.  Furthermore, Plaintiffs do not agree that such is a proper ground for a motion to dismiss.  Auburn's immunity from punitive damages would be relevant during a charge conference.  Defendants cite no authority that would prevent the award of punitive damages against the remaining Defendants.

**CONCLUSION**

For the above stated reasons, the motion to dismiss filed by Defendant, City of Auburn, Alabama, as to Plaintiffs' claims against said Defendant for of malicious prosecution (Doc. No. I, Count III; and Doc. No. 52, Exhibit A, Count II); abuse of process (Doc. No. I, Count IV; and Doc. No. 52, Exhibit A, Count III); wantonness (Doc. No. I, Count VII; and Doc. No. 52, Exhibit A, Count VII), deceit (Doc. No. I, Count IX; and Doc. No. 52, Exhibit A, Count VIII); fraudulent suppression (Doc. No. 1, Count X; and Doc. No. 52, Exhibit A, Count IX); and fraudulent misrepresentation (Doc. No. 1, Count XI; and Doc. No. 52, Exhibit A, Count X), to the extent that those claims involve wanton and/or intentional acts, is due to be granted.

If this Honorable Court is inclined to grant Plaintiffs' motion for leave to file their first amended complaint, Defendants' motion to dismiss as to any claim encompassing the Fifth Amendment to the United States Constitution is due to be dismissed as moot, as Plaintiffs amended any such claims in their proposed first amended complaint.  (Doc. No. 52, Exhibit A). Furthermore, if the Court allows said amendment, Defendants' motion to dismiss Plaintiffs' 42 U.S.C. § 1985 claim (Doc. No. 1, Count II) is due to be denied as moot.

Defendants' motion to dismiss as to the remainder of Plaintiffs' claims is due to be denied.

WHEREFORE, Plaintiffs pray this Honorable Court will deny Defendants' motion to dismiss except as to the above referenced claims.

Respectfully submitted this the 20th day of February, 2008.

WHITTELSEY, WHITTELSEY & POOLE, P.C.


_____/s/ Davis B Whittelsey_____
BY:    DAVIS B. WHITTELSEY (WHI067)
       W. DAVID  DAWSON(DAW013)
       Attorneys for Defendants
       Post Office Box 106
       Opelika, Alabama 36803-0106
       Tel.:    (334) 745-7766
       Fax:     (334) 745-7666
       E-mail: dwhittelsey@wwp-law.com
       E-mail: ddawson@wwp-law.com

## CERTIFICATE OF SERVICE

I hereby certify that on this the 20th day of February, 2008, I have electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification to the following via e-mail:

Randall Morgan
HILL, CARTER, FRANCO, COLE & BLACK, P.C.
425 South Perry Street
Post Office Box 116
Montgomery, Alabama 36106-0116
(334) 834-7600

/s/ Davis B Whittelsey_____
DAVIS B. WHITTELSEY