IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

PATRICK JAMES GRIDER, an )
individual Alabama resident; )
DANIEL JOSEPH  GRIDER, an )
individual Alabama resident; )
THE FOURTH QUARTER, an )
Alabama corporation; THE )
GRID, INC., an Alabama )
corporation; and GRIDER, INC., )
an Alabama corporation, )
  )
Plaintiffs, )
  )
v. )           NO: 3:07-cv-1031-MHT
  )
CITY OF AUBURN, ALABAMA, an )
Alabama Municipal Corporation; )
WILLIAM HAM, JR., an individual )
Alabama resident; JAMES TREY )
NEAL, III, an individual Alabama )
resident; JASON CROOK; an )
individual Alabama resident; )
CHRISTOPHER CARVER, an )
individual Alabama resident; )
SLONE MADDOX, an individual )
Alabama resident; JASON )
SPARKS, an individual Alabama )
resident; ANDREW MEEKS, an )
individual Alabama resident; )
THOMAS MASSEY, an individual )
Alabama resident; WILLIAM )
JAMES, an individual Alabama )
resident; and CHARLES M. )
DUGGAN, JR., an individual )
Alabama resident, )
  )
Defendants. )

## DEFENDANTS' MOTION TO DISMISS
## PLAINTIFFS' FIRST AMENDED COMPLAINT

Defendants, City of Auburn, Alabama ("Auburn"); William Ham, Jr. ("Ham"); James Trey Neal, III ("Neal"); Jason Crook ("Crook"); Christopher Carver ("Carver"); Slone Maddox ("Maddox"); Jason Sparks ("Sparks"); Andrew Meeks ("Meeks"); Thomas Massey ("Massey"); William James ("James"); and Charles M. Duggan, Jr. ("Duggan") (collectively the "Defendants"), respectfully submit this Motion to Dismiss Plaintiffs' First Amended Complaint.

1.    The following claims asserted against Auburn by the Defendants are due to be dismissed under Code of Alabama, Section 11-47-190, as amended (1975): malicious prosecution, abuse of process, false arrest, false imprisonment, conspiracy, wantonness, deceit, fraudulent suppression, fraudulent misrepresentation, and tortious interference with business and contractual relations.  Each cause of action has at its heart intentional and/or wanton conduct, and is therefore barred pursuant to the provisions of Section 11-47-190.

2.    All factual allegations under Alabama state law theories of malicious prosecution, abuse of process, negligence, wantonness, negligent hiring, training, and supervision, and tortious interference with business and contractual relations against all Defendants arising prior to November 20, 2005, are due to be dismissed on the basis of the appropriate two year statute of limitations.

3.    All factual allegations under Alabama state law theories of deceit, fraudulent suppression, and fraudulent misrepresentation against all Defendants

2

arising prior to November 20, 2005, are due to be dismissed on the basis of the appropriate two year statute of limitations. Plaintiffs have failed to toll the statute of limitations, in that a reasonable person would have had constructive knowledge of the alleged fraudulent behavior of the Defendants.

4.    All factual allegations under 42 U.S.C. § 1983 occurring prior to November 20, 2005, are due to be dismissed based on the appropriate two year statute of limitations for Section 1983 claims.

5.    Plaintiffs cannot maintain an unreasonable search and seizure, and false arrest claim under Section 1983 because a citation is not an arrest for purposes of the Fourth Amendment. *See Martinez v. Carr*, 479 F.3d 1292, 1295 (10th Cir. 2007). These claims are due to be dismissed as they fail to state a claim upon which relief can be granted.

6.    Plaintiffs cannot maintain their conspiracy claim against all Defendants because of application of the intra-corporate conspiracy doctrine. *See Albra v. City of Fort Lauderdale*, 232 Fed. Appx. 885, 891 (11th Cir. 2007). Auburn cannot conspire with its employees, and Auburn's employees cannot conspire with each other, while acting in the line and scope of their employment.

7.    The municipal ordinances in question are constitutionally valid because they are rationally related to a legitimate government purpose. Furthermore, Plaintiffs cannot obtain relief under the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution because they have failed to identify a similarly situated individual.

3

Respectfully submitted,

_/s/ Randall Morgan_

RANDALL MORGAN [MOR037]
W. MICHAEL HILL, JR. [HIL062]
Attorneys for Defendant City of Auburn, Alabama, William Ham, Jr., James Trey Neal, III, Jason Crook, Christopher Carver, Slone Maddox, Jason Sparks, Andrew Meeks, Thomas Massey, William James, and Charles M. Duggan, Jr.

OF COUNSEL:
**HILL, HILL, CARTER, FRANCO,
   COLE & BLACK, P.C.**
425 South Perry Street
Montgomery, Alabama 36104
(334) 834-7600
(334) 263-5969...FAX

## CERTIFICATE OF SERVICE

I hereby certify that on this the 11th day of April, 2008, I have electronically filed the foregoing Motion to Dismiss Plaintiffs' Amended Complaint with the Clerk of the Court using the CM/ECF system, which will send notification to the following via email:

Davis B. Whittelsey, Esq.
Whittelsey, Whittelsey & Poole, P.C.
P.O. Box 106
Opelika, Alabama 36803-0106

_/s/ Randall Morgan_

OF COUNSEL

4