IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| PATRICK JAMES GRIDER, an individual Alabama resident; DANIEL JOSEPH GRIDER, an individual Alabama resident; THE FOURTH QUARTER, an Alabama corporation; THE GRID, INC., an Alabama corporation; and GRIDER, INC., an Alabama corporation, | ) ) ) ) ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) CASE NO: 3:07-cv-1031-MHT ) |
| CITY OF AUBURN, ALABAMA, an Alabama Municipal Corporation; WILLIAM HAM, JR., an individual Alabama resident; JAMES TREY NEAL, III, an individual Alabama resident; JASON CROOK; an individual Alabama resident; CHRISTOPHER CARVER, an individual Alabama resident; SLONE MADDOX, an individual Alabama resident; JASON SPARKS, an individual Alabama resident; ANDREW MEEKS, an individual Alabama resident; THOMAS MASSEY, an individual Alabama resident; WILLIAM JAMES, an individual Alabama resident; DOUGLAS WATSON, an individual Alabama resident and CHARLES M. DUGGAN, JR., an individual Alabama resident, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) |
| Defendants. | ) ) |

**DEFENDANT CITY OF AUBURN'S ANSWER
TO PLAINTIFFS' FIRST AMENDED COMPLAINT**

COMES NOW the Defendant **City of Auburn** and herewith gives answer as follows:

**I.  Introduction**

1.      This Defendant denies the allegations of paragraph 1.

1

## II.  Jurisdiction and Venue

2.    This Defendant denies this Court has jurisdiction and denies the allegations of paragraph 2.

3.    This Defendant denies this Court has and/or should exercise jurisdiction over any pendant claims and denies the allegations of paragraph 3.

4.    This Defendant admits venue is proper but denies any wrongdoing and otherwise denies the allegations of paragraph 4.

## III.  Parties

5.    This Defendant has insufficient information upon which to properly respond and, therefore, denies the allegations of paragraph 5.

6.    This Defendant has insufficient information upon which to properly respond and, therefore, denies the allegations of paragraph 6.

7.    This Defendant has insufficient information upon which to properly respond and, therefore, denies the allegations of paragraph 7.

8.    This Defendant has insufficient information upon which to properly respond and, therefore, denies the allegations of paragraph 8.

9.    This Defendant admits the allegations of paragraph 9.

10.    This Defendant admits that William Ham, Jr. is an adult individual resident over the age of nineteen (19) years and currently serves as Mayor of the City of Auburn, Alabama; otherwise, this Defendant denies the allegations of paragraph 10.

11.    This Defendant admits that James Trey Neal, III is an adult individual, Alabama resident over the age of nineteen (19), who is employed by the City of Auburn as a police officer; otherwise, Defendant denies the remaining allegations of paragraph 11.

2

12.    This Defendant admits that Jason Crook is an adult individual, Alabama resident over the age of nineteen (19), who is employed by the City of Auburn as a police officer; otherwise, Defendant denies the remaining allegations of paragraph 12.

13.    This Defendant admits that Christopher Carver is an adult individual, Alabama resident over the age of nineteen (19), who is employed by the City of Auburn as a police officer; otherwise, Defendant denies the remaining allegations of paragraph 12.

14.    This Defendant admits that Slone Maddox is an adult individual,  Alabama resident over the age of nineteen (19), who is employed by the City of Auburn as a police officer; otherwise, Defendant denies the remaining allegations of paragraph 14.

15.    This Defendant admits that Jerry Sparks is an adult individual,  Alabama resident over the age of nineteen (19), who is employed by the City of Auburn as a police officer; otherwise, Defendant denies the remaining allegations of paragraph 15.

16.    This Defendant admits the allegations of paragraph 16.

17.    This Defendant admits that Thomas Massey is an individual resident over the age of nineteen (19) and was employed as a Fire Inspector for the City of Auburn; otherwise, it denies the remaining allegations of paragraph 17.

18.    This Defendant admits the allegations of paragraph 18.

19.    This Defendant admits the allegations of paragraph 19.

20.    This Defendant denies the allegations of paragraph 20.

## IV.  Summary of Facts

21.    This Defendant repeats, realleges, and incorporates by reference its responses to paragraphs 1-20; otherwise, Defendant denies the allegations of paragraph 21.

