IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| PATRICK JAMES GRIDER, an individual Alabama resident; DANIEL JOSEPH GRIDER, an individual Alabama resident; THE FOURTH QUARTER, an Alabama corporation; THE GRID, INC., an Alabama corporation; and GRIDER, INC., an Alabama corporation, <br><br>Plaintiffs, <br><br>v. <br><br>CITY OF AUBURN, ALABAMA, an Alabama Municipal Corporation; WILLIAM HAM, JR., an individual Alabama resident; JAMES TREY NEAL, III, an individual Alabama resident; JASON CROOK; an individual Alabama resident; CHRISTOPHER CARVER, an individual Alabama resident; SLONE MADDOX, an individual Alabama resident; JASON SPARKS, an individual Alabama resident; ANDREW MEEKS, an individual Alabama resident; THOMAS MASSEY, an individual Alabama resident; WILLIAM JAMES, an individual Alabama resident; DOUGLAS WATSON, an individual Alabama resident and CHARLES M. DUGGAN, JR., an individual Alabama resident, <br><br>Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) CASE NO: 3:07-cv-1031-MHT ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) |

**DEFENDANTS JAMES TREY NEAL, III, JASON CROOK, CHRISTOPHER CARVER, SLONE MADDOX AND JERRY SPARKS ANSWER TO PLAINTIFFS' AMENDED COMPLAINT**

COMES NOW the Defendants **James Trey Neal, III, Jason Crook, Christopher Carver, Slone Maddox and Jerry Sparks** and herewith give answer as follows:

## I. Introduction

1. These Defendants deny the allegations of paragraph 1.

## II. Jurisdiction and Venue

2. These Defendants deny this Court has jurisdiction and deny the allegations of paragraph 2.

3. These Defendants deny this Court has and/or should exercise jurisdiction over any pendant claims and deny the allegations of paragraph 3.

4. These Defendants admit venue is proper and deny any wrongdoing but otherwise deny the allegations of paragraph 4.

## III. Parties

5. These Defendants have insufficient information upon which to properly respond and, therefore, deny the allegations of paragraph 5.

6. These Defendants have insufficient information upon which to properly respond and, therefore, deny the allegations of paragraph 6.

7. These Defendants have insufficient information upon which to properly respond and, therefore, deny the allegations of paragraph 7.

8. These Defendants have insufficient information upon which to properly respond and, therefore, deny the allegations of paragraph 8.

9. These Defendants admit the allegations of paragraph 9.

10. These Defendants admit that William Ham, Jr. is an adult individual resident over the age of nineteen (19) years and currently serves as Mayor of the City of Auburn, Alabama; otherwise, these Defendants deny the allegations of paragraph 10.

11. These Defendants admit that James Trey Neal, III is an adult individual, Alabama resident over the age of nineteen (19), who is employed by the City of Auburn as a police officer; otherwise, Defendant deny the remaining allegations of paragraph 11.

12. These Defendants admit that Jason Crook is an adult individual, Alabama resident over the age of nineteen (19), who is employed by the City of Auburn as a police officer; otherwise, Defendant deny the remaining allegations of paragraph 12.

13. These Defendants admit that Christopher Carver is an adult individual, Alabama resident over the age of nineteen (19), who is employed by the City of Auburn as a police officer; otherwise, Defendant deny the remaining allegations of paragraph 13.

14. These Defendants admit that Slone Maddox is an adult individual, Alabama resident over the age of nineteen (19), who is employed by the City of Auburn as a police officer; otherwise, Defendant deny the remaining allegations of paragraph 14.

15. These Defendants admit that Jerry Sparks is an adult individual, Alabama resident over the age of nineteen (19), who is employed by the City of Auburn as a police officer; otherwise, Defendant deny the remaining allegations of paragraph 15.

16. These Defendants admit the allegations of paragraph 16.

17. These Defendants admit that Thomas Massey is an individual resident over the age of nineteen (19) and was employed as a Fire Inspector/Codes Enforcement Officer for the City of Auburn; otherwise, it deny the remaining allegations of paragraph 17.

18. These Defendants admit the allegations of paragraph 18.

19. These Defendants admit the allegations of paragraph 19.

20. These Defendants deny the allegations of paragraph 20.

### IV.  Summary of Facts

21. These Defendants repeat, reallege, and incorporate by reference their responses to paragraphs 1-20; otherwise, Defendants deny the allegations of paragraph 21.

22-66. These Defendants deny the allegations of paragraphs 22-66.

67. These Defendants deny the allegations of paragraph 67.

68. These Defendants admit Pat Grider was charged with Bribery of a Public Servant (§13A-10-61); otherwise, Defendants deny the allegations of paragraph 68.

69. These Defendants admit Pat Grider was charged with Bribery of a Public Servant (§13A-10-61); otherwise, Defendants deny the allegations of paragraph 69.

70-94. These Defendants deny the allegations of paragraph 70-94.

96-104. These Defendants deny the allegations of paragraph 96-104.

These Defendants deny Plaintiffs are entitled to any relief.

