# IN THE UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF ALABAMA
### EASTERN DIVISION

| | | |
|---|---|---|
| **PATRICK JAMES GRIDER, an individual Alabama resident; DANIEL JOSEPH GRIDER, an individual Alabama resident; THE FOURTH QUARTER, an Alabama corporation; THE GRID, INC., an Alabama corporation; and GRIDER, INC., an Alabama corporation,** | ) ) ) ) ) ) ) ) ) ) | |
| **Plaintiffs,** | ) ) | |
| **v.** | ) ) | **NO: 3:07-cv-1031-MHT** |
| **CITY OF AUBURN, ALABAMA, an Alabama Municipal Corporation; WILLIAM HAM, JR., an individual Alabama resident; JAMES TREY NEAL, III, an individual Alabama resident; JASON CROOK; an individual Alabama resident; CHRISTOPHER CARVER, an individual Alabama resident; SLONE MADDOX, an individual Alabama resident; JASON SPARKS, an individual Alabama resident; ANDREW MEEKS, an individual Alabama resident; THOMAS MASSEY, an individual Alabama resident; WILLIAM JAMES, an individual Alabama resident; and CHARLES M. DUGGAN, JR., an individual Alabama resident,** | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | |
| **Defendants.** | ) | |

**DEFENDANTS' BRIEF IN SUPPORT OF
MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT**

Defendants, City of Auburn, Alabama ("Auburn"); William Ham, Jr. ("Ham"); James Trey Neal, III ("Neal"); Jason Crook ("Crook"); Christopher Carver ("Carver"); Slone Maddox ("Maddox"); Jason Sparks ("Sparks"); Andrew Meeks ("Meeks"); Thomas Massey ("Massey"); William James ("James"); and Charles M. Duggan, Jr. ("Duggan") (collectively the "Defendants"), respectfully submit this Brief in Support of their Motion to Dismiss Plaintiffs' First Amended Complaint filed contemporaneously herewith.

## I.   FACTS

### A.   PROCEDURAL HISTORY

On November 21, 2007, Patrick James Grider ("Patrick"); Daniel Joseph Grider ("Daniel"); The Fourth Quarter, Inc. ("Fourth Quarter"); The Grid, Inc. ("Grid"); and Grider, Inc. ("Grider") (collectively referred to as the "Plaintiffs") filed their initial Complaint against the Defendants.  The Defendants moved to dismiss Plaintiffs' Complaint on January 21, 2008, and filed their Brief in Support of Motion to Dismiss Plaintiffs' Complaint on February 4, 2008.  The Plaintiffs moved this Court to amend their Complaint on February 5, 2008, and their motion was granted on March 17, 2008.  On March 28, 2008, the Plaintiffs filed their First Amended Complaint against the Defendants with the addition and deletion of certain counts and factual allegations.

2

## B.  <u>BACKGROUND FACTS</u>

The Plaintiffs  assert various causes of action against the Defendants in their Amended Complaint based on the operation of three lounges / taverns, "The Blue Room,"  "The Highlands" and "The Tavern."  The Plaintiffs allege that the Defendants have specifically targeted their establishments and have arbitrarily restricted their business licenses, including requiring that the businesses stop serving alcohol at a specific time.  The Plaintiffs further allege that the Defendants harassed and intimidated their businesses and customers, which caused interference in their contractual and business relations.  The Plaintiffs also claim that the Defendants abused process, maliciously prosecuted, and falsely arrested Patrick and Daniel based on charges of bribery, overcrowding, and sale of alcohol after 2:00 a.m. on a Sunday.

## II. STANDARD OF REVIEW

In order to survive a motion to dismiss, the Plaintiffs pleading must be "plausible on its face."  *Bell Atl. Corp. v. Twombly*,  __ U.S. __, 127 S.Ct. 1955, 1965 (2007).  Moreover, "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  *Id.* (internal parenthesis and citations omitted).  "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)."  *Id.* (internal

3

parenthesis and citations omitted).

