IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| **PATRICK JAMES GRIDER**, an individual Alabama resident; et al., | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | CIVIL ACTION NO.: 3:07–cv–1031–MHT |
| **CITY OF AUBURN, ALABAMA**, an Alabama Municipal Corporation; et al., | ) ) ) ) | |
| Defendants. | ) ) | |

**BRIEF IN SUPPORT OF PLAINTIFFS' RESPONSE
IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS
PLAINTIFF'S FIRST AMENDED COMPLAINT**

COME NOW the Plaintiffs, Patrick James Grider, Daniel Joseph Grider, The Fourth

Quarter, Inc., The Grid, Inc. and Grider, Inc. (hereinafter sometimes collectively referred to as

"Plaintiffs"), by and through their undersigned attorneys, and in response to Defendants' motion

to dismiss, file this brief in opposition, and request this Honorable Court to deny said motion.

**INTRODUCTION**

On the 21st day of November, 2007, Plaintiffs collectively filed their complaint against

Defendant, City of Auburn, Alabama (hereinafter referred to as "The City") and other named

parties in the above styled case. (Doc. No. 1). Plaintiffs alleged Defendants damaged Plaintiffs

by: violation of 42 U.S.C. § 1983 (Count I); violation of 42 U.S.C § 1985 (Count II); malicious

prosecution (Count III); abuse of process (Count IV); false arrest and imprisonment (Count V);

conspiracy (Count VI); negligence (Count VII); wantonness (Count VIII); deceit (Count IX);

fraudulent suppression (Count X); fraudulent misrepresentation (Count XI); tortious interference

with contractual and business relationships (Count XII); violation of the Fifth and Fourteenth

Amendments to the United States Constitution (Count XIV).  Plaintiffs also sought relief for

damages and equitable relief through a declaratory judgment for Defendants' adoption and/or

enforcement of unconstitutional municipal ordinances (Count XIII).

On the 6th day of February, 2008, Plaintiffs requested leave of this Honorable Court to

file a first amended complaint.  Plaintiffs sought to amend said complaint in order to add a claim

for negligent training, hiring and supervision; to supplement Count XIII of the initial

complaint—as Defendants had adopted additional unconstitutional ordinances subsequent to the

filing of the initial complaint; to amend Count I of the initial complaint to include a violation of

the Fourth Amendment; and to strike Count II of the initial complaint and the portions of Count

XIV encompassed by the Fifth Amendment.  (Doc. No. 52, "Exhibit A").

On the 21st day of January, 2008, Defendants filed a motion to dismiss Plaintiffs' claims.

On the 4th day of February, 2008, Defendants filed a brief in support of said motion.  (Doc. No.

49).  On the 20th day of February, 2008, Plaintiffs filed a response in opposition to Defendants'

motion to dismiss.  (Doc. No. 66).

On the 17th day of March, 2008, this Honorable Court Granted the Plaintiffs' motion to

amend their complaint.  (Doc. No. 69).  Plaintiffs filed their amended complaint on the 28th day

of March, 2008.  (Doc. No. 70).

On the 11th day of April, 2008, the Defendants filed their motion to dismiss Plaintiffs'

first amended complaint and a brief in support the same.  (Doc. Nos. 73 and 78).  On the 28th day

of April, 2008, this Honorable Court filed its order directing Plaintiffs to respond to Defendants'

motion by the 9th day of May, 2008.  (Doc. No. 83).

## STATEMENT OF FACTS

Plaintiffs re-allege and incorporate by reference all allegations in their initial and first amended complaint as if the same were set forth fully herein.  Plaintiffs further reiterate that their first amended complaint contains a summary of some, but not all, of the material facts in this cause of action.  Therefore, Plaintiffs specifically reserve the right to amend the complaint as necessary following Plaintiffs' conducting discovery in this action.

Plaintiffs have fairly placed Defendants on notice pursuant to the notice pleading requirements of state and federal court, and Plaintiffs have pled with greater detail a summary of the facts when the laws and counts require pleading with greater specificity facts supporting certain actions (e.g., counts under 42 U.S.C. § 1983, fraud, etc.).

## STANDARD OF REVIEW

A motion to dismiss is granted only when the movant demonstrates "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45–46 (1957).  As such, a defendant thus bears the "very high burden of showing that the plaintiff cannot conceivably prove any set of facts that would entitle him to relief." *Beck v. Deloitte & Touche*, 144 F.3d 732, 735 (11th Cir. 1998).  "A motion to dismiss will be denied unless it appears beyond all doubt that the Plaintiff can prove no set of facts in support of his claims that would entitle him to relief." *Powell v. Lennon*, 914 F.2d 1459, 1463 (11th Cir. 1990), citations omitted.

