IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| PATRICK JAMES GRIDER, *et al.*, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | NO: 3:07-cv-1031-MHT |
| | ) | |
| CITY OF AUBURN, ALABAMA, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

DEFENDANTS' BRIEF IN RESPONSE TO
PLAINTIFFS' REPLY TO DEFENDANTS' MOTION TO DISMISS
PLAINTIFFS' FIRST AMENDED COMPLAINT

Defendants, City of Auburn, Alabama ("Auburn"); William Ham, Jr. ("Ham"); James Trey Neal, III ("Neal"); Jason Crook ("Crook"); Christopher Carver ("Carver"); Slone Maddox ("Maddox"); Jason Sparks ("Sparks"); Andrew Meeks ("Meeks"); Thomas Massey ("Massey"); William James ("James"); and Charles M. Duggan, Jr. ("Duggan") (collectively the "Defendants"), respectfully submit their Brief in Response to Plaintiffs' Reply to Defendants' Motion to Dismiss Plaintiffs' First Amended Complaint (Doc. # 84).[1]

---

[1] Defendants incorporate by reference their arguments outlined in their Brief in Support of their Motion to Dismiss Plaintiffs' First Amended Complaint (Doc. # 78). Although the Defendants do not address headings (2) through (5) of Plaintiffs' Reply to Defendants' Motion to Dismiss Plaintiffs' First Amended Complaint, they do stand by their arguments regarding the statute of limitations defense as to all claims that are supported by paragraphs 21-70 and paragraphs 87-88 of the Plaintiffs' Amended Complaint; all facts supporting malicious prosecution claims that occurred prior to November 20, 2005; all facts supporting fraud claims that occurred prior to November 20, 2005; and all facts supporting an alleged violation of Section 1983 that occurred prior to November 20, 2005. The Defendants believe that the arguments set forth in their initial Brief (Doc. # 78) are satisfactory for this

## I. ARGUMENT AND AUTHORITIES

### A. PLAINTIFFS' CLAIM OF TORTIOUS INTERFERENCE WITH BUSINESS AND CONTRACTUAL RELATIONS AGAINST AUBURN IS BARRED BY CODE OF ALABAMA, § 11-47-190 (1975) (AS AMENDED)

In their Reply, Plaintiffs "strictly insist on maintaining the following counts against the City: . . . Tortious Interference with Contractual and Business Relationships (Count X). . . ." (Pl.s' Resp. Def.s' Mot. Dis. at p. 4.) However, Plaintiffs' allegations of tortious interference with contractual and business relationships against Auburn is barred by Code of Alabama, § 11-47-190 (1975) (as amended) ("Section 11-47-190") because intent is an element of the alleged interference.

For the Plaintiffs to establish tortious interference with contractual or business relations, they must prove:

> 1) the existence of a contract or business relation; 2) the defendant's knowledge of the contract or business relation; *3) intentional interference by the defendant with the contract or business relation*; 4) the absence of justification for the defendant's interference; and 5) damage to the plaintiff as a result of the interference.

*Ex parte Awtrey Realty Co.*, 827 So. 2d 104, 108-109 (Ala. 2001) (emphasis added). The Alabama Supreme Court held in *Scott v. City of Mountain Brook*, 602 So. 2d 893, 894-95 (Ala. 1992), that a municipality is immune from a claim of intentional interference with contractual or business relations. The Scott Court analyzed the

---

Court to dismiss the counts within headings (2) through (5), and any reply would be redundant.

text of Section 11-47-190 and concluded that a claim against a municipality for the "neglect, carelessness or unskillfulness of some agent, officer or employee of the municipality . . ." does not "encompass intentional interference with a business relationship . . . ." *Scott*, 602 So. 2d at 895. Thus, by the provisions of Section 11-47-190, a municipality is immune from claims of intentional interference with a business and/or contractual relationship.

