IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, EASTERN DIVISION

```
PATRICK JAMES GRIDER,      )
et al.,                    )
                           )
    Plaintiffs,            )
                           )     CIVIL ACTION NO.
    v.                     )       3:07cv1031-MHT
                           )            (WO)
CITY OF AUBURN,            )
et al.,                    )
                           )
    Defendants.            )
```

OPINION AND ORDER

A preliminary skirmish between the parties in their submissions on the defendants' motion for summary judgment concerns whether the plaintiffs may use the testimony of David Watkins, the former Auburn City Manager. The defendants argue that counsel for the plaintiffs had improper *ex parte* contact with Watkins because counsel did not seek the permission of the city and its lawyers prior to contacting him. The defendants argue that the Alabama Rules of Professional Conduct

could be read to prohibit such contact. As a result, the defendants ask this court to strike any reference to Watson's deposition testimony.[1]

It is not clear pursuant to what authority the defendants make this request. The defendants have cited to cases that discuss disqualification of counsel for <u>ex parte</u> contact, but they do not point to any authority that cured putatively improper <u>ex parte</u> contact with the remedy they seek here. The plaintiffs logically assume that the defendants' request is made pursuant to Federal Rule of Civil Procedure 12(f); that rule, however, plainly applies only to <u>pleadings</u>, and a request to "strike" references to deposition testimony in a motion for summary judgment is not a request to strike material from a pleading. 2 James Wm. Moore, et al., <u>Moore's Federal Practice</u> § 12.37[2] (3d ed. 1999) ("Only material included in a 'pleading' may be subject of a motion to

---

    1. The defendants do not ask for any sanctions against counsel for the plaintiffs and specifically deny requesting that counsel be disqualified from this action.

strike. ... Motions, briefs or memoranda, objections, or affidavits may not be attacked by the motion to strike.").

Moreover, in asking this court to strike references to testimony because of improper <u>ex parte</u> contact, the defendants conflate the issue of sanctions on opposing counsel with what they apparently assert as a "deliberative process privilege." Def.'s Reply (Doc. No. 116) at 9. To the extent the defendants seek to assert a deliberative process privilege with respect to Watkins's testimony, they have not provided the court with any detail that would allow it to rule in their favor on the issue. The defendants seek to strike "any and all testimony" because Watkins apparently provided confidential reviews of his performance and, more importantly, because he provided testimony about meetings between city officials and others. However, Dunlap and Duggan, top city officials, testified about these meetings prior to Watkins's deposition, and the

defendants have provided absolutely no detail about what, if anything, was different about Watkins's contribution. Thus, even if the City of Auburn has not waived whatever privilege it now apparently asserts by allowing the testimony of its other top officials (or by not asserting the privilege in a timely manner at Watkins's deposition)[2], it provides absolutely no basis for the court to determine what, if anything, Watkins revealed about the deliberative process that is purportedly deserving of the "executive branch" privilege that the city claims. Finally, the defendants have not provided any detail concerning why the purported privilege should exist at all given their acknowledgment that these meetings were attended by city officials "and others." Def's. Reply (Doc. 116) at 9.

***

---

    2.  The defendants did not raise this issue until their reply brief, well after they were aware of counsel's contact with Watkins and well after Watkins's deposition.

4

As a result, it is ORDERED that the defendants motion to strike, contained in their reply brief ((Doc. No. 116), is denied.

DONE, this the 17th day of June, 2009.

                                                    <u>/s/ Myron H. Thompson</u>
                                              **UNITED STATES DISTRICT JUDGE**