IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, EASTERN DIVISION

| | | |
|---|---|---|
| PATRICK JAMES GRIDER, an individual Alabama resident; et al., | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) ) | CIVIL ACTION NO. 3:07cv1031-MHT (WO) |
| CHRISTOPHER CARVER, an individual Alabama resident, and JASON CROOK, an individual Alabama resident, | ) ) ) ) ) ) | |
| Defendants. | ) | |

OPINION AND ORDER

Plaintiffs Patrick James Grider and Daniel Joseph Grider (as well as a company in the restaurant and bar business, The Fourth Quarter, wholly owned by the Griders) filed a motion to alter or amend the opinion and order entering summary judgment in favor of the defendants (the City of Auburn and several city officials and employees) to the extent the court viewed the

plaintiffs' state claims of civil conspiracy as well as negligence and wantonness as waived or abandoned. See Grider v. City of Auburn, 628 F.Supp.2d 1322 (M.D. Ala. 2009) (Thompson, J.), aff'd in part and rev'd in part by Grider v. City of Auburn, Ala., 618 F.3d 1240 (11th Cir. 2010).  In the alternative, with their motion, the plaintiffs sought relief from the court's opinion and order as to these state-law claims.  On February 14, 2011, the court orally informed the parties that the plaintiffs' motion was denied and that a written opinion and order would follow.  This is the promised written opinion and order.

I.   BACKGROUND

November 21, 2007: The plaintiffs filed this lawsuit against 12 defendants, charging that the defendants had improperly enforced various laws against them in myriad ways over a period of several years.  They rested their claims on the Fourth and Fourteenth Amendments to the

2

United States Constitution, as enforced by 42 U.S.C. § 1983, as well as on state tort law.

June 18, 2009: After this case had been reduced to ten defendants, this court entered a opinion holding that the following claims were not barred by federal and state immunity and were not otherwise subject to summary judgment in favor of the defendants: (a) § 1983 malicious-prosecution claim against defendant Christopher Carver; (b) § 1983 equal-protection claim against defendant Andrew Meeks; (c) § 1983 conspiracy claim against defendants Carver, Jason Crook, Slone Maddox, and James Trey Neal, III; (d) state malicious-prosecution claim against defendant Carver; (e) state intentional-interference-with-business-or-contractual-relations claim against defendants Carver, Crook, Maddox, Neal, and Meeks; and (f) state fraud claims against defendant Meeks.

The court granted summary judgment in favor of the defendants on all of the remaining claims, but, with

regard to certain claims not addressed on the merits, the court noted in footnote 2 of the summary-judgment opinion as follows:

> "Any other claims arguably implicated by the lengthy complaint were not argued in the Griders' response in opposition to summary judgment. Accordingly, they are considered waived. See Brasseler, U.S.A. I, L.P. v. Stryker Sales Corp., 182 F.3d 888, 892 (Fed. Cir. 1999) (affirming the 'unremarkable proposition that assertions made in the pleadings[,] ... but not made in opposition to a motion for summary judgment, need not be considered by the district court ... in ruling on the motion for summary judgment'). This includes any possible claims of conspiracy based on state law."

Grider, 628 F.Supp.2d at 1330 n.2 (emphasis added).[1]

---

1. Because the plaintiffs brought their lawsuit against so many defendants and included so many claims, it could reasonably be argued that their complaint was the proverbial "kitchen sink complaint," that is, it "include[d] everything but the kitchen sink." Davis v. Coca-Cola Bottling Co. Consol., 516 F.3d 955, 983 n.69 (11th 2008). And because it was "virtually impossible to know which allegations of fact [were] intended to support which claim(s) for relief," Anderson v. District Bd. of Trustees of Cent. Florida Community College, 77 F.3d 364, 366 (11th 1996), it could reasonably be argued as well that the plaintiffs had used the proverbial "shotgun"
(continued...)

**June 24, 2009**: The defendants responded to the court's June 18 summary-judgment opinion with three filings: a motion to alter judgment; a notice of appeal from the court's denial of immunity in that opinion; and a motion for a stay pending appeal.

**June 26, 2009**: With the oral approval of the plaintiffs, the court granted the defendants' motion to alter judgment, which was essentially a housekeeping motion. Because the jury trial was imminent, the court issued an order setting the stay motion for submission on June 29, with all briefs due that day.

**June 29, 2009**: The plaintiffs objected to the defendants' stay motion but none of the grounds for their objections was that the court, in its June 18 summary-judgment opinion, had incorrectly viewed some of their

---

1. (...continued)
approach to this litigation. Id. As a result, to be candid, in drafting its summary-judgment opinion, the court could not be certain that it had addressed all the claims that the plaintiffs were still pursuing. Footnote 2 was simply a good-faith effort to tidy up the litigation and put the plaintiffs on notice as to why the court had addressed only certain claims.

state claims as waived or abandoned and thus had improperly failed to consider the claims on the merits.