3

22.     This Defendant has insufficient information upon which to respond to the allegations of paragraph 22 and, therefore, denies same.

23.     This Defendant has insufficient information upon which to respond to the allegations of paragraph 23 and, therefore, denies same.

24.     This Defendant has insufficient information upon which to respond to the allegations of paragraph 24 and, therefore, denies same.

25.     This Defendant admits the allegations of paragraph 25.

26.     This Defendant has insufficient information upon which to respond to the allegations of paragraph 26, and, therefore denies same.

27.     This Defendant denies the allegations of paragraph 27.

28.     This Defendant has insufficient information upon which to respond to the allegations of paragraph 28 and, therefore, denies same.

29.     This Defendant denies the allegations of paragraph 29.

30.     This Defendant admits Plaintiffs failed to meet the 40% requirement; otherwise, this Defendant denies the allegations of paragraph 30.

31.     This Defendant admits the allegations of paragraph 31.

32.     This Defendant admits The Blue Room had a probationary period to comply with the ordinance; otherwise, this Defendant denies the allegations of paragraph 32.

33.     This Defendant admits Ordinance No. 1980 was adopted February 6, 2001 which speaks for itself; otherwise, Defendant denies the allegations of paragraph 33.

34.     This Defendant admits a letter was sent advising of an audit; otherwise, this Defendant denies the allegations of paragraph 34.

35.     This Defendant admits the occupancy capacity of the Highlands in June, 2003

4

was 173; otherwise, Defendant denies the allegations of paragraph 35.

36.    This Defendant denies the allegations of paragraph 36.

37.    This Defendant admits at some point Bodega's was removed from probation; otherwise, Defendant denies the allegations of paragraph 39.

38.    This Defendant admits Doug Watson at one time indicated buffet sales could be included; otherwise Defendant denies the allegations of paragraph 38.

39.    This Defendant denies the allegations of paragraph 39.

40.    This Defendant admits any action taken at the September 4, 2001 City Council meeting is set out in the minutes of the meeting; otherwise, this Defendant denies the allegations of paragraph 40.

41.    This Defendant admits the occupancy capacity for The Blue Room in September, 2001 was 603; otherwise, Defendant denies the allegations of paragraph 41.

42.    This Defendant denies the allegations of paragraph 42.

43.    This Defendant admits on September 18, 2001, the City Council passed Resolution No. 01-112 which speaks for itself; otherwise, Defendant denies the allegations of paragraph 43.

44.    This Defendant admits on November 20, 2001, the City Council passed Ordinance No. 2032, the terms of which speak for itself; otherwise, Defendant denies the allegations of paragraph 44.

45.    This Defendant admits on November 20, 2001, the City Council passed Ordinance No. 2032, the terms of which speak for itself; otherwise, Defendant denies the allegations of paragraph 45.

46.    This Defendant denies the allegations of paragraph 46.

47.    This Defendant has insufficient information to respond, and, therefore, denies the allegations of paragraph 47.

48.    This Defendant admits that §28-3A-25(a)(21), Code of Alabama, speaks for itself; otherwise, it denies the allegations of paragraph 48.

49.    This Defendant admits the occupancy capacity of the Highlands in April, 2003 was 477; otherwise, Defendant denies the allegations of paragraph 49.

50.    This Defendant admits Dan Grider was arrested on or about November 11, 2003 for a liquor law violation and pled guilty to said charge; otherwise, this Defendant denies the allegations of paragraph 50.

51.    This Defendant admits on numerous occasions Plaintiffs violated the occupancy capacity for The Blue Room; otherwise, Defendant denies the allegations of paragraph 51.

52.    This Defendant admits that Pat Grider and Dan Grider were charged with an overcrowding violation in February, 2004; otherwise, this Defendant denies the allegations of paragraph 52.

53.    This Defendant denies the allegations of paragraph 53.

54.    This Defendant admits Plaintiffs Pat Grider and Dan Grider were sentenced to community service; otherwise, this Defendant denies the allegations of paragraph 54.