### COUNT I:
### VIOLATION OF 42 U.S.C. A. §1983

105. These Defendants repeat, reallege, and incorporate by reference their responses in paragraphs 1-104 as if set out in full herein.

106. These Defendants deny the allegations of paragraph 106.

107. These Defendants deny the allegations of paragraph 107.

108. These Defendants deny the allegations of paragraph 108.

These Defendants deny Plaintiffs are entitled to any relief.

## COUNT II
## MALICIOUS PROSECUTION

109.  These Defendants repeat, reallege, and incorporate by reference their responses in paragraphs 1-108 as if set out in full herein.

110.  These Defendants deny the allegations of paragraph 110.

111.  These Defendants deny the individual Defendants have engaged in any wrongdoing and deny Plaintiffs are entitled to any damages, including punitive damages and otherwise deny the allegations of paragraph 111.

These Defendants deny Plaintiffs are entitled to any relief.

## COUNT III:
## ABUSE OF PROCESS

112.  These Defendants repeat, reallege, and incorporate by reference their responses in paragraphs 1-111 as if set out in full herein.

113.  These Defendants deny the allegations of paragraph 113.

114.  These Defendants deny the allegations of paragraph 114.

115.  These Defendants deny the allegations of paragraph 115.

116.  These Defendants deny the allegations of paragraph 116.

117.  These Defendants deny the individual Defendants have engaged in any wrongdoing and deny Plaintiffs are entitled to any damages, including punitive damages and otherwise deny the allegations of paragraph 117.

These Defendants deny Plaintiffs are entitled to any relief.

## COUNT IV:
## FALSE ARREST AND IMPRISONMENT

118.  These Defendants repeat, reallege, and incorporate by reference their

responses in paragraphs 1-117 as if set out in full herein.

119.   These Defendants deny the allegations of paragraph 119.

120.   These Defendants deny the allegations of paragraph 120.

121.   These Defendants deny the individual Defendants have engaged in any wrongdoing and deny Plaintiffs are entitled to any damages, including punitive damages and otherwise deny the allegations of paragraph 121.

These Defendants deny Plaintiffs are entitled to any relief.

## COUNT V:
## CONSPIRACY

122.   These Defendants repeat, reallege, and incorporate by reference their responses in paragraphs 1-121 as if set out in full herein.

123.   These Defendants deny the allegations of paragraph 123.

124.   These Defendants deny the allegations of paragraph 124.

125.   These Defendants deny the allegations of paragraph 125.

These Defendants deny Plaintiffs are entitled to any relief.

## COUNT VI:
## NEGLIGENCE

126.   These Defendants repeat, reallege, and incorporate by reference their responses in paragraphs 1-125 as if set out in full herein.

127.   These Defendants deny the allegations of paragraph 127.

128.   These Defendants deny the allegations of paragraph 128.

These Defendants deny Plaintiffs are entitled any relief.

### COUNT VII:
### WANTONNESS

129. These Defendants repeat, reallege, and incorporate by reference their responses in paragraphs 1-128 as if set out in full herein.

130. These Defendants deny the allegations of paragraph 130.

131. These Defendants deny the allegations of paragraph 131.

132. These Defendants deny the individual Defendants have engaged in any wrongdoing and deny Plaintiffs are entitled to any damages, including punitive damages and otherwise deny the allegations of paragraph 132.

These Defendants deny Plaintiffs are entitled to any relief.

### COUNT VIII:
### DECEIT

133. These Defendants repeat, reallege, and incorporate by reference their responses in paragraphs 1-132 as if set out in full herein.

134. These Defendants deny the allegations of paragraph 134.

135. These Defendants deny the allegations of paragraph 135.

136. These Defendants deny the allegations of paragraph 136.

137. These Defendants deny the allegations of paragraph 137.

138. These Defendants deny the allegations of paragraph 138.

These Defendants deny Plaintiffs are entitled any relief.

### COUNT IX:
### FRAUDULENT SUPPRESSION

139. These Defendants repeat, reallege, and incorporate by reference their responses in paragraphs 1-138 as if set out in full herein.

140. These Defendants deny the allegations of paragraph 140.

141. These Defendants deny the allegations of paragraph 141.

142. These Defendants deny the allegations of paragraph 142.

143. These Defendants deny the allegations of paragraph 143.

These Defendants deny Plaintiffs are entitled to any relief.

## COUNT X
## FRAUDULENT MISREPRESENTATION

144. These Defendants repeat, reallege, and incorporate by reference their responses in paragraphs 1-143 as if set out in full herein.

145. These Defendants deny the allegations of paragraph 145.

146. These Defendants deny the allegations of paragraph 146.

147. These Defendants deny the allegations of paragraph 147.

148. These Defendants deny the allegations of paragraph 148.

These Defendants deny Plaintiffs are entitled to any relief.

## COUNT XI:
## TORTUOUS INTERFERENCE WITH
## CONTRACTUAL AND BUSINESS RELATIONSHIPS

149. These Defendants repeat, reallege, and incorporate by reference their responses in paragraphs 1-148 as if set out in full herein.