## III. ARGUMENT

**A.    PLAINTIFFS' ALLEGATIONS OF MALICIOUS PROSECUTION, ABUSE OF PROCESS, FALSE ARREST, FALSE IMPRISONMENT, CONSPIRACY, WANTONNESS, DECEIT, FRAUDULENT SUPPRESSION, FRAUDULENT MISREPRESENTATION, AND TORTIOUS INTERFERENCE WITH CONTRACTUAL AND BUSINESS RELATIONS AGAINST AUBURN ARE DUE TO BE DISMISSED BECAUSE THESE CLAIMS CANNOT BE ASSERTED AGAINST A MUNICIPALITY.**

Although the Plaintiffs assert in their Brief in Opposition to the Defendants' Motion to Dismiss that "the narrow claims for intentional and/or wanton acts as only against Defendant, Auburn, may not be maintained[,]" they specifically name Auburn as a Defendant under the intentional and /or wanton counts of malicious prosecution and abuse of process. As stated in Defendants' Brief in Support of their Motion to Dismiss Plaintiffs' Complaint, Code of Alabama, Section 11-47-190, as amended (1975) provides in pertinent part:

> No city or town shall be liable for damages for injury done to or wrong suffered by any person or corporation, unless such injury or wrong was done or suffered through the neglect, carelessness or unskillfulness of some agent, officer or employee of the municipality engaged in work therefor and while acting in the line of his or her duty . . . .

Ala. Code § 11-47-190 (1975). Section 11-47-190 has been interpreted by the Alabama Supreme Court to bar claims filed against a municipality based upon the intentional and/or wanton conduct of its employees. *See Cremeens v. City of Montgomery*, 779 So. 2d 1190, 1201 (Ala. 2000); *Town of Loxley v. Coleman*, 720 So. 2d 907, 909 (Ala. 1998).

4

The Plaintiffs have alleged malicious prosecution, abuse of process, false imprisonment, false arrest, conspiracy, wantonness, deceit, fraudulent suppression, fraudulent misrepresentation, and tortious interference with contractual and business relationships against Auburn.  It is undisputed that an integral component of the aforementioned counts is intentional or wanton misconduct. Because intentional and wanton torts alleged against a municipality are barred by application of Section 11-47-190, the counts in question should be dismissed against Auburn.

**B.**  **A MAJORITY OF PLAINTIFFS' FACTUAL ALLEGATIONS UNDER ALABAMA STATE LAW THEORIES OF ABUSE OF PROCESS, MALICIOUS PROSECUTION, NEGLIGENCE, WANTONNESS, NEGLIGENT HIRING, TRAINING, AND SUPERVISION, AND TORTIOUS INTERFERENCE WITH CONTRACTUAL AND BUSINESS RELATIONS AGAINST ALL DEFENDANTS ARE BARRED BY THE STATUTE OF LIMITATIONS**

Code of Alabama, Section 6-2-38, as amended (1975) provides that "[a]ll actions for malicious prosecution must be brought within two years." Ala. Code § 6-2-38 (h) (1975). Section 6-2-38 also states that "[a]ll actions for any injury to the person or rights of another not arising from contract and not specifically enumerated in this section must be brought within two years." Ala. Code § 6-2-38 (l) (1975).  "Negligence and wantonness are . . . subject to a two-year statute of limitations. . . ." *Nobles v. Rural Community Ins. Services*, 303 F. Supp. 2d 1279, 1285 (M.D. Ala. 2004).  Finally, the statute of limitations for tortious interference is two years under Alabama law.  *See* Ala. Code § 6-2-381(l) (1975).

Paragraphs twenty-one through seventy, and eighty-seven and eighty-eight of Plaintiffs' First Amended Complaint contain a litany of factual allegations against the Defendants that occurred prior to November 20, 2005. To the extent that the Plaintiffs' allege abuse of process, malicious prosecution, negligence, wantonness, and negligent hiring, training, and supervision, and tortious interference against all Defendants for actions that occurred prior to November 20, 2005, including all factual claims within Paragraphs twenty-one through seventy, and eighty-seven and eighty-eight of their First Amended Complaint, their claims are barred by the appropriate statute of limitations for each cause of action.

**C.    A MAJORITY OF PLAINTIFFS' FACTUAL ALLEGATIONS AGAINST THE DEFENDANTS UNDER ALABAMA STATE LAW THEORIES OF DECEIT, FRAUDULENT SUPPRESSION, AND FRAUDULENT MISREPRESENTATION ARE BARRED BY THE TWO YEAR STATUTE OF LIMITATIONS**

Claims for fraud are subject to a two year statute of limitation period. *See Ishler v. C.I.R.*, 442 F. Supp. 2d 1189 (N.D. Ala. 2006). "It is sufficient to begin the running of the statute of limitations that the claimant knew of facts which would put a reasonable mind on notice of the possible existence of fraud." *Seybold v. Magnolia Land Co.*, 376 So. 2d 1083, 1087 (Ala. 1979).