## ARGUMENT

**(1)    INTENTIONAL AND/OR WANTON CONDUCT OF DEFENDANT, CITY OF AUBURN, ALABAMA.**

Defendants cite ALA. CODE § 11–47–190 (1975) and several cases for the proposition that Plaintiffs' claims for malicious prosecution, abuse of process, false arrest/false

imprisonment (to the extent that the same are based on wanton and/or intentional conduct), conspiracy, wantonness, deceit, fraudulent suppression and fraud against Auburn cannot be maintained.  (Doc. No. 78, p. 4 § A).  Plaintiffs agree that the narrow claims for intentional and/or wanton acts as only against The City may not be maintained.  Plaintiffs, however, do not waive any non-intentional and/or non-wanton claims against the City, nor do Plaintiffs waive the above referenced claims against the individual Defendants in this cause of action.  Any "naming" of The City as a Defendant under the intentional and/or wanton counts was merely unintentional and/or inadvertent.  Plaintiffs strictly insist on maintaining the following counts against The City: violation of 42 U.S.C. § 1983 (Count I); Negligence (Count IV); Tortious Interference with Contractual and Business Relationships (Count X); Negligent Training, Hiring and Supervision (Count XI); Violation U.S. CONST. amend. XIV (Count XII); and Complaint to Declare City Ordinances Unconstitutional and for Damages (Count XIII) (Doc. No. 70).

 **(2)    ANY CLAIMS ENCOMPASSED BY PARAGRAPHS 21–70 AND PARAGRAPHS 87 AND 88 OF PLAINTIFFS' FIRST AMENDED COMPLAINT ARE NOT TIME BARRED.**

Defendants argue that the statute of limitations bar several of the Plaintiffs' claims specifically those claims based on paragraphs 21–70 and 87–88 of Plaintiffs' first amended complaint.  (Doc. No. 78, p. 5, § B).  The facts outlined in these paragraphs, while very important the Plaintiffs' complaint, are set forth in a general statement of facts.  No specific count is based only on the facts pled within said paragraphs.  These facts are necessarily pled and are questions of fact to place Defendants on notice of some of Plaintiffs' claims.  Plaintiffs have not set forth any specific count based on any one or more of the subject paragraphs.  While these facts do support Plaintiffs' claims and may provide a basis for individual action based solely on one more said paragraphs, they are not plead as the sole basis of any one claim.

4

Defendants correctly state the statute of limitations does not begin to run until the facts giving rise to the action were or should have reasonably been discovered. Additionally, some of the counts pled are measured against the statute of limitations calculated from the day the injury was suffered. *Spain v. Brown & Williamson Tobacco Corp.*, 872 So. 2d 101, 113 (Ala. 2003). However, for several of Plaintiffs' counts, the statute of limitation does not begin to run until the facts giving rise to the action were or should have reasonably been discovered. *Mullinax v. McElhenney*, 817 F.2d 711, 716 (11th Cir. 1987).

Plaintiffs could not have learned and did not learn that the Defendants were acting with the unlawful purpose of "putting the Griders out of business" until Defendant Neal testified to the same at a preliminary hearing in the District Court of Lee County, Alabama, on the 29th day of November, 2005.

Until Defendant Neal's admission therein, the nature and reason for the Auburn Police Department Defendants' and other Defendants' actions were hidden from Plaintiffs, while the Defendants were harassing, annoying, arresting, etc., Plaintiffs and Plaintiffs' patrons.

Defendants' unlawful purposes, therefore, were not and could not have been known by Plaintiffs until at the earliest the date of the preliminary hearing, which was less than two (2) years before filing of the initial complaint in this cause of action.