In their Amended Complaint, the Plaintiffs allege that the "Defendants tortuously [sic] (through negligence and/or with intent) interfered with Plaintiffs[‘] valid and enforceable contractual and/or business relationships by and between Plaintiffs and third parties." (Amend. Compl. ¶ 150.) To the extent that the Plaintiffs allege intentional interference on the part of Auburn, their claim fails by application of *Scott*. Moreover, to the extent that the Defendants allege negligent interference on the part of any Defendant, their claim similarly fails. The United States District Court for the Northern District of Alabama discussed the allegation of negligent interference with contractual and business relationships in *Wadsworth v. Nalco Chemical Co.*, 523 F. Supp. 997 (N.D. Ala. 1981). The Wadsworth Court held that "Alabama law requires that, in order to recover, the interference with the business relationship must be intentional, malicious, wrongful, and willfully caused." 523 F. Supp. at 999. Further, "[a] merely negligent interference does not give rise to a cause of action and no recovery may thus be had unless the plaintiff shows that the interference was intentional or knowing." *Id.* By application of the holding of *Wadsworth* to Plaintiffs' Amended

Complaint, any allegation of negligent interference with business and contractual relationships is not recognized under Alabama law, and should therefore be dismissed against all Defendants.

**B. NEGLIGENT TRAINING, HIRING AND SUPERVISION IS NOT RECOGNIZED UNDER ALABAMA LAW AGAINST A MUNICIPALITY OR A SUPERVISORY EMPLOYEE AND THEREFORE SHOULD BE DISMISSED AGAINST AUBURN, HAM AND DUGGAN**

In Paragraph 158 of their Amended Complaint, the Plaintiffs allege that "Defendants, The City, Ham and Duggan, negligently hired, trained/failed to train, and/or supervised/failed to supervise Defendants Duggan, Massey, Meeks, Watson, James, Neal, Crook, Carver, Maddox and Sparks." (Amend. Compl. ¶ 158.) However, their allegation of negligent training, hiring, and supervision against Auburn, Ham, and Duggan fails as a matter of law.

Judge Keith Watkins of the United States District Court for the Middle District of Alabama addressed a claim of negligent training, hiring, and supervision alleged against a municipality in *Cornelius v. City of Andalusia*, No. 2:06-cv-00312-WKW, 2007 WL 4224036 (M.D. Ala. Nov. 28, 2007). Cornelius filed suit against the City of Andalusia and various police officers for unlawful detention. *Id.* at * 1. Cornelius's suit alleged a violation of Section 1983, and asserted a claim against Andalusia for negligent training, hiring, and supervision, among other things. Andalusia moved to dismiss Cornelius's Complaint for failure to state a claim.

In addressing Cornelius's count of negligent training, hiring, and supervision as alleged against Andalusia, Judge Watkins opined that "Alabama courts have not recognized a cause of action against a municipality for negligent training." *Id.* at *5. Judge Watkins further explained that

> assuming, *arguendo*, there is a cause of action for negligent training against a municipality, Cornelius has not stated a claim for negligent training. An element of a negligent training claim is that the employer is actually or constructively aware of the employee's incompetence before the tort occurred. Cornelius does not allege in his complaint that Andalusia was aware that any of the officers involved in the stop were incompetent. . . . Cornelius's claim against Andalusia for negligent supervision is due to be dismissed.

*Id.* at *5; *See also Styron v. City of Foley*, No. Civ.A. 03-0572-CG-L, 2005 WL 3098926, at * 5 (S.D. Ala. Nov. 18, 2005) (noting that "Alabama does not recognize an action against a municipality for negligent hiring, supervising or training.").

The chief case in point on the issue of negligent hiring, supervision or training against a municipality is *Ott v. City of Mobile*, 169 F. Supp. 2d 1301 (S.D. Ala. 2001). Ott's administrator of his estate filed suit against the City of Mobile and a police officer who allegedly pistol-whipped, and killed Ott. Ott's administrator alleged that Mobile and the police officer violated Section 1983, and the City was, among other things, negligent in its hiring, supervision, and/or training of the police officer. The Ott Court, in addressing the validity of the allegation that Mobile was negligent in its hiring, supervision, and/or training, stated that

> [m]unicipal liability under Section 11-47-190 is based on the doctrine of respondeat superior. For the employer to be liable under that doctrine, the employee must first be liable for a tort. . . . In this case, the plaintiffs must show that Alabama law recognizes a cause of action against a supervisory employee for the negligent training or supervision of a subordinate.
>
> The plaintiffs have identified, and the Court has located, no authority for the proposition that such a cause of action exists. The Court is satisfied that no such cause of action exists.