July 1, 2009: The court granted the defendants' motion that this case (including the upcoming jury trial) be stayed pending their appeal.

September 7, 2010: The Eleventh Circuit Court of Appeals issued an opinion affirming in part and reversing in part this court's summary-judgment opinion. Grider v. City of Auburn, Ala., 618 F.3d 1240 (11th Cir. 2010).

October 6, 2010: In accordance with its September 7 opinion, the Eleventh Circuit issued a mandate which essentially returned the case to this court.

October 13, 2010: This court modified its summary-judgment opinion to reflect the opinion of the Eleventh Circuit that only the following claims were not subject to federal or state immunity and could go forward: (a) plaintiff Patrick Grider's § 1983 malicious-prosecution claim against defendant Carver; (b) plaintiff Patrick Grider's state malicious-prosecution claim against

6

defendant Carver; and (c) plaintiffs Patrick Grider, Daniel Grider, and The Fourth Quarter, Inc.'s state tortious-interference claim against defendants Carver and Crook.  The court also dissolved the stay and set this case for jury trial on February 14, 2011.

October 22, 2010:  Relying on Rule 59(e) of the Federal Rules of Civil Procedure (2010) (which permits a party to file a motion to alter or amend a judgment) and Rule 60(b) of the Federal Rules of Civil Procedure (2010) (which provides for relief from a final judgment), the plaintiffs filed the instant motion seeking relief as to their state claims of civil conspiracy, negligence, and wantonness.  The plaintiffs contended, for the first time, that this court, in footnote 2 of its June 18, 2009, summary-judgment opinion had incorrectly viewed these claims as abandoned or waived and thus had improperly failed to consider the claims on the merits.

7

## II.   STANDARDS

Rule 59(e) authorizes a motion to alter or amend a judgment after its entry. "The decision whether to alter or amend a judgment pursuant to Rule 59(e) is 'committed to the sound discretion of the district judge.'"  Mincey v. Head, 206 F.3d 1106, 1137 (11th Cir. 2000) (quoting American Home Assurance Co. v. Glenn Estess & Associates, Inc., 763 F.2d 1237, 1238-39 (11th Cir. 1985)).  However, "'[t]he only grounds for granting a Rule 59 motion [for reconsideration] are newly-discovered evidence or manifest errors of law or fact.'"  Arthur v. King, 500 F.3d 1335, 1343 (11th Cir. 2007) (quoting In re Kellogg, 197 F.3d 1116, 1119 (11th Cir. 1999)).  "'A Rule 59(e) motion [cannot be used] to relitigate old matters, raise argument or present evidence that could have been raised prior to the entry of judgment.'"  Id. (quoting Michael Linet, Inc. v. Village of Wellington, Fla., 408 F.3d 757, 763 (11th Cir. 2005)).

8

Rule 60(b) is another procedural vehicle for obtaining relief from a final judgment or order. "Motions made under Rule 60(b) are within the sound discretion of the trial court." <u>Turner v. Secretary of Air Force</u>, 944 F.2d 804, 807 (11th Cir. 1991) (citation omitted).  The Rule provides six specific grounds for relief, one of which is relevant here: "(1) mistake, inadvertence, surprise, or excusable neglect[.]" Fed. R. Civ. P. 60(b)(1) (2010).  "The 'mistakes' of judges may be remedied under this provision."  <u>Parks v. U.S. Life & Credit Corp.</u>, 677 F.2d 838, 839 (11th Cir. 1982) (citing <u>Meadows v. Cohen</u>, 409 F.2d 750, 752 n.4 (5th Cir. 1969)).  "The rule encompasses mistakes in the application of the law."  <u>Id</u>. (citing <u>Oliver v. Home Indemnity Co.</u>, 470 F.2d 329 (5th Cir. 1972).

9

III.  DISCUSSION

The court assumed that the plaintiffs' motion to alter or amend was timely under both Rules 59(e) and 60(b) and that their motion fell within the substantive reach of the two rules.[2]   The motion was

---

2.  Rule 59(e) provides that, "A motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment."  Fed. R. Civ. P. 59(e) (2010).  However, as the defendants note, at the time this court entered its summary-judgment opinion on June 18, 2009, Rule 59(e) required that a motion to alter or amend a judgment be filed within ten days of the judgment, not 28.  Fed. R. Civ. P. 59(e) (2009).  Rule 59(e) was subsequently amended so that the time to file a Rule 59(e) motion was extended to 28 days.  Compare Fed. R. Civ. P. 59(e) (2009), with Fed. R. Civ. P. 59(e) (2010).  Federal Rule of Civil Procedure 6 (2010) describes the rules that apply in computing any time period specified in the Federal Rules.  However, like Rule 59(e), Rule 6 was recently amended.  Compare Fed. R. Civ. P. 6 (2009), with Fed. R. Civ. P. 6 (2010).  At the time this court entered its summary judgment in June 2009, Rule 6 stated that courts should not count "intermediate Saturdays, Sundays, and legal holidays when the period is less than 11 days."  Fed. R. Civ. P. 6(a)(2) (2009).