55.    This Defendant denies the allegations of paragraph 55.

56.    This Defendant denies the allegations of paragraph 56.

57.    This Defendant denies the allegations of paragraph 57.

58.    This Defendant has insufficient information to respond to paragraph 58 and, therefore, denies the allegations of paragraph 58.

6

59.    This Defendant denies the allegations of paragraph 59.

60.    This Defendant denies the allegations of paragraph 60.

61.    This Defendant denies §3403 of the IFC (2003) is applicable and denies the allegations of paragraph 61.

62.    This Defendant admits the occupancy capacity for the Skybar in August, 2005 was  203 in the front and 400 in the rear; otherwise, Defendant denies the allegations of paragraph 62.

63.    This Defendant denies the allegations of paragraph 63.

64.    This Defendant denies the allegations of paragraph 64.

65.    This Defendant admits on or about September 20, 2005 videotaping of the Skybar began; otherwise, Defendant denies the allegations of paragraph 65.

66.    This Defendant denies the allegations of paragraph 66.

67.    This Defendant denies the allegations of paragraph 67.

68.    This Defendant admits Pat Grider was charged with Bribery of a Public Servant (§13A-10-61); otherwise, Defendant denies the allegations of paragraph 68.

69.    This Defendant admits Pat Grider was charged with Bribery of a Public Servant (§13A-10-61); otherwise, Defendant denies the allegations of paragraph 70.

70.    This Defendant denies the allegations of paragraph 70.

71.    This Defendant denies the allegations of paragraph 71.

72.    This Defendant denies the allegations of paragraph 72.

73.    This Defendant denies the allegations of paragraph 73.

74.    This Defendant admits the occupancy for the Skybar on July 28, 2006 and October 16, 2006 was 297 in the front and 633 in the rear; otherwise, Defendant denies the

allegations of paragraph 74.

75.    This Defendant admits Meeks sent letters dated August 7, 2006 and August 31, 2006 to the attorney for Plaintiffs; otherwise, Defendant denies the allegations of paragraph 75 and notes the letters are not attached to Plaintiffs' First Amended Complaint.

76.    This Defendant admits that on October 14, 2006, Pat Grider was cited with and found guilty of overcrowding; otherwise, Defendant denies the allegations of paragraph 76.

77.    This Defendant admits the occupancy rating for the Skybar on October 16, 2006 was 400 in the front and 599 in the rear; otherwise, Defendant denies the allegations of paragraph 77.

78.    This Defendant denies the allegations of paragraph 78.

79.    This Defendant denies the allegations of paragraph 79.

80.    This Defendant admits the occupancy capacity for The Highlands on August 24, 2007 was 477; otherwise, Defendant denies the allegations of paragraph 80.

81.    This Defendant admits the occupancy number for the Highlands on October 1, 2007 was 603; otherwise, Defendant denies the allegations of paragraph 81.

82.    This Defendant denies the allegations of paragraph 82.

83.    This Defendant admits that Thomas Stone was cited for overcrowding; otherwise, Defendant denies the allegations of paragraph 83.

84.    This Defendant admits that Brett Shackelford was cited for overcrowding; otherwise, Defendant denies the allegations of paragraph 84.

85.    This Defendant admits that Thomas Stone was cited for overcrowding; otherwise, Defendant denies the allegations of paragraph 85.

86.    This Defendant denies the allegations of paragraph 86.

87.    This Defendant admits the ordinances of the City related to the sale of alcoholic beverages speak for themselves; otherwise, Defendant denies the allegations of paragraph 87.

88.    This Defendant admits the ordinances of the City related to the sale of alcoholic beverages speak for themselves; otherwise, Defendant denies the allegations of paragraph 88.

89.    This Defendant admits the application for a business license for The Tavern was received on June 15, 2007, and, the business license fee payment was received July 13, 2007.

90.    This Defendant admits on December 18, 2007, it enacted Ordinance 2530, the terms of which speak for themselves; otherwise, Defendant denies the allegations of paragraph 90.