150. These Defendants deny the allegations of paragraph 150.

151. These Defendants deny the allegations of paragraph 151.

152. These Defendants deny the allegations of paragraph 152.

153. These Defendants deny the allegations of paragraph 153.

154. These Defendants deny the allegations of paragraph 154.

155. These Defendants deny the individual Defendants have engaged in any wrongdoing and deny Plaintiffs are entitled to any damages, including punitive damages and otherwise deny the allegations of paragraph 155.

These Defendants deny Plaintiffs are entitled to any relief.

## COUNT XII
## NEGLIGENT HIRING, TRAINING AND SUPERVISION

156. These Defendants repeat, reallege, and incorporate by reference their responses to paragraphs 1-155 as if fully set out herein.

157. These Defendants deny the allegations of paragraph 157.

158. These Defendants deny the allegations of paragraph 158.

These Defendants deny Plaintiffs are entitled to any relief.

## COUNT XII:
## VIOLATION OF AMENDMENT XIV TO THE UNITED STATES CONSTITUTION; COMPLAINT TO DECLARE MUNICIPAL ORDINANCES UNCONSTITUTIONAL AND FOR DAMAGES

159. These Defendants repeat, reallege, and incorporate by reference their responses in paragraphs 1-158 as if set out in full herein.

160. These Defendants deny the allegations of paragraph 160.

161. These Defendants deny the allegations of paragraph 161.

162. These Defendants deny the allegations of paragraph 162.

163. These Defendants deny the allegations of paragraph 163.

164. These Defendants deny the allegations of paragraph 164.

165. These Defendants deny the allegations of paragraph 165.

166. These Defendants deny the allegations of paragraph 166.

167. These Defendants deny the allegations of paragraph 167.

168. These Defendants deny the allegations of paragraph 168.

These Defendants deny Plaintiffs are entitled to any relief.

## **AFFIRMATIVE DEFENSES**

1. These Defendants deny all allegations which are not specifically admitted.

2. These Defendants deny any and all allegations of wrongdoing.

3. These Defendants plead the general issue.

4. These Defendants avers the Complaint and each count thereof fail to state a cause of action entitling Plaintiffs to relief.

5. These Defendants plead contributory negligence.

6. These Defendants plead assumption of the risk.

7. These Defendants plead justification.

8. These Defendants avers Plaintiffs' own acts or actions caused or contributed to any alleged loss or damage; therefore, Plaintiffs are not entitled to any relief.

9. These Defendants deny proximate cause.

10. These Defendants deny Plaintiffs are entitled to any damages.

11. These Defendants avers Plaintiffs have failed to mitigate any alleged damages.

12. These Defendants plead estoppel.

13. These Defendants plead waiver.

14. These Defendants plead laches.

15. These Defendants plead the statute of limitations.

16. These Defendants plead probable cause.

17. These Defendants plead arguable probable cause.

18. These Defendants plead legal justification.

19. These Defendants plead provocation.

20. These Defendants plead good faith.

21. These Defendants plead immunity.

22. These Defendants plead qualified immunity.

23. These Defendants plead absolute immunity.

24. These Defendants plead immunity pursuant to §6-5-338, Code of Alabama (1975 as amended)

25. These Defendants plead discretionary function immunity.

26. These Defendants plead substantive immunity.

27. These Defendants plead immunity pursuant to *Ex parte Cranman*, 792 So. 2d 392 (Ala. 2000).

28. These Defendants plead the statutory cap applicable to any state law claim against These Defendants .

29. These Defendants plead release.

30. These Defendants plead satisfaction and accord.

31. These Defendants plead privilege.

32. These Defendants aver Plaintiffs lack standing to assert some or all the alleged claims.

33. These Defendants aver some or all of Plaintiffs' claims are moot.

34. These Defendants aver Plaintiffs have not exhausted their administrative remedies.

35. These Defendants aver any alleged reliance was neither reasonable nor justifiable.

36. These Defendants aver there exists a reasonable and/or rational reason for all actions.

37. These Defendants aver all actions were taken on a legitimate, non-discriminatory basis.

38. These Defendants aver The Grid, Inc. is due to be dismissed in that it alleges no wrongdoing against These Defendants.

39. These Defendants aver they are/were employees of the City and therefore, the conspiracy claim must fail.

40. These Defendants deny the nature and extend of any claimed relief and/or damages.

    /s/ *Randall Morgan*
RANDALL MORGAN [MOR8350]
Attorney for Named Defendants

OF COUNSEL:
Hill, Hill, Carter, Franco,
    Cole & Black, P.C.
425 South Perry Street
P.O. Box 116
Montgomery, AL 36101-0116
334-834-7600

## CERTIFICATE OF SERVICE

      I hereby certify that on this the 11TH day of April, 2008, I have electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification to the following via email:

Davis B. Whittelsey, Esq.
W. David Dawson, Esq.
P.O. Box 106
Opelika, Alabama 36803-0106


      /s/ *Randall Morgan*
      OF COUNSEL