Plaintiffs allege that the Defendants engaged in fraudulent behavior beginning sometime in the year 2000, with Daniel and Patrick's appearance before the Honorable Joe Bailey, Auburn City Judge, for a violation of Auburn City Ordinance 1714. (See Compl. ¶ 27.)  Plaintiffs argue that the Defendants

6

continued to engage in fraudulent behavior by

> unlawfully, fraudulently, deceitfully, and/or improperly: [sp] arrested; cited; prosecuted; assigned occupancy numbers; required substantial and unnecessary improvements to the premises housing Skybar; engaged in selective prosecution of Plaintiffs; engaged in a scheme and/or conspiracy to put Plaintiffs out of business; investigated plaintiffs; proposed and/or adopted unlawful and/or unconstitutional City Ordinances targeting Plaintiffs; interfered with contractual and/or business relationships of Plaintiffs, and violated Plaintiffs' constitutional rights.

(Compl. ¶ 135.) Plaintiffs do not rely on any one allegation of fraud, but seem to argue that the culmination of events led to their injury.

According to their Complaint, the Defendants, no less than four times within a span of eight years, allegedly improperly calculated occupancy limits for the Plaintiffs. The Plaintiffs admit that occupancy limits are calculated by the rules and regulations of Auburn. However, the Plaintiffs feigned ignorance of the regulations by relying on the alleged misrepresentations of the Defendants in the calculation of the occupancy numbers. At the moment that the Defendants allegedly misrepresented occupancy numbers the Plaintiffs had knowledge that the numbers were inaccurate, and were on notice of possible facts leading to fraudulent behavior.

Similarly, Plaintiffs claim that they were wrongfully arrested and prosecuted no less than six times in a span of eight years. A majority of these citations were based on the Plaintiffs violation of municipal ordinances, such as occupancy limits and serving alcoholic beverages after hours. Undoubtably, the Plaintiffs were

7

aware of the municipal ordinances and occupancy limits as to their businesses. They again feigned ignorance of the municipal ordinances, and even admitted guilt in one court hearing. It is highly improbable that at no point before November 20, 2005, after several arrests, several allegedly inaccurate calculations of occupancy limits, and several ordinances allegedly targeting the Plaintiffs businesses, that the Plaintiffs were without notice of an alleged fraudulent scheme to put them out of business.

Because the Plaintiffs have shown no facts sufficient to toll the statute of limitations for fraud, all claims arising prior to November 20, 2005 should be dismissed.

**D.     ALL FACTUAL ALLEGATIONS UNDERPINNING PLAINTIFFS' 42 U.S.C. § 1983 CAUSE OF ACTION OCCURRING PRIOR TO NOVEMBER 21, 2005, ARE BARRED BY THE TWO YEAR STATUTE OF LIMITATIONS**

"[T]he applicable statute of limitations under Section 1983 follows the statute of limitations applicable in the state in which the conduct occurred, which, in Alabama, is two years." *Stuart v. Jefferson County Dept. of Human Resources*, 152 Fed.Appx. 798, 803 (11th Cir. 2005). "The statute of limitations in a Section 1983 claim does not begin to run until the facts which would support a cause of action are apparent or should be apparent to a person with a reasonably prudent regard for his rights." *Mullinax v. McElhenney*, 817 F.2d 711, 716 (11th Cir. 1987). "Being a creature of legislative process, the court must strictly adhere to statutes of limitation." *McIntire v. U.S.*, 884 F. Supp. 1529, 1533 (M.D. Ala. 1995)

(citation omitted).

Plaintiffs filed their Complaint on November 21, 2007. The Plaintiffs allege, among other things, a Section 1983 claim against the Defendants. However, paragraphs twenty-one through seventy of the Plaintiffs' Complaint detail allegations that arose prior to November 20, 2005 - - the date that the statute of limitations would have run. The Plaintiffs allege that the Defendants violated their civil rights by placing them in custody, making an unreasonable search and seizure of their property, and by instigating illegal criminal proceedings against them. These allegations would have accrued at the time that the Plaintiffs were arrested and/or when the Defendants allegedly made an unreasonable search and seizure of their property, which would be prior to November 20, 2005. As such, any alleged wrongdoing by the Defendants in the context of Section 1983 is barred by the two year statute of limitations period and should be dismissed.