**(3)    PLAINTIFFS' CLAIMS OF MALICIOUS PROSECUTION ARE NOT TIME BARRED.**

The Fourth Amendment protects individuals from malicious prosecutions. *Marshall v. West*, 507 F.Supp.2d 1285, 1301 (M.D. Ala. 2007); *see Wood v. Kesler*, 323 F.3d 872, 881 (11th Cir. 2003); *Uboh v. Reno*, 141 F.3d 1000, 1002–03 (11th Cir. 1998); *see also Whiting v. Traylor*, 85 F.3d 581, 584 & n.4 (11th Cir. 1996). The elements of a claim for malicious prosecution are: "(1) a prior judicial proceeding was instituted by the defendant; (2) the defendant acted without

5

probable cause in the prior proceeding; (3) the defendant acted with malice in instituting the

prior proceeding; (4) **the prior proceeding ended in favor of the plaintiff**; and (5) the plaintiff

was damaged." *U.S. Steel, LLC v. Tieco, Inc.*, 261 F.3d 1275, 1289–90 (11th Cir. 2001)

(emphasis added). "[A] cause of action for malicious prosecution does not accrue until the

criminal proceedings have terminated in the plaintiff's favor[.]" *Heck v. Humphrey*, 512 U.S.

477, 490 (1994). Where a Section 1983 plaintiff is seized following the institution of a

prosecution (i.e., after a warrant has been issued for arrest or after an information has been filed)

and he seeks to recover damages for all the elements of the prosecution, he can properly wait

until the prosecution terminates in his favor to bring his Section 1983 action. *Whiting*, 85 F.3d at

585–586; *see also Calero-Colon v. Betancourt-Lebron*, 68 F.3d 1, 4 (1st Cir. 1995). "The statute

of limitations will not bar the action as long as the action is promptly brought when the

prosecution has terminated." *Whiting*, 85 F.3d at 586.

As referenced in paragraphs 64–70 of Plaintiffs' first amended complaint, on or about the

30th day of September, 2005, Patrick Grider was charged in the District Court of Lee County,

Alabama, in case number DC–05–2694 for allegedly bribing a public servant. (Doc. No. 70, ¶

69). Patrick Grider was arrested, made to post bond and appear before the District Court of Lee

County, Alabama. (Doc. No. 70, ¶ 69). On the 29th day of November, 2005, Patrick Grider's

attempted bribery case was terminated in his favor, as the case was dismissed following an ore

tenus hearing, for lack of probable cause. (Doc. No. 70, ¶ 70). Because a cause of action could

not accrue until the proceeding had been terminated in Plaintiff's favor (i.e., on November 29,

2005), the statue of limitations for malicious prosecution did not begin to run until then, and

Plaintiffs' initial complaint, filed on the 21st day of November, 2007, is within the two-year

statute of limitations as proscribed by ALA. CODE § 6–2–38 (1975).

Furthermore, in their first amended complaint, Plaintiffs alleged that Defendant Thomas Massey cited Patrick Grider on or about the 14th day of October, 2006. (Doc. No. 70, ¶ 76). Patrick Grider was ordered to appear before the Auburn Municipal Court concerning a charge of violating Section 5–16 of the Code of the City of Auburn, AL[.]" (Doc. No. 70, ¶ 76). Said arrest was within two (2) years of the filing of this cause of action. Defendants moved the Circuit Court of Lee County, Alabama to dismiss and nolle prosequi said case on the 11th day of February, 2008. The City acquiesced. Plaintiffs' allegations of malicious prosecution are not due to be dismissed.

**(4)    PLAINTIFFS' CLAIMS OF FRAUD ARE NOT TIME BARRED.**

Defendants claim that "to the extent that the Plaintiffs allege deceit, fraudulent suppression and/or fraudulent misrepresentation occurring prior to November 20, 2005, their claims are barred by the two-year statute of limitations." (Doc. No. 78, pp. 6 § C). However, the elements of fraud are: "(1) a false representation (2) of a material existing fact (3) reasonably relied upon by the plaintiff (4) who suffered damage as a proximate consequence of the misrepresentation." *Exxon Mobil Corp. v. Ala. Dept. of Conservation and Natural Res.*, ___ So. 2d ____; 2007 WL 3224585 *17 (Ala. Nov. 01, 2007), citations omitted.

Plaintiffs could not have legitimately filed a claim for deceit, fraudulent suppression or fraudulent misrepresentation until they were damaged as a proximate cause of the false representation of a material fact. *Campbell v. Regal Typewriter Co., Inc.*, 341 So. 2d 120, 126 (Ala. 1976). Therefore, to use the example offered by Defendants, although Plaintiffs may have known the assigned occupancy numbers were wrong at some time prior to November 20, 2005, simply knowing these numbers are wrong, does not give rise to a claim of fraud without the Plaintiffs being damaged by the deceit, fraudulent misrepresentation or fraudulent concealment.