*Id.* at 1314 (internal citations and parenthesis omitted). Because no cause of action under Alabama law exists for negligent hiring, supervision, or training as alleged against a supervisory employee, Ott's claim was dismissed.

Both the United States District Court for the Middle and Southern Districts have clearly held that Alabama law does not recognize liability against a municipality for negligent hiring, supervision and/or training. As such, the Plaintiffs' count for negligent hiring, supervision, and/or training against Auburn should be dismissed as a matter of law. Additionally, Plaintiffs' allegations against Ham and Duggan should be dismissed because no cause of action exists under Alabama law for negligent hiring, supervision, or training as alleged against a supervisory employee. Moreover, to the extent that a cause of action does exist, the Plaintiffs have failed to allege that Auburn and/or Ham and Duggan somehow had notice of the alleged incompetence of its employees, as was mandated by Judge Watkins in *Cornelius*. By failing to affirmatively plead the alleged incompetence of Auburn's employees, the Plaintiffs have not stated a claim, to the extent that a claim exists for negligent hiring, supervision, and/or training against

Auburn and/or Ham and Duggan.

## C. PLAINTIFFS HAVE FAILED TO IDENTIFY A SIMILARLY SITUATED INDIVIDUAL IN SUPPORT OF THEIR ALLEGATION THAT THE DEFENDANTS VIOLATED THEIR EQUAL PROTECTION RIGHTS UNDER THE FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION[2]

In their Reply, the Plaintiffs essentially concede that they cannot, at this time, identify a similarly situated individual of which they have been treated differently. Plaintiffs state that "discovery has not begun, and there may be other businesses that are being similarly harassed, annoyed, etc.[,] for the purpose of being put out of business; however, at this time it is the Plaintiffs' belief that their businesses are the only of which this is the case." (Pl.s' Resp. Def.s' Mot. Dis. at p. 13.) Plaintiffs' failure to identify a similarly situated individual and/or business is fatal to their Equal Protection claim.

Plaintiffs' allegation that the Defendants violated their Equal Protection rights is properly construed as a "class of one" claim, as they have alleged that "[Auburn's] code sections violate [their] equal protection violations [sic] by treating similar [sic] situated business owners differently in the application and enforcement of the aforementioned municipal ordinance(s)." (Amend. Compl. ¶

---

[2] The Plaintiffs have alleged a violation of the Fourteenth Amendment in their Amended Complaint. (*See* Amend. Compl. Count XIII.) However, they have failed to properly bring their alleged violation through the vehicle of Section 1983. The Defendants aver that Count XIII is procedurally defective and should be dismissed. *See Mitchum v. Foster*, 407 U.S. 225, 238 (1972) (noting that Section 1983 was enacted to enforce the provisions of the Fourteenth Amendment).

166.) The Eleventh Circuit Court of Appeals stated in *Griffin Industries, Inc. v. Irvin*, 496 F.3d 1189 (11th Cir. 2007) that "[a] 'class of one' plaintiff might fail to state a claim by omitting key factual details in alleging that it is 'similarly situated' to another." Additionally, "[b]are allegations that 'other' applicants, even 'all other' applicants, were treated differently do not state an equal protection claim; a complaint must attempt to show in some fashion that these 'other' applicants were similarly situated to the plaintiff." *GJR Investments, Inc. v. County of Escambia*, Fla., 132 F.3d 1359, 1367-68 (11th Cir. 1998).

Noticeably absent within their 168 paragraph Amended Complaint is any mention of a similarly situated individual and/or business of which the Plaintiffs were treated differently. Moreover, their Reply admits that they have yet to determine any similarly situated individual and/or business, and for this reason alone, their Equal Protection claim should be dismissed. (*See* Pl.s' Rep. Def.s' Mot. Dis. at p. 13.)