This court entered its summary-judgment opinion on June 18, 2009.  Under the versions of Rules 6 and 59(e) then in effect, the plaintiffs had ten days to file a motion to alter or amend the judgment, excluding Saturdays, Sundays, and legal holidays, meaning that the
(continued...)

10

---

2. (...continued)
plaintiffs had until July 2 to file their Rule 59(e) motion. However, on July 1, the court stayed all proceedings until further order of the court. On October 13, 2010, the court dissolved this stay and ordered the clerk of the court to reopen the case. The plaintiffs then filed the instant motion on October 22, nine days after the case was reopened. The critical question before the court, then, is whether the court should apply the new Rule 59(e) to the plaintiffs' motion or the version that was in effect at the time of the court's summary-judgment opinion.

Amendments to the Federal Rules of Civil Procedure govern: "(1) proceedings in an action commenced after their effective date; and (2) proceedings after that date in an action then pending unless: (A) the Supreme Court specifies otherwise; or (B) the court determines that applying them in a particular action would be infeasible or work an injustice." Fed. R. Civ. P. 86(a)(1-2) (2010). In this case, the court did not attempt to unravel this knot of interworking different versions of the civil rules but rather just assumed that the plaintiffs' motion to alter or amend was timely under Rule 59(e).

A motion under Rule 60(b)(1) must be made within a reasonable time, and not more than one year after entry of the judgment. Fed. R. Civ. P. 60(c)(1) (2010). As stated, the court entered its original summary-judgment opinion on June 18, 2009. On July 1, the court stayed all proceedings until further order of the court. On October 13, 2010, the court dissolved the stay, and the plaintiffs filed the instant motion on October 22, nine days after the case was reopened.

Ordinarily, a pending appeal does not toll the
(continued...)

nonetheless still without merit.

If this court had granted the plaintiffs' motion to alter or amend filed last October 2010 and if the court had entered an order holding that the state conspiracy, negligence, and wantonness claims were not barred by state immunity and could go forward, that order would

---

2. (...continued)
running of the one-year period for making a Rule 60(b)(1) motion. Transit Cas. Co. v. Security Trust Co., 441 F.2d 788, 791 (5th Cir. 1971). In Transit Cas. Co., the former Fifth Circuit Court of Appeals explained that an appeal did not toll the time for making a Rule 60(b) motion where the motion could still have been made while the appeal was pending. Id. However, the court, in dicta, stated that where an "appeal results in a substantive change, ... the time ... run[s] from the substantially modified order entered on mandate of the appellate court." Id. (citing Federal Trade Commission v. Minneapolis-Honeywell Co., 344 U.S. 206 (1952)). Again, this court assumed that the plaintiffs' motion to alter or amend was timely under Rule 60(b)(1).

The defendants also contended that the plaintiffs' motion to alter or amend could not be brought under Rule 60(b) because the challenged summary judgment was not sufficiently "final". "A final judgment under Rule 60(b) is any judgment that is an appealable order." Solaroll Shade and Shutter Corp. v. Bio-Energy Systems, Inc., 803 F.2d 1130, 1131 (11th Cir. 1986) (citing Mullins v. Nickel Plate Mining Co., 691 F.2d 971, 974 (11th Cir. 1982)). This court assumed the challenged summary judgment was sufficiently "final".

have been subject to an immediate appeal, with the result that the trial of this case would have had to be delayed for another year to a year and a half pending appeal. On the other hand, if the plaintiffs had, back in mid-2009, informed either this court or the Eleventh Circuit that they believed this court had improperly failed to address these state claims on the merits, this court or the Eleventh Circuit could have, at that time, taken appropriate steps so that this court could have modified its summary-judgment opinion to address the plaintiffs' contention, and, thus, if this court had held that the state-immunity defense did not apply to these claims, the appeal from that holding could have been considered along with the original appeal.  Surely the defendants and the Eleventh Circuit would have preferred a one-time resolution of the immunity defense as to all claims, not the piecemeal resolution that would have resulted if the court had granted the plaintiffs' motion to alter or amend.  And surely the defendants would have wanted to

13

avoid the additional year to a year and a half of delay that would have resulted too. Judicial economy and fairness demand as much as well.