91.    This Defendant denies the allegations of paragraph 91.

92.    This Defendant denies the allegations of paragraph 92.

93.    This Defendant denies the allegations of paragraph 93.

94.    This Defendant admits on December 18, 2007 the City Council passed Ordinance No. 2530, the terms of which speak for itself; otherwise, this Defendant denies the allegations of paragraph 94.

96.    This Defendant admits on December 18, 2007 the City Council passed Ordinance No. 2530, the terms of which speak for itself; otherwise, this Defendant denies the allegations of paragraph 96.

97.    This Defendant denies the allegations of paragraph 97.

9

98.    This Defendant admits on January 8, 2008 the City Council passed Ordinance No. 2530-A, the terms of which speak for itself; otherwise, this Defendant denies the allegations of paragraph 98.

99.    This Defendant admits on January 8, 2008 the City Council passed Ordinance No. 2530-A, the terms of which speak for itself; otherwise, this Defendant denies the allegations of paragraph 99.

100.    This Defendant denies the allegations of paragraph 100.

101.    This Defendant admits on January 22, 2008 the City Council passed Ordinance No. 2534, the terms of which speak for itself; otherwise, this Defendant denies the allegations of paragraph 101.

102.    This Defendant admits on January 22, 2008 the City Council passed Ordinance No. 2534, the terms of which speak for itself; otherwise, this Defendant denies the allegations of paragraph 102.

103.    This Defendant denies the allegations of paragraph 103.

104.    This Defendant denies the allegations of paragraph 104.

**COUNT I:**
**VIOLATION OF 42 U.S.C. A. §1983**

105.    This Defendant repeats, realleges, and incorporates by reference the responses in paragraphs 1-104 as if set out in full herein.

106.    This Defendant denies the allegations of paragraph 106.

107.    This Defendant denies the allegations of paragraph 107.

108.    This Defendant denies the allegations of paragraph 108.

This Defendant denies Plaintiffs are entitled to any relief.

**COUNT II**
**MALICIOUS PROSECUTION**

109.    This Defendant repeats, realleges, and incorporates by reference the responses in paragraphs 1-108 as if set out in full herein.

110.    This Defendant denies the allegations of paragraph 110.

111.    This Defendant denies the individual Defendants have engaged in any wrongdoing and deny Plaintiffs are entitled to any damages, including punitive damages and otherwise deny the allegations of paragraph 111.

This Defendant denies Plaintiffs are entitled to any relief.

**COUNT III:**
**ABUSE OF PROCESS**

112.    This Defendant repeats, realleges and incorporates by reference the responses in paragraphs 1-111 as if set out in full herein.

113.    This Defendant denies the allegations of paragraph 113.

114.    This Defendant denies the allegations of paragraph 114.

115.    This Defendant denies the allegations of paragraph 115.

116.    This Defendant denies the allegations of paragraph 116.

117.    This Defendant denies the individual Defendants have engaged in any wrongdoing and deny Plaintiffs are entitled to any damages, including punitive damages and otherwise deny the allegations of paragraph 117.

This Defendant denies Plaintiffs are entitled to any relief.

**COUNT IV:**
**FALSE ARREST AND IMPRISONMENT**

118.    This Defendant repeats, realleges and incorporates by reference the responses in paragraphs 1-117 as if set out in full herein.

119.    This Defendant denies the allegations of paragraph 119.

120.    This Defendant denies the allegations of paragraph 120.

121.    This Defendant denies the individual Defendants have engaged in any wrongdoing and deny Plaintiffs are entitled to any damages, including punitive damages and otherwise deny the allegations of paragraph 121.

This Defendant denies Plaintiffs are entitled to any relief.

**COUNT V:**
**CONSPIRACY**

122.    This Defendant repeats, realleges and incorporates by reference the responses in paragraphs 1-121 as if set out in full herein.

123.    This Defendant denies the allegations of paragraph 123.

124.    This Defendant denies the allegations of paragraph 124.

125.    This Defendant denies the allegations of paragraph 125.

This Defendant denies Plaintiffs are entitled to any relief.

## COUNT VI:
## NEGLIGENCE

126.    This Defendant repeats, realleges and incorporates by reference the responses in paragraphs 1-125 as if set out in full herein.