**E.  THE PLAINTIFFS' ALLEGATION OF 42 U.S.C. § 1983 BASED ON A VIOLATION OF THE FOURTH AMENDMENT'S PROHIBITION AGAINST UNLAWFUL SEARCH AND SEIZURE SHOULD BE DISMISSED BECAUSE A CITATION IS NOT AN ARREST.**

Plaintiffs allege that the Defendants violated Section 1983 by

depriving Plaintiffs of their liberty without due process of law, by taking them into custody and holding them there against their will, and by placing Plaintiffs in jeopardy without due process of law;
by making an unreasonable search and seizure of Plaintiffs' property without due process of law . . . .

(Compl. ¶ 107.)

The Tenth Circuit Court of Appeals, in *Martinez v. Carr*, addressed the issue of whether the "issuance of a misdemeanor citation requiring appearance at trial in lieu of arrest constitutes a 'seizure' for Fourth Amendment purposes." 479 F.3d 1292, 1295 (10th Cir. 2007). The facts are sparse, but allegedly Jeramy Martinez ("Martinez") claimed that Officer Theodore Carr ("Carr") "seized him in violation of the Fourth Amendment by issuing him a criminal citation and threatening jail if he declined to sign the citation." *Id.* at 1293. The Martinez Court held that the issuance of the citation "[did] not rise to the level of a Fourth Amendment seizure. . . ." *Id.*

The Martinez Court compiled decisions from each Court of Appeals that has analyzed the issue of whether a citation equates to an arrest under the Fourth Amendment, and stated that "every court of appeals . . . has rejected Fourth Amendment claims like Mr. Martinez's." *Id.* For example, the Sixth Circuit, in *DePiero v. City of Macedonia*, 180 F.3d 770 (6th Cir. 1999), the Third Circuit, in *DiBella v. Borough of Beachwood*, 407 F.3d 599 (3d Cir. 2005), and the Ninth Circuit, in *Karam v. City of Burbank*, 352 F.3d 1188 (9th Cir. 2003), have all held that a citation does not equate to an arrest as that term is used within the purview of the Fourth Amendment. Finally, the Martinez Court referenced Wayne R. LaFave, the preeminent criminal law scholar, and stated that the "resort to the citation alternative is not in and of itself an arrest or, for that matter, any variety of Fourth Amendment seizure." Wayne R. LaVave, *Search & Seizure* § 5.1(I) at 77

(4th ed. 2004).

Plaintiffs have only alleged that the Defendants issued a citation to Daniel and Patrick for violating various municipal ordinances.  Because a citation does not equate to an arrest for purposes of the Fourth Amendment, Plaintiffs' Section 1983 claim alleging unreasonable search and seizure, and false arrest should be dismissed.

**F.    PLAINTIFFS' ALLEGATIONS OF CONSPIRACY UNDER ALABAMA LAW AND SECTION 1983 AGAINST ALL DEFENDANTS ARE DUE TO BE DISMISSED BECAUSE OF APPLICATION OF THE INTRA-CORPORATE CONSPIRACY DOCTRINE TO ALL DEFENDANTS.**

In Count I and Count V of their Amended Complaint, the Defendants allege that the Defendants "conspir[ed] for the purpose of impeding and hindering the due court of justice, with intent to deny Plaintiffs equal protection of laws[. . . .]" (Compl. ¶ 107.)  However, the intra-corporate conspiracy doctrine precludes any allegations of conspiracy on the basis of the Defendants.

The Eleventh Circuit has stated the following regarding the intricacies of the intra-corporate conspiracy doctrine:

> Under the doctrine of intracorporate conspiracy, a corporation cannot conspire with its employees, and its employees, when acting in the scope of their employment, cannot conspire among themselves because a corporation and its employees are considered to be a single legal actor. The intracorporate conspiracy doctrine also applies to public, governmental entities.

*Albra v. City of Fort Lauderdale*, 232 Fed. Appx. 885, 891 (11th Cir. 2007) (internal citations and parenthesis omitted).

11

There are no indications in Plaintiff's Complaint that the Defendant employees of Auburn were acting outside of the scope of their employment in calculating occupancy limits, issuing citations to Patrick and Daniel, and investigating the Plaintiffs for violations of municipal ordinances. On the contrary, these actions fall directly within the line and scope of the Plaintiffs' employment with Auburn. Because Auburn itself cannot conspire with its employees, and because Auburn's employees, acting in the line and scope of their employment, cannot conspire with each other, all allegations of conspiracy under both state law and Section 1983 are due to be dismissed.