*B & B Properties v. Dryvit Systems, Inc.*, 708 So.2d 189, 192–193 (Ala. Civ. App. 1997). Furthermore, Defendants appear to admit that the other elements of fraudulent behavior were and are sufficiently proven to make a prima facie case.  (Doc. No. 78, pp. 6–7 § C).

The Plaintiffs are not barred by the two-year statute of limitation for any claims that did not accrue until after November 20, 2005.  *See* ALA. CODE § 6–2–3 (1975).

**(5)      PLAINTIFFS' 42 U.S.C § 1983 CLAIMS ARE NOT TIME BARRED.**

Defendants next argue that any alleged violation of 42 U.S.C. § 1983 in which the conduct occurred before November 20, 2005, is barred by the statute of limitations.  (Doc. No. 78, p. 8 § D).  Plaintiffs do not dispute the fact that the statute of limitations in a Section 1983 action is two (2) years; however, Plaintiffs could not and did not learn of many of the facts giving rise to a Section 1983 until after November 20, 2005.  Thus, the issue in the present case is the accrual of Plaintiffs' Section 1983 cause of action.

The two-year period to file a suit does not begin to run until the facts which would support a cause of action are apparent or should be apparent to a person with a reasonably prudent regard for his rights.  *Mullinax*, 817 F.2d at 716.  Furthermore, a Section 1983 action will not accrue until the plaintiff is aware of the entity inflicting Plaintiffs' injury.  *O'Ferrell v. United States*, 998 F.Supp. 1364, 1373 (M.D. Ala. 1998).

Plaintiffs did not nor could not have reasonably learned of the facts giving rise to a Section 1983 claim until November 29, 2005, during a preliminary hearing before the District Court of Lee County, Alabama.  At said hearing, Defendant Neal, under oath and on the record, admitted that an operation was conducted at the behest of City officials to "shut the Griders down."  Defendant Neal further admitted that he had discussed doing so with other officers of the Auburn Police Department.  Until this time, Plaintiffs did not and could not have reason to

know of Defendants' ongoing conspiracy, plan and/or scheme. *See Omar ex rel. Cannon v.*

*Lindsey*, 334 F.3d 1246 (11th Cir. 2003) (holding that dismissal of a complaint under the motion

to dismiss standard would be premature because such a resolution would depend either on facts

not yet in evidence or on construing factual ambiguities in the complaint in Defendants' favor,

which would be inappropriate).

**(6)     A CITATION LEADS TO AN ARREST UNDER ALABAMA LAW**

Defendants next appear to argue the allegations of 42 U.S.C. § 1983 based on search and

seizure should be dismissed because a citation is not an arrest. (Doc. No. 78, p. 11, § E.). A

citation in Alabama can only lead to an arrest. *See Sears, Roebuck & Co. v. Alexander*, 39 So.

2d 570 (Ala. 1949); ALA.CODE § 11-45-9.1 (1975).

ALA.CODE § 11-45-9.1 (1975), which governs the issuance of citations by municipalities

in Alabama, provides:

> If the defendant fails to appear as specified in the summons and complaint, the
> judge or magistrate having jurisdiction of the offense may issue a warrant for his
> arrest commanding that he be brought before the court to answer the charge
> contained on the summons and complaint. In addition, any person who willfully
> violates his written promise or bond to appear, given in accordance with this
> section, shall be guilty of the separate offense of failing to appear, a misdemeanor,
> regardless of the disposition of the charge upon which he was originally arrested.

ALA.CODE 1975 § 11-45-9.1(h).

In *Whiting*, *supra*, at 584 & n.6, the Eleventh Circuit Court stated: "Justice Rehnquist

observed in *Albright* that Albright's 'surrender to the State's show of authority' (that is, his

voluntary surrender following the issuance of an arrest warrant) constituted a seizure for

purposes of the Fourth Amendment." *Id.*; s*ee Albright v. Oliver*, 510 U.S. 266, 271 (1994).

Once a citation is issued, a person can ignore the citation not appear in court and be arrested for this, or the person can surrender to the State's authority and appear in court and be under arrest while in court. *See* ALA. CODE 1975 § 11–45–9.1 (h); *Albright*, *supra*.

Plaintiffs were technically under arrest each time they appeared in court on every occasion they were issued a citation. *See Sears, Roebuck & Co.*, *supra*. Therefore, in the present case, each citation issued by the Plaintiffs constituted an arrest.