## D. PLAINTIFFS HAVE FAILED TO STATE A CLAIM FOR WHICH RELIEF CAN BE GRANTED IN THEIR ALLEGATIONS THAT THE DEFENDANTS VIOLATED THEIR DUE PROCESS RIGHTS UNDER THE FOURTEENTH AMENDMENT

Plaintiffs allege that "[Auburn's] Municipal Ordinances violate [their] due process rights by the vagueness of the ordinance(s) and the arbitrary enforcement of the ordinance(s)." (Amend. Compl. ¶ 164.)[3] The Municipal Ordinances in

[3] From the text of their Amended Complaint, it is difficult to determine if the Plaintiffs challenge the Municipal Ordinances as applied or facially. It is even more difficult to ascertain the allegations of Plaintiffs' challenge to the

question restrict hours of which businesses holding a Restaurant-Lounge, Lounge, and/or Tavern license can sell alcoholic beverages. To the extent that the Plaintiffs contend that the Ordinances are void-for-vagueness, they have failed to reference any alleged portions of the Ordinances' text they contend are vague. Moreover, they have failed to identify any lack of guidelines in the Ordinances to support their allegation of arbitrary enforcement in their Amended Complaint and Reply. The Defendants do not have the burden of creating an argument for the Plaintiffs, and then tearing it down brick by brick. The Plaintiffs must provide adequate and fair notice as to their allegations so that the Defendants can properly respond.

To the extent that the Defendants allege a violation of their substantive due process rights under the Fourteenth Amendment, their allegations similarly fail. As stated *supra*, the Municipal Ordinances in question restrict the sale of alcohol to a certain time. It is undisputed that "[a] license to engage in the sale of intoxicants is merely a privilege with no element of a property right." *Broughton v. Alabama Alcoholic Beverage Control Bd.*, 348 So. 2d 1059 (Ala. Crim. App. 1977). The Plaintiffs do concede that the sale of alcoholic beverages is a privilege and not a right. (*See* Pl.s' Rep. Def.s' Mot. Dis. at p. 12.)

The Eleventh Circuit dismissed an argument similar to the Plaintiffs in *Artistic Entertainment, Inc. v. City of Warner Robins*, 134 Fed.Appx. 306, 308-09

---

Municipal Ordinances by reading their Reply.

(11th Cir. 2005). The *Artistic Entertainment, Inc.*, Court held that the plaintiff failed to establish a substantive due process violation because it only alleged a "deprivation of a license, a property interest created by state law. . . ." *Id.* Similar to the contentions of the plaintiff in *Artistic Entertainment, Inc.*, the Plaintiffs base their argument on a property interest created by state law, i.e. a liquor license. Unlike the plaintiff in *Artistic Entertainment, Inc.*, though, the Plaintiffs do not allege that the Defendants deprived them of a liquor license, but that the Defendants restricted the hours of sale of alcoholic beverages. However, Plaintiffs acknowledge the flaw in their substantive due process argument by conceding that "municipalities are afforded broad discretion regarding the sale of alcoholic beverages. . . ." (*See* Pl.s' Rep. Def.s' Mot. Dis. at p. 12.) Because Plaintiffs are alleging interference by the Defendants in a property interest created by the state, their claims of substantive due process fail and should be dismissed as a matter of law. Notwithstanding the Plaintiffs' failure to allege an implicit Constitutional right to sell alcoholic beverages at a time of their choosing, there is nothing within the Plaintiffs' Amended Complaint or their Reply that the Defendants' actions shocked the conscience. As such, their claim for any substantive due process violation should be summarily dismissed. *See Artistic Entertainment, Inc.,* 134 Fed.Appx. at 308-09 (noting that "[c]onduct by a government actor that would amount to an intentional tort under state law would only rise to the level of a substantive due process violation if it 'shocks the conscience' or interferes with rights 'implicit in the concept of ordered liberty. . . .'")

To the extent that the Plaintiffs allege that the Defendants violated their procedural due process rights under the Fourteenth Amendment, their claim should similarly be dismissed. The Eleventh Circuit has stated that "if government action is viewed as legislative in nature, property owners generally are not entitled to procedural due process." *75 Acres, LLC v. Miami-Dade County, Fla.*, 338 F.3d 1288, 1294 (11th Cir. 2003). The alleged violations of Plaintiffs' procedural due process rights arose from the Defendants' passing of and/or amendment to Auburn's Municipal Ordinances. It is undisputed that the passing of and amendment to a law and/or municipal ordinance is a legislative function. There seems to be no dispute that the Municipal Ordinances apply equally to all present and future individuals and/or businesses holding and/or might hold a Restaurant, Restaurant-Lounge, and/or Tavern license. Because the passing of and/or amendment to Auburn's Municipal Ordinances is a legislative action, the Plaintiffs are not entitled to procedural due process.