And there were opportunities for the plaintiffs to have brought their concern to the attention of a court: First, they could have mentioned their concern to this court in their response to the defendants' stay motion. They could simply have asked that, before considering any stay, this court should address the conspiracy, negligence, and wantonness claims on the merits so that any appeal from denial of immunity on those claims could be included with the original appeal. Second, if the defendants simply forgot to include their concern when they responded to the stay motion, they could have asked, for the year and a half that this case was on appeal, that the stay be lifted so that this court could address these claims on the merits and so that any supplemental appeal could be combined with the original appeal. Third, they could asked the Eleventh Circuit for a

limited remand so that these claims, along with the immunity defense to them, could be resolved by this court.

The plaintiffs' clear lack of diligence, the unfairness to the defendants, and concern for the waste of judicial resources all counseled under the procedural scenario presented in this case that the court exercise its discretion under Rules 59(e) and 60(b) to disallow the plaintiffs' pursuit of their state claims of conspiracy, negligence, and wantonness. <u>Jacobs v. Electronic Data Systems Corp.</u>, 240 F.R.D. 595, 599 (M.D. Ala. 2007) (Thompson. J.) ("The court must carefully weigh several competing interests, including the interest in finality, the interest in conservation of judicial resources, the interest in adjudication on the merits, and the interest that justice be done.") (citations omitted). It was now time that this case went to trial.

To be sure, state immunity (state-agent immunity and discretionary-function immunity) is not abrogated for

limited remand so that these claims, along with the immunity defense to them, could be resolved by this court.

The plaintiffs' clear lack of diligence, the unfairness to the defendants, and concern for the waste of judicial resources all counseled under the procedural scenario presented in this case that the court exercise its discretion under Rules 59(e) and 60(b) to disallow the plaintiffs' pursuit of their state claims of conspiracy, negligence, and wantonness. <u>Jacobs v. Electronic Data Systems Corp.</u>, 240 F.R.D. 595, 599 (M.D. Ala. 2007) (Thompson. J.) ("The court must carefully weigh several competing interests, including the interest in finality, the interest in conservation of judicial resources, the interest in adjudication on the merits, and the interest that justice be done.") (citations omitted). It was now time that this case went to trial.

To be sure, state immunity (state-agent immunity and discretionary-function immunity) is not abrogated for

negligent or wanton behavior. Ex parte Randall, 971 So.2d 652, 664 (Ala. 2007) ("[P]oor judgment or wanton misconduct, an aggravated form of negligence, does not rise to the level of willfulness and maliciousness necessary to put the State agent beyond the immunity recognized in [earlier case law].") (citing Giambrone v. Douglas, 874 So.2d 1046, 1057 (Ala. 2003) (holding that state-agent immunity "is not abrogated for negligent and wanton behavior; instead, immunity is withheld only upon a showing that the State agent acted willfully, maliciously, fraudulently, in bad faith, or beyond his or her authority")); Hinson v. Holt, 776 So.2d 804, 811 (Ala. 1998) (quoting L.S.B. v. Howard, 659 So.2d 43, 44 (Ala. 1995)) (explaining that discretionary-function immunity "protects a State agent from liability for negligence or wantonness while performing discretionary functions"). Thus, summary judgment would have been warranted on the plaintiffs' state negligence and wantonness claims anyway.

16

However, as to the plaintiffs' state conspiracy claim, while it appeared to this court that, because it is an intentional tort, the claim was not barred by state immunity, this court's denial of immunity back in 2009 would have been appealable and any appellate resolution could have been part of the original appeal.  Instead, if the court were to have made that holding in response to the plaintiffs' recently filed motion to alter or amend, the trial of this case would have had to be delayed another year or two.   Admittedly, counsel for the plaintiffs orally informed the court that they were willing to wait another year or two.   They overlook, however, how unfair this additional delay would have been to the defendants, who surely wanted this case resolved now.  Moreover, it should be noted that the law is quite unclear as to whether the 'intracorporate conspiracy doctrine' applies to the plaintiffs' state conspiracy claim.  As a result, a final resolution of that issue could have warranted certification to the Alabama Supreme

17

Court by either this court or the Eleventh Circuit, necessitating additional delay of an issue that could have been addressed years ago.

\*\*\*

Accordingly, for the foregoing reasons, it is the ORDER, JUDGEMENT, and DECREE of the court that plaintiffs Patrick James Grider, Daniel Joseph Grider, and The Fourth Quarter, Inc.'s motion to alter or amend the summary judgment entered in favor of the defendants or, in the alternative, to request relief from said order (doc. no. 203) is denied.

DONE, this the 22nd day of February, 2011.

    /s/ Myron H. Thompson
    UNITED STATES DISTRICT JUDGE