127.    This Defendant denies the allegations of paragraph 127.

128.    This Defendant denies the allegations of paragraph 128.

This Defendant denies Plaintiffs are entitled any relief.

## COUNT VII:
## WANTONNESS

129.    This Defendant repeats, realleges and incorporates by reference the responses in paragraphs 1-128 as if set out in full herein.

130.    This Defendant denies the allegations of paragraph 130.

131.    This Defendant denies the allegations of paragraph 131.

132.    This Defendant denies the individual Defendants have engaged in any wrongdoing and deny Plaintiffs are entitled to any damages, including punitive damages and otherwise deny the allegations of paragraph 132.

This Defendant denies Plaintiffs are entitled to any relief.

## COUNT VIII:
## DECEIT

133.    This Defendant repeats, realleges and incorporates by reference the responses in paragraphs 1-133 as if set out in full herein.

134.    This Defendant denies the allegations of paragraph 134.

135.    This Defendant denies the allegations of paragraph 135.

136.    This Defendant denies the allegations of paragraph 136.

137.    This Defendant denies the allegations of paragraph 137.

138.    This Defendant denies the allegations of paragraph 138.

This Defendant denies Plaintiffs are entitled any relief.

## COUNT IX:
## FRAUDULENT SUPPRESSION

139.    This Defendant repeats, realleges and incorporates by reference the responses in paragraphs 1-138 as if set out in full herein.

140.    This Defendant denies the allegations of paragraph 140.

141.    This Defendant denies the allegations of paragraph 141.

142.    This Defendant denies the allegations of paragraph 142.

143.    This Defendant denies the allegations of paragraph 143.

This Defendants deny Plaintiffs are entitled to any relief.

## COUNT X
## FRAUDULENT MISREPRESENTATION

144.    This Defendant repeats, realleges and incorporates by reference the responses in paragraphs 1-143 as if set out in full herein.

145.    This Defendant denies the allegations of paragraph 145.

146.    This Defendant denies the allegations of paragraph 146.

147.    This Defendant denies the allegations of paragraph 147.

148.    This Defendant denies the allegations of paragraph 148.

This Defendant denies Plaintiffs are entitled to any relief.

**COUNT VI:**
**TORTUOUS INTERFERENCE WITH**
**CONTRACTUAL AND BUSINESS RELATIONSHIPS**

149.    This Defendant repeats, realleges and incorporates by reference the responses in paragraphs 1-148 as if set out in full herein.

150.    This Defendant denies the allegations of paragraph 150.

151.    This Defendant denies the allegations of paragraph 151.

152.    This Defendant denies the allegations of paragraph 152.

153.    This Defendant denies the allegations of paragraph 153.

154.    This Defendant denies the allegations of paragraph 154.

155.    This Defendant denies the individual Defendants have engaged in any wrongdoing and deny Plaintiffs are entitled to any damages, including punitive damages and otherwise deny the allegations of paragraph 155.

This Defendant denies Plaintiffs are entitled to any relief.

**COUNT XII**
**NEGLIGENT HIRING, TRAINING AND SUPERVISION**

156.    This Defendant repeats, realleges and incorporates by reference the responses in paragraphs 1-155 as if set out in full herein.

157.    This Defendant denies the allegations of paragraph 157.

158.    This Defendant denies the allegations of paragraph 158.

This Defendant denies Plaintiffs are entitled to any relief.

**COUNT XIII:**
**VIOLATION OF AMENDMENTS TO THE UNITED**
**STATES CONSTITUTION; COMPLAINT TO DECLARE**
**MUNICIPAL ORDINANCES UNCONSTITUTIONAL AND FOR DAMAGES**

159.    This Defendant repeats, realleges and incorporates by reference the responses in paragraphs 1-158 as if set out in full herein.

160.    This Defendant denies the allegations of paragraph 160.

161.    This Defendant denies the allegations of paragraph 161.

162.    This Defendant denies the allegations of paragraph 162.

163.    This Defendant denies the allegations of paragraph 163.

164.    This Defendant denies the allegations of paragraph 164.

165.    This Defendant denies the allegations of paragraph 165.

166.    This Defendant denies the allegations of paragraph 166.

This Defendant denies Plaintiffs are entitled to any relief.