**G.    THE MUNICIPAL ORDINANCES IN QUESTION ARE CONSTITUTIONAL BECAUSE THEY ARE RATIONALLY RELATED TO A LEGITIMATE GOVERNMENT PURPOSE**

Plaintiffs argue that the municipal ordinances at issue violate the Equal Protection and Due Process Clauses of the Fourteenth Amendment to the United States Constitution, and are unconstitutional. "The Equal Protection Clause requires that the government treat similarly situated persons in a similar manner." *Gary v. City of Warner Robins, Ga.*, 311 F.3d 1334, 1337 (11th Cir. 2002). "If an ordinance does not infringe upon a fundamental right or target a protected class, equal protection claims relating to it are judged under the rational basis test; specifically the ordinance must be rationally related to the achievement of a legitimate government purpose." *Joel v. City of Orlando*, 232 F.3d 1353, 1357

(11th Cir. 2000).[1] "[A] fundamental right must be objectively, deeply rooted in this Nation's history and tradition and implicit in the concept of ordered liberty, such that neither liberty nor justice would exist if the right were sacrificed." *Williams v. Pryor*, 240 F.3d 944, 955 (11th Cir. 2001).

Plaintiffs have not alleged that they are members of a suspect class, nor have they indicated that the right to serve alcohol is somehow a fundamental right ingrained in this Nation's history. On the contrary, "[a] license to engage in the sale of intoxicants is merely a privilege with no element of a property right." *Broughton v. Alabama Alcoholic Beverage Control Bd.*, 348 So. 2d 1059 (Ala. Crim. App. 1977). Therefore, the rational basis test must be applied by this Court to determine whether the ordinances in question violate the Plaintiffs' Equal Protection rights and Substantive Due Process rights. Under the rational basis test, "a court gives great deference to economic and social legislation." *City of Warner Robins, Ga.*, 311 F.3d at 1339. "The general rule is that legislation is presumed to be valid and will be sustained if the classification drawn by the statute is rationally related to a legitimate state interest." *City of Cleburne v. Cleburne Living Ctr.*, 473 U.S. 432, 440 (1985).

The Plaintiffs have failed to allege, nor even discuss, in their Complaint how the municipal ordinances in question are arbitrary or unreasonable. *See Yeung*

---

[1] The rational basis test is the same for claims under both the Equal Protection and Substantive Due Process Clauses of the Fourteenth Amendment. *See In re Wood*, 866 F.2d 1367, 1371 (11th Cir. 1989).

13

*v. I.N.S.* 76 F.3d 337, 339 (11th Cir. 1995) (noting that the plaintiff has the burden of establishing that government regulations are arbitrary or unreasonable.). Moreover, to the extent that Plaintiffs argue that they are a "class of one" and Auburn selectively enforced the ordinances against them, their claim should be dismissed.

To prevail on a selective enforcement claim under the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution, "Plaintiffs must show (1) that they were treated differently from other similarly situated individuals, and (2) that Defendant[s] unequally applied a facially neutral ordinance for the purpose of discriminating against Plaintiffs." *Campbell v. Rainbow City, Ala.*, 434 F.3d 1306, 1314 (11th Cir. 2006). The Restaurant-Lounge license differs from the Clubs, Lounges, and Taverns licenses. Plaintiffs have failed to identify a similarly situated business that is nearly identical to themselves, i.e. similar sale of food, sale of alcohol, and business.

## IV.  CONCLUSION

For the above reasons, Defendant respectfully requests that this Honorable Court grant its Motion to Dismiss Plaintiffs' Amended Complaint.

/s/ *Randall Morgan*
RANDALL MORGAN [MOR037]
W. MICHAEL HILL, JR. [HIL062]
Attorney for Defendant City of Auburn, Alabama

14

OF COUNSEL:
**Hill, Hill, Carter, Franco,
   Cole & Black, P.C.**
425 South Perry Street
Montgomery, Alabama 36104
(334) 834-7600
(334) 263-5969...FAX

## **CERTIFICATE OF SERVICE**

I hereby certify that on this the 11th day of April, 2008, I have electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification to the following via email:

Davis B. Whittelsey, Esq.
Whittelsey, Whittelsey & Poole, P.C.
P.O. Box 106
Opelika, Alabama 36803-0106


                            /s/ *Randall Morgan*
                            OF COUNSEL

15