**(7)    THE INTRA-CORPORATE CONSPIRACY DOCTRINE IS NOT APPLICABLE IN THE PRESENT CASE.**

Defendants next argue that Plaintiffs' conspiracy claims are due to be dismissed because of the intra-corporate conspiracy doctrine. (Doc. No. 78, p. 11, § F.). "A corporation cannot conspire with its employees, and its employees, when acting in the line and scope of their employment, cannot conspire among themselves." *McAndrew v. Lockheed Martin Corp.*, 206 F.3d 1031, 1036 (2000) (en banc).

There is no doubt that conspiring to violate another individual's constitutional rights violates § 1983. *Dennis v. Sparks*, 449 U.S. 24, 27 (1980); *Rowe v. City of Fort Lauderdale*, 279 F.3d 1271, 1283 (11th Cir. 2002). To prove a § 1983 conspiracy, a plaintiff must show that the parties "reached an understanding" to deny the plaintiff his rights and prove that the conspiratorial acts impinged upon federal rights of the plaintiff. *Bendiburg v. Dempsey*, 909 F.2d 463, 468 (11th Cir. 1990), citations omitted.

The key determinate of the intra-corporate conspiracy doctrine, however, is "when acting within the line and scope of employment." The intra-corporate conspiracy doctrine ***does not*** apply when an individual is not acting within the line and scope of their employment, nor where personal motives are involved. *Titan Indem. Co. v. Newton*, 39 F.Supp.2d 1336 (N.D. Ala. 1999), citing *Koonce v. Craft*, 234 Ala. 278, 174 So. 478 (Ala. 1937) (emphasis added).

"[W]here an employee's behavior is 'the result of, or impelled by, wholly personal motives,' it cannot be said that the employee's actions are within the line and scope of his employment." *Id.* Section 1983 "imposes liability on state officials for conduct taken within, as well as 'without[,] the scope of their authority.'" *Shrader v. Employers Mut. Cas. Co.*, 907 So. 2d 1026, 1032 (Ala. 2005), citing *Westberry v. Fisher*, 309 F.Supp. 12, 15 (D. Me. 1970).

The discovery in the present case has not yet begun. The testimony at the above referenced preliminary hearing appears to refute the applicability of the intra-conspiracy doctrine in the present case. *See Horne v. Russell County Comm'n.*, 295 F.Supp.2d 289, 296 (M.D. Ala. 2003). Conspiracy by its nature is secretive and can usually only be derived through thorough discovery. *Peters v. Amoco Oil Co.*, 57 F.Supp.2d 1268, 1281 (M.D. Ala. 1999).

Defendants carefully word their motion to dismiss to state that the "allegations… of conspiracy against all Defendants are due to be dismissed." However, the intra-corporate conspiracy doctrine only is applicable if *all* Defendants were acting within the line and scope of their employment. If *any* of the Defendants were operating outside of the line and scope of their employment, the intra-corporate conspiracy doctrine does not apply to *any* of the Defendants involved in a conspiracy. *See Newsome v. Lee County, Ala.*, 431 F.Supp.2d 1189, 1203; (M.D. Ala. 2006); *H & B Equipment Co., Inc. v. International Harvester Co.*, 577 F.2d 239, 244 (5th Cir. 1978). Furthermore, it is certainly unclear how "putting the Griders out of business" was within the line and scope of *any* Defendants' employment.

**(8)   THE MUNICIPAL ORDINANCES REFERENCED IN PLAINTIFFS' COMPLAINT ARE UNCONSTITUTIONAL.**

Defendants appear to argue the selective enforcement, harassment and other attempts to "put the Griders out of business" are "legitimate government purpose[s]." Defendants, in a cavalier manner, contend that Plaintiffs fail to allege how the municipal ordinances referenced in

11

Plaintiffs' first amended complaint are arbitrary and/or unreasonable.  (Doc. No. 78, pp. 12–14, §

G.).  Plaintiffs assert that the ordinances referenced in said complaint violate both the Due

Process and Equal Protection clauses of the Fourteenth Amendment.

Defendants correctly state that municipalities are afforded broad discretion regarding the

sale of alcoholic beverages, which, as Defendants correctly assert, is a privilege, not a right.