To the extent that the Municipal Ordinances did not arise from legislative actions, the Plaintiffs have failed to plead a fundamental right that has been deprived by the Defendants. Moreover, it is within Auburn's authority to regulate the hours of sale for alcoholic beverages, if the hours are reasonable. *See Gadsden Metal Co. v. City of Attalla*, 378 So. 2d 705, 706 (Ala. 1979). There is no indication by the Plaintiffs in their Amended Complaint or Reply that the hours imposed by Auburn on the Restaurant, Restaurant-Lounges, and Taverns are not reasonable. Plaintiffs have failed to properly plead on the face of their Complaint

a claim for a violation of procedural due process against the Defendants.

Additionally, while conceding that they do not have a fundamental right to sell alcoholic beverages, the Plaintiffs string cite a slew of Alabama cases holding that in particular circumstances a prohibition or limitation upon the sale of alcoholic beverages violates the Due Process clause of the Fourteenth Amendment. However, the Plaintiffs do not cite nor can the Defendants find a case where the passing of and/or amendment to a Municipal Ordinance violated a plaintiff's procedural due process rights. As such, the Plaintiffs' allegations that the Defendants violated their procedural due process rights should be dismissed for failure to state a claim upon which relief can be granted.

**E. THE DEFENDANTS WERE ACTING IN THE LINE AND SCOPE OF THEIR EMPLOYMENT AND ARE WITHIN THE UMBRELLA OF THE PROTECTIONS OF THE INTRACORPORATE CONSPIRACY DOCTRINE**

The Plaintiffs adamantly state that the Defendants were not acting within the line and scope of their employment at the time of the incidents alleged in the Plaintiffs' Amended Complaint, and therefore the intracorporate conspiracy doctrine should not apply. (*See* Pl.s' Rep. Def.s' Mot. Dis. at p. 11.) However, the Plaintiffs have not plead nor proffered even a sliver of evidence indicating that the Defendants were acting outside the line and scope of their employment with Auburn. The Plaintiffs do, however, believe that because discovery has yet to begin in the case, they should be shielded them properly alleging a conspiracy claim.

"The major focus of ['a determination that an employee is acting within the line and scope of her employment'] is whether the actions of the employee are 'in promotion of the business of the employment.'" *Shoney's, Inc., v. Barnett*, 773 So. 2d 1015, 1027 (Ala. Civ. App. 1999) (internal citation omitted). "Where an employee abandons her employer's business for personal reasons the employment is suspended. The conduct of the employee must not be impelled by motives that are wholly personal, or to gratify her own feelings or resentment." *Id.* (citing *Chamlee v. Johnson-Rast & Hays*, 579 So. 2d 580, 583 (Ala. 1990) (internal brackets and ellipses omitted)). "Under Alabama law, an employee's acts are within the scope of his employment if the acts are 'so closely connected with what the servant is employed to do and so fairly and reasonably incidental to it, that they may be regarded as methods, even though quit improper ones, of carrying out the objectives of the employment.'" *Titan Indem. Co. v. Newton*, 39 F.Supp.2d 1336, 1341 (N.D. Ala. 1999) (internal citations omitted).

The Titan Court addressed whether a police officer's fabrication of evidence against two individuals was within the "scope of his employment" with the City of Andalusia, and its answer determined whether he was covered under a policy of liability insurance. The Court found that the police officer was within the scope of his employment because he "fabricated the evidence as part of his duties to arrest and assist in the prosecution of drug dealers." *Id.* at 1343. If fabrication of evidence is considered to be within the scope of a police officer's employment with a municipality, the actions of the Defendants are undoubtedly within the

scope of their employment with Auburn.