**AFFIRMATIVE DEFENSES**

1.    This Defendant denies all allegations which are not specifically admitted.

2.    This Defendant denies any and all allegations of wrongdoing.

3.    This Defendant pleads the general issue.

4.    This Defendant avers the Complaint and each count thereof fail to state a cause of action entitling Plaintiffs to relief.

5.    This Defendant pleads contributory negligence.

6.    This Defendant pleads assumption of the risk.

7.    This Defendant pleads justification.

8.    This Defendant avers Plaintiffs' own acts or actions caused or contributed to

16

any alleged loss or damage; therefore, Plaintiffs are not entitled to any relief.

9.      This Defendant denies proximate cause.

10.     This Defendant denies Plaintiffs are entitled to any relief for damages.

11.     This Defendant avers Plaintiffs have failed to mitigate any alleged damages.

12.     This Defendant pleads estoppel.

13.     This Defendant pleads waiver.

14.     This Defendant pleads laches.

15.     This Defendant pleads the statute of limitations.

16.     This Defendant pleads probable cause.

17.     This Defendant pleads arguable probable cause.

18.     This Defendant pleads legal justification.

19.     This Defendant pleads provocation.

20.     This Defendant pleads good faith.

21.     This Defendant pleads immunity.

22.     This Defendant pleads qualified immunity.

23.     This Defendant pleads absolute immunity.

24.     This Defendant pleads immunity pursuant to §6-5-338, Code of Alabama (1975 as amended)

25.     This Defendant pleads discretionary function immunity.

26.     This Defendant pleads substantive immunity.

27.     This Defendant pleads immunity pursuant to *Ex parte Cranman*, 792 So. 2d 392 (Ala. 2000).

28.     This Defendant avers the City cannot be liable for wanton or intentional acts.

17

29.     This Defendant avers the City is immune from punitive damages.

30.     This Defendant denies there is any policy, practice or custom which allegedly resulted in the alleged deprivation of Plaintiffs' Constitutional rights.

31.     This Defendant pleads the statutory cap applicable to any state law claim against this Defendant.

32.     This Defendant pleads release.

33.     This Defendant pleads satisfaction and accord.

34.     This Defendant pleads privilege.

35.     This Defendant avers Plaintiffs lack standing to assert some or all the alleged claims.

36.     This Defendant avers some or all of Plaintiffs' claims are moot.

37.     This Defendant avers Plaintiffs have not exhausted their administrative remedies.

38.     This Defendant avers any alleged reliance was neither reasonable nor justifiable.

39.     This Defendant avers there exists a reasonable and/or rational reason for all actions.

40.     This Defendant avers all actions were taken on a legitimate, non-discriminatory basis.

41.     This Defendant avers The Grid, Inc. is due to be dismissed in that it alleges no wrongdoing against this Defendant.

42.     This Defendant avers Plaintiffs failed to comply with the statutory prerequisites for maintenance of a suit against a City.

18

43.    This Defendant avers Plaintiffs failed to comply with §11-47-23 and §11-47-192, Code of Alabama (1975, as amended).

44.    This Defendant denies the nature and extend of any claimed relief and/or damages.

45.    This Defendant avers it is/was employees of the City and therefore, the conspiracy claim must fail.


/s/ *Randall Morgan*
_____
RANDALL MORGAN [MOR8350]
Attorney for Defendant City of Auburn

OF COUNSEL:
Hill, Hill, Carter, Franco,
        Cole & Black, P.C.
425 South Perry Street
P.O. Box 116
Montgomery, AL 36101-0116
334-834-7600

## CERTIFICATE OF SERVICE

I hereby certify that on this the 11th day of April, 2008, I have electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification to the following via email:

Davis B. Whittelsey, Esq.
W. David Dawson, Esq.
P.O. Box 106
Opelika, Alabama 36803-0106


/s/ *Randall Morgan*
_____
OF COUNSEL