However, courts in Alabama have consistently held that such municipal discretion is **not**

unfettered, and that unequal application and/or enforcement of alcohol regulations is a denial of

due process and/or equal protection rights as guaranteed by both the Constitution of Alabama of

1901 and the United States Constitution.  *See, e.g., Black v. Pike County Comn'n*, 360 So. 2d 303

(Ala. 1978) (holding that a city's exercise of police power in regulating the sale alcoholic

beverages does not except local government units from constitutional limitations); *Sheriff of*

*Houston County v. Albertson's, Inc.*, 402 So. 2d 912, 914 (Ala. 1981); *Simonetti v. City of*

*Birmingham*, 314 So. 2d 83, 93–94  (Ala. Crim. App. 1975) (both holding that Plaintiffs' rights

under the Constitution of Alabama of 1901 and the Constitution of United States were violated

by the unequal enforcement of Sunday closing laws by municipal governments); *City of*

*Hueytown v. Jiffy Chek Co. of Alabama*, 342 So. 2d 761, 762 (Ala. 1977) (holding that a city

denied merchant equal protection of the laws where statute, which prohibited locating stores that

would sell alcoholic beverage within one mile of schools, was applied to deny the merchant's

application for a license for the sales of table wine, but where three other businesses operating in

the city, all located within one mile of a school, had been issued licenses by the city); *Harrison v.*

*Buckhalt*, 364 So. 2d 283, 285–286 (Ala. 1978) (holding that a grandfather clause which

prevented the ultimate purpose of an alcohol prohibition ordinance was discriminatory, arbitrary,

unreasonable, and therefore a denial of equal protection of the laws); *City of Graysville v. Swann*,

12

388 So. 2d 540, 541 (Ala. 1980) (holding that a city's intoxicating liquors licensing ordinance, which was intended to terminate all licensed activities within proscribed zone and which limited renewal of existing licenses to those licensed as of a certain date, created arbitrary classification and a denial of Plaintiff's equal protection rights). *See also Pickett v. Matthews*, 192 So. 261, 264 (Ala. 1939); *Peddy v. Montgomery*, 345 So. 2d 631 (Ala. 1977) (holding that the equal protection rights guaranteed by the Fourteenth Amendment to the United States Constitution are essentially the same equal protection rights guaranteed by the Constitution of Alabama of 1901).

Furthermore, it can hardly be argued that municipal ordinances and/or policies designed to and/or directed at putting the Plaintiffs out of business are rationally related to any legitimate governmental interest whatsoever. Defendants have altered the licensing regulations every time Plaintiffs have received a particular license. (Doc. No. 70, ¶ 161). Finally, the discovery process has not yet begun, and Plaintiffs have presented sufficient evidence in to overcome Defendants' motion to dismiss on this ground.

Defendants alternatively argue Plaintiffs have not identified a similarly situated business that has been treated differently. Again, discovery has not begun, and there may be other businesses that are being similarly harassed, annoyed, etc. for the purpose of being put out of business; however, at this time it is the Plaintiffs' belief that their businesses are the only of which this is the case. *See Campbell v. Rainbow City, Ala.*, 434 F. 3d 1306 (11th Cir. 2006).

## CONCLUSION

Defendants have failed to prove beyond all doubt that the Plaintiffs can prove no set of facts in support of their claims that would entitle them relief. *Powell*, 914 F.2d at 1463. Defendants' motion to dismiss as to Plaintiffs' claims is due to be denied.

WHEREFORE, Plaintiffs pray this Honorable Court will deny Defendants' motion to dismiss.

Respectfully submitted this the 8th day of May, 2008.

<div align="center" style="margin-left:40%">

/s/ Davis B. Whittelsey
_____

BY:   DAVIS B. WHITTELSEY (WHI067)
       W. DAVID DAWSON (DAW013)
       Attorney for Defendant
       Post Office Box 106
       Opelika, Alabama 36803–0106
       Tel.:   (334) 745–7766
       Fax:   (334) 745–7666
       E-mail: dwhittelsey@wwp-law.com
             ddawson@wwp-law.com

</div>

## CERTIFICATE OF SERVICE

I hereby certify that on this the 8th day of May, 2008, I have electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification to the following via e-mail:

Randall Morgan
W. Michael Hill, Jr.
HILL, CARTER, FRANCO, COLE & BLACK, P.C.
425 South Perry Street
Post Office Box 116
Montgomery, Alabama 36106–0116
(334) 834–7600

<div align="center" style="margin-left:40%">

/s/ Davis B. Whittelsey
_____
DAVIS B. WHITTELSEY (WHI067)

</div>

14