Plaintiffs' Amended Complaint alleges that the Defendant police officers arrested, cited, and investigated them, and that the Defendant Auburn officials passed and/or amended a series of municipal ordinances limiting the sale of alcoholic beverages to specific hours. It is undisputed that arresting, citing, and investigating are acts within the line and scope of a police officer's employment. Moreover, passing and/or amending municipal ordinances is within the line and scope of a city official's duties. The Plaintiffs argue, however, that the Defendants were intent on "putting the Griders out of business." (*See* Pl.s' Rep. Def.s' Mot. Dis. at p. 11.) The Plaintiffs have not pled that any one Defendant had any personal motive against the Griders. On the contrary, the Plaintiffs have alleged that the Defendants acted under the direction of unnamed city officials in attempting to "put[ ] the Griders out of business." There is no similar assertion that the motive to "put[] the Griders out of business" was at the forefront of the minds of any one Defendant or the Defendants collectively. Moreover, whether the Griders' could no longer operate their businesses as a result of lawful police action is very much beside the point in a line and scope inquiry. Because the intracorporate conspiracy doctrine applies to the Defendants, the Plaintiffs' allegations that the Defendants engaged in a conspiracy are due to be dismissed.

**F. <u>A CITATION DOES NOT EQUATE TO AN ARREST UNDER THE CONTOURS OF THE FOURTH AMENDMENT TO THE UNITED STATES CONSTITUTION</u>**

The Plaintiffs cite *Whiting v. Traylor*, 85 F.3d 581 (11th Cir. 1996), for the proposition that a citation equates to an seizure for purposes of the Fourth Amendment. However, Whiting contended that his voluntary surrender to the authorities after a warrant was issued for his arrest and his subsequent physical arrest constituted a seizure. Dissimilar from *Whiting*, no warrant has been issued for the arrest of the individual Plaintiffs in this action. In *Tillman v. State*, the Alabama Court of Criminal Appeals stated that a motorist who is issued a traffic ticket, i.e. a Uniform Traffic Ticket and Citation, and thereafter signs the ticket, is not in custody. 647 So. 2d 7 (Ala. Crim. App. 1994). Similar to *Tillman*, the Plaintiffs were issued citations and were not in custody of the Defendant police officers.

Plaintiffs cite Code of Alabama, § 11-45-9.1 (1975) (as amended), as a basis for their argument that a citation equates to an arrest. However, the language of Section 11-45-9.1 is permissive, in that the judge has discretion as to whether to issue a warrant for the arrest of one who fails to appear. Ala. Code § 11-45-9.1 (1975) ("If the defendant fails to appear as specified in the summons and complaint, the judge or magistrate having jurisdiction of the offense may issue a warrant for his arrest. . . ."). Contrary to Plaintiffs' assertions, a citation does not immediately result in a warrant issued against an individual. In comparison, an arrest warrant, as defined by Black's Law Dictionary, is "a warrant, issued only on probable cause, directing a law-enforcement officer to arrest and bring a person to court." Black's Law Dictionary (8th ed. 2004). Once an arrest warrant

is issued, an arrest necessarily is brought to fruition. There is no discretion as to whether an officer can or cannot effectuate the warrant because it is issued specifically to arrest an individual, and the officer is bound to follow the writ. Notwithstanding the discretionary issuance of a warrant for an individual who fails to comply with a citation, history supports the holding of *Whiting* and not the allegations of the Plaintiffs. The United States Supreme Court has held that "[t]he immediate object of the Fourth Amendment was to prohibit the general warrants and writs of assistance that English judges had employed against the colonists." *Virginia v. Moore*, 128 S. Ct. 1598, 1603 (2008). Because a citation does not equate to an arrest and/or seizure for purposes of a Fourth Amendment claim, Plaintiffs' Section 1983 allegations against the Defendants for unreasonable search and seizure should be dismissed.

**II. CONCLUSION**

For the foregoing reasons, the above-referenced Counts of Plaintiffs' Amended Complaint should be dismissed.

Respectfully Submitted,

/s/ *W. Michael Hill, Jr.*
RANDALL MORGAN [MOR037]
W. MICHAEL HILL, JR. [HIL062]
Attorneys for the Defendants

OF COUNSEL:
**HILL, HILL, CARTER, FRANCO, COLE & BLACK, P.C.**
425 South Perry Street
Montgomery, Alabama 36104
(334) 834-7600
(334) 263-5969...FAX

**CERTIFICATE OF SERVICE**

I hereby certify that on this the 29th day of May, 2008, I have electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification to the following via email:

Davis B. Whittelsey, Esq.
Whittelsey, Whittelsey & Poole, P.C.
P.O. Box 106
Opelika, Alabama 36803-0106

/s/ *W. Michael Hill, Jr.*
OF COUNSEL